IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA AKEEM, BRANDY WILSON JANIS MORGAN, LAQUINTA CARTER, DWAYNE PIERCE, AND DARERANICA DUPLESSIS, *Plaintiffs*, v. DASMEN RESIDENTIAL, LLC; RH COPPER CREEK, LLC; RH EASTLAKE, LLC; EASTLAKE DEVELOPMENT, LLC; AND XYZ INSURANCE COMPANY, *Defendants.* | § § § § § § § § § § § § § § § | Civil Action No. 19-cv-13650 Div. F(1) District Judge Martin L.C. Feldman Mag. Janis van Meerveld |

**EASTLAKE DEVELOPMENT, L.L.C.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

According to Fed. R. Civ. P. 12(b)(6) and 56, Defendant Eastlake Development, L.L.C. ("Eastlake Development") submits this memorandum in support of its Motion to Dismiss or, alternatively, Motion for Summary Judgment to dismiss the claims of Plaintiffs, Joshua Akeem, Brandy Wilson, Janis Morgan, Laquinta Carter, Dwayne Pierce, and Dareranica Duplessis (collectively, "Plaintiffs") stated in their Petition for Damages (Rec. Doc. 1-1 at 1-8) against Eastlake Development.

**Introduction**

Plaintiffs' claims against Eastlake Development fail as a matter of law because Eastlake Development has neither owned nor operated the property at issue since December 2017. In fact, Plaintiffs moved to dismiss Eastlake Development after being provided the act of sale whereby Eastlake Development sold the property. Plaintiffs' subsequent attempt to withdraw this motion to dismiss (thereby necessitating this motion) appears aimed at defeating this Court's jurisdiction.

1

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 27, 2019, Plaintiffs filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Joshua Akeem, Brandy Wilson, Janis Morgan, Laquinta Carter, Dwayne Pierce, and Darerancia Duplessis v. Dasmen Residential, L.L.C., et al*, bearing civil action no. 2019-10207 (the "Petition") (Rec. Doc. 1-1 at 1-8). Plaintiffs generally allege they are current lessees[1] at the 442-unit Laguna Run Apartment Complex located at 7001 Martin Drive in New Orleans, Louisiana (the "Property"). (*See* Rec. Doc. 1-1 at ¶¶ 1-6, 17). Plaintiffs' Petition names Dasmen Residential, LLC ("Dasmen"), RH Copper Creek, LLC ("Copper Creek"), RH Eastlake, LLC ("RH Eastlake"), Eastlake Development, and XYX Insurance Company (collectively, "Defendants") as defendants. (Rec. Doc. 1-1 at ¶ 7).

Plaintiffs allege that Defendants' actions or inactions created a scene of general disrepair at the Property while Plaintiffs live(d) there leading to the backing up of raw sewerage into the units, inadequate security in the apartment complex, the presence of claimed hazardous "black mold" in Plaintiffs' units, and water intrusion issues causing ceilings and lighting fixtures to fall. (*Id*. at ¶¶ 16-18). Plaintiffs alleged that Defendants' actions have caused Plaintiffs' damages "including, but not limited to, bodily injuries, emotional distress, loss of enjoyment of life, loss of peaceable use and enjoyment of rented spaces, and economic losses." (*Id*. at ¶ 16).

Plaintiffs' allegations all stem from Defendants' alleged ownership or management of the Property. (*Id*. at ¶¶ 7, 11-12, 15-16, 20, 24). Specifically, Plaintiffs allege Dasmen "[a]t all relevant times material hereto. . . was the legal and proper owner of the [P]roperty," and RH Copper was the "property management company" for the Property. (*Id.* at ¶ 11). The Petition also alleges that Dasmen "acquired the [P]roperty from . . . Eastlake Development," "which upon

---

[1] Joshua Akeem is the only plaintiff that alleges he is a "former lessee." (*See* Rec. Doc. 1-1 at ¶¶ 1-6).

information and belief, still maintains an ownership interest in the [P]roperty." (*Id*.; *see also* Rec. Doc. 1-1 at ¶ 7 (Eastlake Development has "an ownership interest in the subject apartment complex.")). This is the only allegation in the Petition specifically directed at Eastlake Development. As shown below, this allegation is patently false as ***Eastlake Development no longer has any interest*** in the Property, having sold all rights and interests in the Property in December of 2017. Eastlake Development is not a proper defendant to this lawsuit.

After Eastlake Development provided Plaintiffs the Act of Sale for the Property, Plaintiffs filed a *Partial Motion to Dismiss* Eastlake Development on October 25, 2019. (*See* Rec. Doc. 1-1 at 18-19). In that motion, Plaintiffs represented to the court that they were "presented with the Act of Sale for the . . . [P]roperty and [were] satisfied that . . . [Eastlake Development] [was] not the lawful owner of the . . .[P]roperty." (*Id*.). The proposed order granting Plaintiffs' *Partial Motion to Dismiss* was not signed by the state court and is therefore now pending in this Court. *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) ("The federal court accepts the case in its current posture 'as though everything done in state court had in fact been done in the federal court.'").

