# EXHIBIT A-1

## Act of Cash Sale

BY: EASTLAKE DEVELOPMENT, L.L.C.    UNITED STATES OF AMERICA

TO: RH EAST LAKE LLC

BE IT KNOWN, that on the dates set forth below, in the presence of and passed before the undersigned Notaries Public, and in the presence of the undersigned competent witnesses hereinafter named and undersigned,

PERSONALLY CAME AND APPEARED:

**EAST LAKE DEVELOPMENT, L.L.C.** (TIN# XX-XXX 4660), a Louisiana limited liability company, having a mailing address of 1201 Canal Street, Suite C-2, New Orleans, LA 70122, appearing through Lee Cuicchi, its Authorized Representative, and duly authorized by virtue of a resolution, an original of which is annexed hereto and made a part hereof as Exhibit "B";

hereinafter called SELLER;

who declared and acknowledged that for the consideration hereinafter expressed, SELLER has does hereby grant, bargain, sell, convey and deliver unto:

**RH EAST LAKE LLC** (TIN# XX-XXX5041), a Delaware limited liability company, having a mailing address of 46 Main Street, Suite 403-B Wilmington, DE 19805, appearing through **Mark Silber**, its **authorized signatory**, and duly authorized by virtue of a resolution, an original of which is annexed hereto and made a part hereof as Exhibit "C";

hereinafter called BUYER;

the following described property, to-wit:

LEGAL DESCRIPTION OF THE PROPERTY ATTACHED AS EXHIBIT "A"

TO HAVE AND TO HOLD the herein described property unto the said BUYER, its successors and assigns forever, without warranty of title, not even for return of the purchase price except as to SELLER's acts or deeds, but with full subrogation to all rights and actions SELLER may have against all preceding owners and vendors thereof, including all rights and causes of action for damages and any other right or cause of action, real or personal, related to the property conveyed herein.

This sale is made and accepted for and in consideration of the price and sum of ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS, plus other valuable consideration, which BUYER has well and truly paid to SELLER, the adequacy and receipt of which is acknowledged by SELLER and BUYER, and SELLER grants full acquittance and discharge therefor.

All taxes due and exigible have been paid, and taxes for the current year, if any, have been prorated between the parties hereto.

It is understood and agreed that the herein described Property is sold by the SELLER and purchased by BUYER "AS-IS," "WHERE-IS" condition "with all faults". BUYER expressly waives any cause of action against SELLER that BUYER may have for rescission of the sale of the Property, in whole or in part, or for the return of the Purchase Price, in whole or in part, arising out of any eviction of the BUYER, in whole or in part, the sale of the Property being entirely at BUYER'S sole peril and risk. Without limiting the generality of the foregoing, BUYER expressly acknowledges that the Property is being conveyed and purchased subject to any and all permitted



exceptions. SELLER grants to BUYER full substitution and subrogation in and to all rights or actions of warranty which SELLER has or may have against any and all of SELLER'S predecessors in title, if any. Without limiting the generality of the foregoing, the Property is being sold "AS-IS", "WHERE-IS", without any warranties or representations whatsoever, express or implied, including, without limitation, any warranty or representation with respect to the condition of the Property or any of its components, parts or contents or with respect to fitness or suitability of the Property or any of its components, parts or contents for BUYER'S intended use or any other particular use, purpose or condition. BUYER specifically waives all claims and all causes or rights of action which BUYER has or may have against SELLER with respect to the Property including any and all claims that it may have to rescind or resolve the sale effected thereby or to demand a reduction, setoff or diminution of the Purchase Price or any part thereof based upon the existence of any redhibitory or other vices or defects. BUYER shall further waive any claims that Purchaser has or may have in "*quanti minoris*" or for reduction of the Purchase Price paid herein, or any other rights provided in Louisiana Civil Code Articles 2520 through 2548, inclusive. BUYER further waives and agrees to release SELLER from, any claims, demands, causes or rights of action, in reimbursement, contribution or otherwise, which BUYER has or may have against SELLER arising out of damages, losses or liabilities incurred by or imposed on BUYER or its successors, transferees or assigns based on the existence of any hazardous substances (as hereinafter defined) or mold upon the Property. As used herein, "hazardous substances" shall mean any asbestos, lead, soil or groundwater contamination, methane, radon, hydrocarbons, hydrocarbon byproducts, underground storage tanks, radioactive, carcinogenic or mutagenic substances or any other hazardous or toxic substances or conditions affecting the Property, or any part thereof as the same may be defined and/or regulated by any federal, state or local governmental body having jurisdiction over the Property.