Notwithstanding Plaintiffs' own admission that Eastlake Development "is not the lawful owner of the [P]roperty" and Eastlake Development therefore should not have been named as a defendant, Plaintiffs filed an *Ex Parte Motion to Withdraw Plaintiffs' Partial Motion to Dismiss* less than two weeks later on November 6, 2019. (*See* Rec. Doc. 1-1 at 20-21). Plaintiffs state that they no longer desire to dismiss Eastlake Development "[d]ue to discovery documents recently received by the City of New Orleans." (*Id*. at 20). Plaintiffs *Ex Parte Motion to Withdraw Plaintiffs' Partial Motion to Dismiss* was not granted.

Eastlake Development has learned that the Petition filed in this case is very similar to the

3

class action Petition filed by Plaintiffs' counsel in *Angela Woodson v. Dasmen Residential, LLC et al*, case no. 2:19-10890, in the Eastern District of Louisiana. ("Woodson Case"). The Woodson Case was filed on April 10, 2019 in the Civil District Court for the Parish of Orleans, State of Louisiana, which was removed by the defendants in that case to another section of this Court on June 5, 2019. The docket of the Woodson Case reveals that on November 6, 2019—the same day that Plaintiffs' counsel filed the *Ex Parte Motion to Withdraw Plaintiffs' Partial Motion to Dismiss* Eastlake Development in this case—Judge Barry W. Ashe conducted a statute conference as follows:

> Minute Entry: Status Conference held before Judge Barry W Ashe: The parties discussed, the state of pleadings, the scheduling order, and the state of discovery. The Court dismissed as moot plaintiff's motion for class certification 16 because the operative complaint (R. Doc. 1-1) does not contain class allegations. (am) (Entered: 11/06/2019)

From review of both dockets, Eastlake Development's continued presence in this case appears aimed at defeating this Court's jurisdiction.

Defendants Dasmen, Copper Creek, and RH Eastlake filed a Notice of Removal of this case on November 14, 2019. (*See* Rec. Doc. 1). Before this removal, Eastlake Development had not yet responded to Plaintiffs' Petition. (*See gen*. Rec. Doc. 1-1). Eastlake Development now responds to the Petition by filing the instant Motion. Plaintiffs' claims against Eastlake Development should be dismissed with prejudice because Plaintiffs failed to allege any specific facts against Eastlake Development other than it has "an ownership interest in the subject apartment complex," which Plaintiffs subsequently admitted in the record was false.

## II. STANDARDS FOR DISMISSAL AND SUMMARY JUDGMENT

### A. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

Under the Federal Rules of Civil Procedure,[2] a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint (or Petition) must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharm, Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009).

Likewise, if the plaintiff "pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The facts plead must also "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Twombly*, the Supreme Court emphasized that the purpose of the pleading requirement was to give defendants fair notice of both what the claim is and the grounds upon which it rests. *See id*. at 555, n.3.

---

[2]When a case is removed to federal court, the Federal Rules of Civil Procedure apply to all proceedings in federal court upon the filing of the notice of removal. Fed. R. Civ. P. 81(c); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438, 94 S. Ct. 1113 ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal.").

A court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. Rather, the obligation to provide minimally sufficient facts on which legal relief can be granted is not satisfied by advancing unsupported "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("conclusory allegations . . . masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). Even the allegation of "facts that are 'merely consistent with' a defendant's liability" will not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). According to the Supreme Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

### B. MOTION FOR SUMMARY JUDGMENT

To the extent this Court cannot decide the Motion to Dismiss based on the certified copy of the recorded Act of Cash Sale and Plaintiffs' admissions on the record, Eastlake Development requests that this Court grant summary judgment. In support of summary judgment, Eastlake Development attaches hereto the Affidavit of its corporate representative, Mr. Elie Khoury (the "Khoury Affidavit").

The moving party is entitled to summary judgment if the pleadings, discovery, disclosure materials, and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Facts are considered material if they might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). When considering evidence, all reasonable inferences are to be resolved in favor of the non-moving party.

*Tolan v. Cotton,* 134 S. Ct. 1861, 1863 (2014); *Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 1002).

**III.    ARGUMENT**

Plaintiffs fail to state a claim against Eastlake Development.  Plaintiffs' Petition asserts one cause of action against Defendants sounding in premises liability.  (*See* Rec. Doc. 1-1 at ¶¶ 11-12, 16-21, 24).   As to Eastlake Development, Plaintiffs merely allege that—upon information and belief—Eastlake Development "maintain[ed] an ownership interest in the" Property after Eastlake Development sold the Property to Dasmen.  (*Id*. at ¶ 11 and ¶ 7 (Eastlake Development "is a Louisiana Corporation with an ownership interest in the subject apartment complex.").  Plaintiffs' beliefs, however, are incorrect as Eastlake Development owns no interest in the Property as reflected by the certified copy of the Act of Cash Sale attached to the Khoury Affidavit as Exhibit A-1 and Plaintiffs' *Partial Motion to Dismiss*.[3]

In the Act of Cash Sale dated December 14, 2017, Eastlake Development sold the Property to RH Eastlake.[4]  In this Act of Cash Sale, Eastlake Development transferred the entirety of its