BUYER further acknowledges that it has fully inspected said Property and is not relying on any representation as to its condition which has or may have been made by the SELLER. BUYER further waives and releases SELLER and its agents, employees, and insurers from any and all claims or causes of action which have arisen or might hereafter arise, whether presently known or unknown, in redhibition or for loss or damage regarding the whole or part from the condition of or vices of defects including environmental hazards, whether latent or apparent, in the Property conveyed or any part thereof, whether or not any such condition, vices or defects which would otherwise give rise to such claim or cause of action are known or should have been known to either BUYER or SELLER. Any liability in connection with any environmental protection rule, regulation, order, requirement or law, whether state, local or federal is hereby assumed by BUYER.

Without limiting the foregoing, BUYER releases SELLER from any and all claims, demands, causes of action, judgments, losses, damages, liabilities, costs and expenses (including attorney's fees, whether suit is instituted or not), liquidated or contingent ("Claims"), arising from or related to (a) any defects, errors or omissions in the design or construction of the premises, whether the same are a result of negligence or otherwise; (b) other conditions (including termite or other wood destroying insect infestation and resultant damage therefrom and environmental conditions) affecting the Property, whether the same are a result of negligence or otherwise. The releases set forth in this paragraph specifically include any Claims under any Environmental laws, under Americans with Disabilities Act of 1990, 42 U.S.C. Section 1201, et seq., or with respect to any environmental Risk. "Environmental laws" include, without limitation, the solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act (42 U.S.C. Section 9601, et seq.), the Emergency Planning Community Right to Know Act (42 U.S.C. Section 1101, et seq.), the Clean Air Act (42 U.S.C. Section 7401, et seq.), the Clean Water Act (33 U.S.C. Section 12541, et seq.), the Toxic Substances Control Act (15 U.S.C. Section 2601, et seq.), the Hazardous Materials Transportation Act (49 U.S.C. Section 1801, et seq.), the Occupational Safety and Health Act (29 U.S.C. Section 651, et seq.), the Federal Insecticide, Fungicide and Rodenticide Act (7 U.S.C. Section 136, et seq.), and the Safe Drinking Water Act (42 U.S.C. Section 300m et seq.), as any of the same may be amended from time to time, and any state or local law dealing with environmental matters, and any regulation, order, rule, procedure, guideline and the like promulgated in connection therewith, regardless of whether the same are in existence on the date of this act. "Environmental Risk" consists of any risk to persons or to the environment, including, without limitation, (i) the presence of any friable, damaged asbestos upon the Property; and or (ii) the releases or discharge of any "hazardous substance" or "hazardous waste" (as defined by any Environmental Laws) onto or from the Property of such a nature or to such an extent as to require clean-up under applicable law.

and/or regulated by any federal, state or local governmental body having jurisdiction over the Property.

BUYER further acknowledges that it has fully inspected said Property and is not relying on any representation as to its condition which has or may have been made by the SELLER. BUYER further waives and releases SELLER and its agents, employees, and insurers from any and all claims or causes of action which have arisen or might hereafter arise, whether presently known or unknown, in redhibition or for loss or damage regarding the whole or part from the condition of or vices of defects including environmental hazards, whether latent or apparent, in the Property conveyed or any part thereof, whether or not any such condition, vices or defects which would otherwise give rise to such claim or cause of action are known or should have been known to either BUYER or SELLER. Any liability in connection with any environmental protection rule, regulation, order, requirement or law, whether state, local or federal is hereby assumed by BUYER.