---

[3] In considering a Rule 12(b)(6) motion to dismiss a district court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record, and exhibits attached to the complaint whose authenticity is unquestioned. *Meyers v. Textron, Inc*., 540 Fed. Appx. 408, 409 (5th Cir. 2013); *see also, Doe v. Merrit Hosp., LLC*, 353 F. Supp. 3d 472, 478 (E.D. La. 2018). Eastlake Development hereby requests that the Court takes judicial notice and consider the Act of Cash Sale and the docket of the Woodson Case in considering this Motion. Federal Rule of Evidence 201(b) allows a court to take judicial notice of a fact that is not subject to reasonable dispute. Judicial notice is appropriate where a fact "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Fed. R. Evid. 201(b)). As the Act of Cash Sale and docket of the Woodson case are relevant to the issues of whether Eastlake Development owns the Property and is a proper defendant in this matter currently before the Court, it is proper for this Court to take judicial notice of same. *See id*. ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts…which were matters of public record directly relevant to the issue at hand.").

[4] *See* Khoury Affidavit, which is attached hereto as **Exhibit A**, at ¶¶ 3-5.  A copy of the Act of Cash Sale is Attached to the Khoury Affidavit as **Exhibit A-1**.

interest in the Property to RH Eastlake.[5] As such, Eastlake Development has had no interest in the Property since December 14, 2017.[6] Eastlake Development's lack of ownership, custody or control of the Property since December 14, 2017 is further confirmed in the Khoury Affidavit.[7]

Indeed, in their *Partial Motion to Dismiss*, Plaintiffs recognized and admitted that Eastlake Development no longer owns an interest in the Property and was therefore improperly joined. (*See* Rec. Doc. 1-1 at 18-19). In that motion, Plaintiffs represented to the court they were "satisfied" Eastlake Development was "not the lawful owner of the" Property. *Id*. Plaintiffs also likely knew such facts when the Petition was filed because they referred to Dasmen as the "legal and proper owner" of the Property. (*See* Rec. Doc. 1-1 at ¶ 11 ("At all relevant times material hereto, [Dasmen] was the legal and proper owner of the [P]roperty.") and at ¶ 15 (the Property was owned by an absentee-landlord [Dasmen], and operated by an absentee-management company believed to be [Copper Creek].")).

Under Louisiana law, a claim for premises liability is governed by Louisiana Civil Code Articles 2317.1 and/or 2322. *See e.g., Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 609 (E.D. La. 2006). To prevail on such a claim, Plaintiffs must prove: (1) the property that caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause-in-fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. *See Slocum v. Int'l Paper Co*. No. 16-12563, 2019 WL 2192099, at *7 (E.D. La. May 21, 2019) (citing LA. CIV. CODE ANN. ARTS. 2317, 2322); *see also, Curl v. USA*,

---

[5] Ex. A, Khoury Affidavit at ¶ 5.

[6] *Id*.

[7] Ex. A, Khoury Affidavit at ¶ 6.

No. 2:18-cv-01225, 2019 WL 3402204, at *2 (W.D. La. July 25, 2019).

Plaintiffs fail to allege any of the requisites of a claim against Eastlake Development. While Plaintiffs allege that Copper Creek and Dasmen "exercised care, custody and control" of the Property, they did not allege that Eastlake Development had control of the Property during the time relevant to their Petition. Nor can they because Eastlake Development has had no involvement in the Property whatsoever since December 14, 2017.[8] Moreover, Plaintiffs fail to allege a single fact suggesting that the allegedly negligent operation of the Premises occurred before Eastlake Development sold the Property in December 2017 (and if they had made such allegations, Plaintiffs' claims would be prescribed on their face). Plaintiffs have not and cannot allege any facts supporting a claim against Eastlake Development, and Plaintiffs' claims against Eastlake Development should be dismissed with prejudice.

## IV. CONCLUSION

For the above reasons, Plaintiffs' claims against Eastlake Development fails as a matter of law and should be dismissed with prejudice. Plaintiffs fail to state a claim against Eastlake Development upon which relief can be granted because Eastlake Development has neither owned nor operated the Property since December 2017, and Plaintiffs recognized Eastlake Development is not the lawful owner of the Property and was improperly joined in this matter.

New Orleans, Louisiana, this 25th day of November, 2019.

---

[8] *See* Ex. A, Khoury Affidavit at ¶¶ 5-6.

Respectfully submitted,

David F. Waguespack (La. Bar No. 21121)
waguespack@carverdarden.com
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX L. L. C.
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801

   /s/ David F. Waguespack
Attorney for Eastlake Development, L.L.C.

## CERTIFICATE OF SERVICE

The foregoing pleading was filed electronically in the above captioned matter using the CM/ECF system on this 25th day of November, 2019, that service was accomplished through the Notice of Electronic Filing for parties and counsel who are Filing Users, and that service was accomplished on any party or counsel who is not a Filing User in accordance with the Federal Rules and the Local Rules of this Court.

   /s/ David F. Waguespack

4811-2518-0333, v. 4