Without limiting the foregoing, BUYER releases SELLER from any and all claims, demands, causes of action, judgments, losses, damages, liabilities, costs and expenses (including attorney's fees, whether suit is instituted or not), liquidated or contingent ("Claims"), arising from or related to (a) any defects, errors or omissions in the design or construction of the premises, whether the same are a result of negligence or otherwise; (b) other conditions (including termite or other wood destroying insect infestation and resultant damage therefrom and environmental conditions) affecting the Property, whether the same are a result of negligence or otherwise. The releases set forth in this paragraph specifically include any Claims under any Environmental laws, under Americans with Disabilities Act of 1990, 42 U.S.C. Section 1201, et seq., or with respect to any environmental Risk. "Environmental laws" include, without limitation, the solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act (42 U.S.C. Section 9601, et seq.), the Emergency Planning Community Right to Know Act (42 U.S.C. Section 1101, et seq.), the Clean Air Act (42 U.S.C. Section 7401, et seq.), the Clean Water Act (33 U.S.C. Section 12541, et seq.), the Toxic Substances Control Act (15 U.S.C. Section 2601, et seq.), the Hazardous Materials Transportation Act (49 U.S.C. Section 1801, et seq.), the Occupational Safety and Health Act (29 U.S.C. Section 651, et seq.), the Federal Insecticide, Fungicide and Rodenticide Act (7 U.S.C. Section 136, et seq.), and the Safe Drinking Water Act (42 U.S.C. Section 300m et seq.), as any of the same may be amended from time to time, and any state or local law dealing with environmental matters, and any regulation, order, rule, procedure, guideline and the like promulgated in connection therewith, regardless of whether the same are in existence on the date of this act. "Environmental Risk" consists of any risk to persons or to the environment, including, without limitation, (i) the presence of any friable, damaged asbestos upon the Property; and or (ii) the releases or discharge of any "hazardous substance" or "hazardous waste" (as defined by any Environmental Laws) onto or from the Property of such a nature or to such an extent as to require clean-up under applicable law.

_____
Buyer's Initials

-3-

In accordance with La. R.S. 9:2721(B), from and after the date of this Act of Cash Sale (a) the name of the person responsible for all property taxes and assessments is **RH EAST LAKE LLC**, and (b) all property tax and assessment notices should be mailed to the following address: c/o RH Management Services, 46 Main Street, Suite 339, Monsey, NY 10952.

BUYER further acknowledges that it has not relied on any statement or representation as to the condition of the Property, whether written or oral, made by SELLER. BUYER has relied solely on its inspections of the Property for purposes of determining the condition of the Property.

---
Buyer's Initials

This Cash Sale may be executed in two counterparts, each of which constitutes an original and both of which, taken together, constitute one and the same agreement.

All parties signing this instrument have declared themselves to be of full capacity.

All agreements and stipulations herein, and all the obligations herein assumed shall inure to the benefit of and be binding upon the heirs, successors, and assigns of the respective parties, and the BUYER, his heirs and assigns shall have and hold the described property in full ownership forever.

The parties to this Act of Cash Sale waive the production of all mortgage and conveyance certificates and all certificates and hereby relieve and release the undersigned Notaries from all responsibility and liability in connection with the non-production thereof.

The parties to this Act of Cash Sale hereby acknowledge that the undersigned Notaries have not made a title examination of any of the Property, and the parties hereby relieve and release the undersigned Notaries from all responsibility and liability by reason thereof.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

      THUS DONE AND PASSED by the BUYER in Rockland County , NY , on the 13 day of December , 2017, in the presence of me, Notary, and the following competent witnesses, who hereunto sign their names with me after a due reading of the whole.

WITNESSES:

_____
Print Name: Jonathan Weiss

BUYER:
RH EAST LAKE LLC,
  a Louisiana limited liability company
    By: RH NEW ORLEANS HOLDINGS LLC, Sole Member
    By: RH NEW ORLEANS JV LLC, its Manager

By: _____
Name: MOSHE SILBER
Title: Its Authorized Representative

_____
Print Name: Michael Golowl

NOTARY PUBLIC
Notary Name: Fredrick Schulman
Name: _____

My Commission Expires: 10/31/21

FREDRICK SCHULMAN
Notary Public, State of New York
No. 02SC4704709
Qualified in Westchester County
Commission Expires Oct. 31, 20_21_

FREDRICK SCHULMAN
Notary Public, State of New York
No. 02SC4704709
Qualified in Westchester County
Commission Expires Oct. 31, 20

—5—

THUS DONE AND PASSED by the SELLER in New Orleans, Louisiana, on the 14th day of December, 2017, in the presence of me, Notary, and the following competent witnesses, who hereunto sign their names with me after a due reading of the whole.

WITNESSES:

Print Name: __Beth Sheets__

Print Name: __Rhonda Parker__

SELLER:
EASTLAKE DEVELOPMENT, L.L.C.
a Louisiana limited liability company
By: KFK Development, L.L.C., its Manager

By: _____
Name: Lee Cuicchi
Title: Its Authorized Representative

NOTARY PUBLIC
Name: _____ DAVID F. WAGUESPACK, 38420
Bar/Notary No. _____ Notary Public in and for the State of Louisiana.
My Commission Expires: My Commission is for Life.

Exhibit "A"

Legal Description

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of New Orleans, Parish of Orleans, State of Louisiana.

That Certain Piece of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Third Municipal District of the City of New Orleans, Parish of Orleans, State of Louisiana, in Section 20 of the LaKratt Tract (formerly New Orleans Lakeshore Land Co. Subdivision), designated as LOT 2A on a survey by the Office of Gandolfo, Kuhn & Associates, dated December 3, 1971, (H-70-2) and more particularly as follow in accordance with said survey:

Begin at the intersection of the west line of St. Charles Canal and the new south line of Morrison Road; thence along the west line of St. Charles Canal S 21°28'50" E distance of 1381.15 feet to the north line of Interstate Highway 1-10; thence along said north line, S 78°01'13" W a distance of 230.57 feet to a point of curvature; thence continuing along said north line in a southwesterly direction along a curve to the right having a radius of 3669.72 feet, a distance of 944.29 feet to the east line of Joffre Road; thence along said east line, N 03°15'48" E a distance of 59.86 feet to a point of curvature; thence along said east line in a northwesterly direction along a curve to the left having radius of 491.27 feet, a distance of 213.42 feet to a point of tangent; thence along said east line, N 21°3T36" W, a distance of 803.66 feet to the new south line of Morrison Road; thence along said south line, which is 20 feet south of and parallel to the former south line of Morrison Road, N 68°1524" E, a distance of 1060.48 feet to the west line of St. Charles Canal the point of beginning.

Said portion of ground consists of Portions of Groves 1, 3, 5, 7, 9, 11, 13, 15 & 17 of Section 20 of the former New Orleans Lakeshore Land Company Tract.

4842-4122-6584, v. 2

## AUTHORIZATION OF THE SOLE MEMBER

The undersigned, **KFK Development, L.L.C.**, a Louisiana limited liability company, hereby certifies that, (i) it is the sole member of **Eastlake Development, L.L.C.**, a Louisiana limited liability company (hereinafter referred to as the "Company"), (ii) Eastlake Development, L.L.C. does not have a written Operating Agreement, and (iii) the undersigned hereby certifies, consents and agrees as follows:

1. That the Company, (i) sell the immovable property located at 7001 Martin Drive, New Orleans, LA owned by the Company to SP NO Holdings, LLC, for the price and consideration as stated in that certain Purchase and Sale Agreement and Joint Escrow Instructions, dated October 20, 2017 (the "Purchase Agreement") or such other consideration as the Authorized Representative (as hereinafter defined) may deem appropriate, (ii) pay out of the proceeds of any sale any customary real estate commissions and closing fees and costs (an "Acceptable Transaction"), and (iii) to execute an Act of Cash Sale, Assignment of Leases and Rents, and any document contemplated by the Purchase Agreement.

2. That Lee Cuicchi (the "Authorized Representative") be and he is authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver any documents binding the Company to any Acceptable Transactions.

3. That the Authorized Representative be and he is authorized, empowered and directed, in the name and on behalf of the Company, to execute an Act of Cash Sale, containing such terms, conditions, limitations, provisions, and restrictions as the Authorized Representative may, in his/her sole and uncontrolled discretion, deem necessary, proper, or advisable, to receive the purchase price, to pay customary closing fees, costs and commissions (including, without limitation, broker's commissions, attorneys' fees, and recordation costs), and to enter into any and all other agreements and to do and perform any and all other acts which the Authorized Representative may, in his/her sole and uncontrolled discretion, deem necessary, proper, or advisable to carry out the intent of these authorizations and to carry out the intent of that Purchase Agreement, the execution thereof by the Authorized Representative to fully evidence the Company's approval thereof.

4. The undersigned is the Manager and Certifying Official of KFK Development, L.L.C. and is authorized under Louisiana Revised Statute 12:1305(C)(5) to give this certification.

Dated as of ~~November~~ DECEMBER 14, 2017.

KFK Development, L.L.C.

By: _____
Name: Elie Khoury
Its: Manager

4833-7468-6292, v. 1

# CERTIFICATE OF CONSENT TO PURCHASE PROPERTY

The undersigned, the authorized signatory of RH East Lake LLC (the "Company"),

**DO HEREBY CERTIFY:**

At a meeting of the member of the Company, the member adopted the following resolutions, which have not been modified or rescinded:

**RESOLVED,** that the Company purchase the property known as East Lake Apartments and located at 7001 Martin Drive, New Orleans, Louisiana (the "Property") from Eastlake Development, LLC ("Seller") and to execute and deliver to Seller all documents related thereto (the "Closing Documents").

**RESOLVED,** that Moshe Silber, as Authorized Signatory of the Company, is hereby authorized to execute and deliver such Closing Documents and any or all other documents and instruments as may be required or as he deems necessary or advisable in connection with the purchase of the Property; and such other agreements, certificates, or instruments and to take such action as he may consider necessary or appropriate to carry out such approvals and the transactions contemplated thereby.

A facsimile or electronic (PDF) signature shall be deemed an ink original.

SIGNATURE PAGE FOLLOWS

IN WITNESS WHEREOF, the undersigned have hereto affixed their hand as of the _B_ day of December, 2017.

RH East Lake LLC

By: Moshe Silber
Title: Authorized Signatory

1340 Poydras Street, 4th Floor  
New Orleans, Louisiana  70112

Telephone (504) 407-0005



Chelsey Richard Napoleon  
Chief Deputy Clerk

Land Records Division

# Hon. Dale N. Atkins
**Clerk of Court and Ex-Officio Recorder**  
Parish of Orleans

## DOCUMENT RECORDATION INFORMATION

Instrument Number: 2017-49042

Recording Date: 12/22/2017 12:42:31 PM

Document Type: SALE

Addtl Titles Doc Types:

Conveyance Instrument Number: 630311

Filed by: MADISON TITLE  
1106 COMBRONNE ST

NEW ORLEANS, LA  70118

THIS PAGE IS RECORDED AS PART OF YOUR DOCUMENT AND  
SHOULD BE RETAINED WITH ANY COPIES.

Cortez Crayton, Deputy Clerk  
A True and Correct Copy  
Chelsey Richard Napoleon, Clerk, Civil District Court