UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA AKEEM, *et al.*                                    CIVIL ACTION

VERSUS                                                     NO. 19-13650

DASMEN RESIDENTIAL, LLC, *et al.*                         SECTION M (3)

## ORDER & REASONS

Before the Court is a motion by plaintiffs Joshua Akeem, Brandy Wilson, Janis Morgan, Laquinta Carter, Dwayne Pierce, and Dareranica Duplessis (collectively, "Plaintiffs") to remand this action to the Civil District Court, Parish of Orleans, State of Louisiana ("CDC").[1] Defendants Dasmen Residential Management, LLC ("Dasmen") and RH East Lake, LLC ("RH East Lake") respond in opposition,[2] and Plaintiffs reply in further support of the motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

I.  **BACKGROUND**

This matter is a putative class action brought by tenants of the Laguna Run Apartments (formerly known as Hidden Lake Apartments) against the complex's owners and managers.[4] Prior to December 14, 2017, Eastlake Development owned the complex and it was managed by

---

[1] R. Doc. 23.
[2] R. Doc. 51. Also, before the Court is a motion by defendant Eastlake Development, L.L.C. ("Eastlake Development") to dismiss, or alternatively, for summary judgment. R. Doc. 10. Plaintiffs respond in opposition (R. Doc. 17), and Eastlake Development replies in further support of its motion. R. Doc. 34. Plaintiffs filed an amended complaint after Eastlake Development filed its motion. R. Doc. 46-1. Because the amended complaint is now the operative complaint in this case, any motion to dismiss or other motion should be directed to it. Therefore, Eastlake Development's motion to dismiss, or alternatively, for summary judgment (R. Doc. 10) is DENIED as moot.
[3] R. Doc. 57. In their reply, Plaintiffs assert for the first time that removal was untimely. *Id.* at 1-2. An argument raised for the first time in a reply is typically not considered, *see Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."), but the argument is meritless in any event because RH East Lake's citizenship was pleaded timely in the original notice of removal. R. Doc. 1 at 7-8.
[4] R. Doc. 46-1 at 1-6.

defendants Latter & Blum Property Management, Inc. ("Latter & Blum"), KFK Group, Inc. ("KFK Group"), and KFK Development, L.L.C. ("KFK Development"). Plaintiffs allege that during Eastlake Development's tenure as owner, the property was in a state of disrepair that included widespread water intrusion issues, mold growth and exposure, and plumbing problems, along with an infestation of roaches and other insects and inadequate lighting conditions.[5] Plaintiffs claim that negligence on the part of Eastlake Development and its property managers created these unreasonably dangerous conditions.[6]

On December 14, 2017, Eastlake Development sold the property to RH East Lake, which contracted with Dasmen to manage the property.[7] In September or October 2019, RH East Lake replaced Dasmen with defendant Lind Property Management, LLC ("Lind").[8] Plaintiffs allege that the poor conditions worsened after the change in ownership and management, adding that the ceilings are falling, there is inadequate security, and the plumbing problems have resulted in human waste running down the walls and ceilings.[9] Plaintiffs claim that these unreasonably dangerous conditions were created and persist due to the negligence of RH East Lake and its property managers.[10]

Plaintiffs filed this action in the CDC seeking to represent a class consisting of:

> Louisiana residents who are current and former residents and/or maintenance workers of the Hidden Lakes and Laguna Run Apartment Complex located at 7001 Martin Drive, New Orleans, Louisiana 70126, who have suffered damages as a result of the negligent ownership, operation and management of the apartment complex, including but not limited to, bodily injuries, emotional distress, loss of use and enjoyment, and economic loss.[11]

---

[5] *Id.* at 7.
[6] *Id.*
[7] *Id.* at 6 & 8.
[8] *Id.* at 6.
[9] *Id.* at 8.
[10] *Id.*
[11] *Id.* at 15.

Plaintiffs assert causes of action for strict liability against Eastlake Development and RH East Lake, and *res ipsa loquitor* and negligence against Eastlake Development, RH East Lake, Latter & Blum, KFK Group, KFK Development, Dasmen, and Lind.[12] Further, Plaintiffs allege an intentional tort against all defendants on behalf of maintenance workers, and that all of the torts are continuing in nature.[13] RH East Lake and Dasmen timely removed this matter alleging subject-matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[14]

## II. PENDING MOTION

Plaintiffs argue that this matter should be remanded to the CDC for three reasons. First, Plaintiffs argue that RH East Lake and Dasmen removed the action as a "mass action," when it is actually a "class action" brought under Louisiana Code of Civil Procedure articles 591, *et seq.*[15] Next, Plaintiffs argue that the removing defendants did not demonstrate in the notice of removal that the amount in controversy is satisfied, specifically, that at least one plaintiff's damages total more than $75,000, which Plaintiffs contend is required for removal as a "mass action."[16] Finally, Plaintiffs argue that even if this Court has subject-matter jurisdiction under CAFA, the Court must remand the case pursuant to the local controversy exception.[17]

---

[12] *Id.* at 9-11.
[13] *Id.* at 11-13.
[14] R. Doc. 46 at 3. RH East Lake and Dasmen removed this action on November 14, 2019, alleging CAFA subject-matter jurisdiction, as well as traditional diversity subject-matter jurisdiction based on 28 U.S.C. § 1332(a). R. Doc. 1. The notice of removal was premised on Plaintiffs' original petition which named RH East Lake, Dasmen, RH Copper Creek, LLC, and Eastlake Development as the defendants. *Id.* At the time, the removing defendants were unaware that, hours before they filed the notice of removal, Plaintiffs had filed an amended petition in the CDC. The amended petition added several defendants that are alleged to be Louisiana citizens – Latter & Blum, KFK Group, KFK Development, and Lind. R. Doc. 46-1 at 5. As a result, this Court granted the removing defendants leave to file an amended notice of removal that relies solely upon CAFA to establish subject-matter jurisdiction. R. Docs. 43, 45 & 46. Plaintiffs filed their motion to remand before the removing defendants filed their amended notice of removal. R. Docs. 23 & 46. Nevertheless, the Court will address the motion as if it were directed solely at the amended notice of removal.
[15] R. Doc. 23-1 at 14-15.
[16] *Id.* at 8-9 & 16-17.
[17] *Id.* at 17-24.

3

In opposing the motion to remand, RH East Lake and Dasmen argue that the matter was removed as both a "mass action" and a "class action," but that the distinction is irrelevant because CAFA provides for removal of both.[18] With respect to the amount in controversy, the removing defendants argue that they provided enough information in their notice of removal to demonstrate that there is more than $5,000,000 in controversy, and Plaintiffs failed to affirmatively plead that the jurisdictional threshold is not met.[19] Further, they argue that a pre-petition settlement demand from a putative class member demonstrates that there is at least one plaintiff whose claims exceed $75,000.[20] Finally, the removing defendants argue that the local controversy exception is inapplicable because Plaintiffs have not demonstrated that the local defendants' alleged conduct formed a "significant basis" of the claims asserted or that Plaintiffs seek "significant relief" from the local defendants.[21]

## III. LAW & ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). CAFA provides that federal district courts have original jurisdiction over certain class actions. 28 U.S.C. § 1332(d). A "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). For purposes of CAFA jurisdiction, a "mass action" is deemed to be a class action that is removable if it otherwise meets CAFA's jurisdictional requirements. *Id.* § 1332(d)(11)(A). A "mass action" is "any civil action … in which monetary

---

[18] R. Doc. 51 at 5-7.
[19] *Id.* at 9-15.
[20] *Id.* at 13-14.
[21] *Id.* at 15-20.

relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action" place more than $75,000 in controversy. *Id.* § 1332(d)(11)(B)(i). There are also several exceptions that preclude a civil action from being deemed a "mass action" under CAFA. *See id.* § 1332(d)(11)(B)(ii).

Plaintiffs' amended complaint unequivocally states that this matter is a putative class action.[22] In the amended notice of removal, RH East Lake and Dasmen alternately refer to the matter as a "mass action" or a "class action," but they consistently assert CAFA jurisdiction which applies the same removal procedure to both class actions and mass actions.[23] And, in their opposition to the motion to remand, the removing defendants "acknowledge, solely for purposes of this Court's jurisdictional analysis, that Plaintiff's action is a putative 'class action' as defined by CAFA."[24] Thus, because CAFA's requirements for removal of a class action are satisfied, there is no need to examine either the minimum amount in controversy applicable to each plaintiff in a mass action, or the several exceptions to mass action status.

CAFA provides that the federal district court has jurisdiction over a class action where "the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)). The minimal diversity requirement is met when any plaintiff is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

---

[22] R. Doc 46-1 at 14-16.
[23] R. Doc. 46 at 3-4 & 12.
[24] R. Doc. 51 at 7.

5

Plaintiffs allege a class consisting of all past and present tenants and maintenance workers of the apartment complex, which consists of 442 units.[25] Clearly, the putative class consists of more than 100 members.[26] Minimal diversity is satisfied because Plaintiffs are citizens of Louisiana and at least one defendant, Dasmen or RH East Lake, is not.[27]

The removing defendants bear the burden of establishing that the amount-in-controversy requirement has been met. *Robert J. Caluda, APLC v. City of New Orleans*, 403 F. Supp. 3d 522, 535 (E.D. La. 2019) (citation omitted). To that end, they may either show that it is apparent on the face of plaintiffs' complaint that the amount in controversy is satisfied or offer summary-judgment-type evidence of the amount in controversy. *Id.* (citation omitted).

RH East Lake and Dasmen have shown that it is facially apparent from Plaintiffs' complaint that the amount in controversy is satisfied.[28] In the notice of removal, the removing defendants point out that Plaintiffs "allege that Defendants' actions, or inactions, have created a scene of general disrepair at the 442-unit apartment complex," including the presence of black mold and raw sewerage, inadequate security, and falling ceilings and light fixtures due to water intrusion.[29] Plaintiffs seek to recover for medical expenses, bodily injuries, loss of earnings, loss of earning capacity, loss of enjoyment of life, and emotional distress.[30] Further, Plaintiffs allege that the New Orleans Department of Code Enforcement inspected the property and found that some apartments were uninhabitable, which would lead to damages for relocation expenses.[31] The sum total of the alleged problems with the building, when combined with the sheer number

---

[25] R. Doc. 46-1 at 11 & 15.
[26] Plaintiffs assert that "[t]here is a substantial probability that well over 1000 individual suits would have to be filed if class certification is denied by the trial court." *Id.* at 15.
[27] *Id.* at 1-4.
[28] R. Doc. 46 at 5-6.
[29] *Id.*
[30] *Id.*
[31] *Id.* at 6.

of potential plaintiffs, establishes that more than $5,000,000 is in controversy.[32] Thus, the removing defendants have established that this Court has CAFA jurisdiction over this action.

However, the CAFA inquiry does not end with the basic jurisdictional test for removal because the district court can decline jurisdiction under three exceptions: (1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); the home state exception, *id.* § 1322(d)(4)(B); and discretionary jurisdiction, *id.* § 1332(d)(3). *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 810-11 (5th Cir. 2007). The party seeking remand bears the burden of proving, with reasonable certainty, that the district court is divested of subject-matter jurisdiction under an exception to CAFA jurisdiction. *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 338 & 342 (5th Cir. 2016) (quotation marks omitted). "The language, structure, and history of CAFA all demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Id.* at 337 (internal alteration and citation omitted). Thus, "all doubts [are] resolved in favor of exercising jurisdiction over the case." *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 360 (5th Cir. 2011).

Plaintiffs argue that CAFA's local controversy exception precludes this Court from exercising jurisdiction over this case.[33] CAFA's local controversy exception provides that the district court "shall decline to exercise jurisdiction":

(i) over a class action in which –

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant –

---

[32] Plaintiffs do not contest that there is more than $5,000,000 in controversy. Rather, they argue that the removing defendants failed to refer to the amended complaint in their original notice or removal. R. Doc. 23-1 at 8-9. As noted above, the Court is considering only the amended notice of removal, which includes sufficient allegations to establish the requisite amount in controversy. *See* R. Doc. 46 at 5-6.

[33] R. Doc. 23-1 at 17-24.

7

>     (aa) from whom significant relief is sought by members of the plaintiff class;
>
>     (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
>     (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

The putative class consists of "Louisiana residents" who are present and former tenants and maintenance workers of an apartment complex located in New Orleans who were exposed to substandard conditions that allegedly resulted from the negligence of the owners and managers.[34] Thus, all of the putative class members are alleged to be Louisiana citizens and the principal injuries from the alleged conduct are said to have occurred in Louisiana. Therefore, § 1332(d)(4)(A)(i)(I) & (III) is satisfied.

Further, although Plaintiffs allege in the amended complaint that "there are a considerable number of lawsuits … against the Defendants for common issues,"[35] they state in their motion to remand that this case was the first putative class action filed that alleges similar facts against the same defendants.[36] The removing defendants do not contest Plaintiffs' assertions.[37] Moreover, a search of this Court's records reveals that other similar cases have

---

[34] R. Doc. 46-1 at 15.
[35] *Id.*
[36] R. Doc. 23-1 at 24.
[37] *See* R. Doc. 51.

been filed but this case, which was filed on September 27, 2019, was the first one.[38] Therefore, § 1332(d)(4)(A)(ii) is satisfied.

RH East Lake and Dasmen argue that Plaintiffs have not satisfied § 1332(d)(4)(A)(i)(II), the local defendant prong.[39] The issues are whether the proposed class seeks "significant relief" from the Louisiana defendants and whether the Louisiana defendants' alleged conduct forms a "significant basis" for the claims asserted. The defendants argue that Plaintiffs have shown neither.[40]

Although the Fifth Circuit has not directly addressed whether district courts may look beyond the allegations in the complaint to determine whether the local controversy exception applies, another section of this Court, applying Ninth Circuit jurisprudence, has held that it is impermissible, explaining:

> In *Coleman v. Estes Exp. Lines, Inc.*, the Ninth Circuit held that a district court must narrow its inquiry to "what is alleged in the complaint rather than on what may or may not be proved by evidence." The *Coleman* court based its reasoning on the statutory language of the local controversy exception, particularly Congress' use of the phrases "from whom significant relief is *sought*" and "whose *alleged* conduct forms a significant basis for the claims *asserted*." The *Coleman* court also based its reasoning on CAFA's legislative history, which provides for jurisdictional fact finding "not unlike what is necessitated by the existing jurisdictional statutes," but cautions "jurisdictional determinations should be made largely on the basis of readily available information[, and a]llowing substantial, burdensome discovery on jurisdictional issues would be contrary to" Congress' intent in passing CAFA. The Court finds persuasive the Ninth Circuit's reasoning in *Coleman* and holds it may consider only the allegations in Plaintiffs' state court petition in determining whether the local controversy exception applies.

---

[38] Presently, there are six other similar class actions pending in this Court. *Miller v. Dasmen Residential, LLC*, Civ. Action No. 19-13673 (E.D. La.) (filed Oct. 18, 2019); *Powell v. KFK Grp., Inc.*, Civ. Action No. 19-13705 (E.D. La.) (filed Oct. 18, 2019); *Riley v. Dasmen Residential Mgmt., LLC*, Civ. Action No. 19-14636 (E.D. La.) (filed Nov. 15, 2019); *Johnson v. Dasmen Residential Mgmt., LLC*, Civ. Action No. 19-14637 (E.D. La.) (filed Nov. 15, 2019); *Sorrell v. Dasmen Residential Mgmt., LLC*, Civ. Action No. 20-187 (filed Nov. 15, 2019); *Walker v. Dasmen Residential Mgmt., LLC*, Civ. Action No. 19-14634 (E.D. La.) (filed Nov. 18, 2019).
[39] R. Doc. 51 at 15-20.
[40] *Id.*

9

*Robert J. Caluda, APLC*, 403 F. Supp. 3d at 537 (discussing and quoting *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011)) (other citations omitted; emphasis in original). This Court also finds *Coleman*'s reasoning persuasive and will examine only the allegations in Plaintiffs' amended complaint to determine whether the putative class members seek "significant relief" from the Louisiana defendants, and whether the Louisiana defendants' alleged conduct forms a "significant basis" for the claims asserted.

The members of "[a] proposed plaintiff class seek[] 'significant relief' from a particular defendant when the relief sought from that defendant constitutes a significant portion of the entire relief sought by the class." *Id.* at 538 (quotation marks and citation omitted). "CAFA does not specifically provide a definition of 'significant,' and the courts interpreting this provision have not set forth a numerical benchmark to use to determine whether relief is significant." *Id.* at 538-39 (quotation marks and citation omitted). Rather, the analysis "includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Id.* at 538 (quotation marks and citation omitted). To that end, courts have found that a defendant is not significant "when only a small portion of the class members have claims against that particular defendant," and where "the relief sought (or reasonably expected) from a particular defendant is 'just small change' in comparison to what the class is seeking from the other co-defendants." *Id.* at 539 (quotation marks and citation omitted).

Here, all potential class members assert claims against all defendants, but there is no attempt in the amended complaint to quantify what amount is sought from the Louisiana

defendants as opposed to the non-local defendants.[41] Most of the Louisiana defendants, except for Lind (who has been the property manager for only a few months), are sued for their past conduct – the *former* owner (Eastlake Development), and its *former* property managers (Latter & Blum, KFK Group, and KFK Development).[42] Although Plaintiffs propose a class that includes current and past tenants, there is no indication of the relevant time frame or how many potential class members would have claims against these Louisiana defendants.[43] The only language of comparison in the amended petition alleges that the conditions at the property "*dramatically worsened*" under the ownership and management of the non-local defendants.[44] Thus, based on the allegations in the amended complaint, the Court cannot determine whether the relief sought from the Louisiana defendants is not "small change" in comparison to the relief sought against the non-local defendants, RH East Lake (the current owner) and Dasmen (its long-term property manager) under whose ownership and management the conditions allegedly worsened.[45]

The second question of the local defendant inquiry asks whether the local defendant's "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." *Robert J. Caluda, APLC*, 403 F. Supp. 3d at 539 (quoting 28 U.S.C. § 1332(d)(A)(i)(II)(bb)). It calls for a comparison of "the alleged conduct of the local defendant, on one hand, to all the claims asserted in the action, on the other [and] [i]t requires the alleged conduct [of the local defendant] to form a significant basis of all the claims asserted." *Id.* (quoting *Opelousas*, 655

---

[41] R. Doc. 46-1 at 7-8.
[42] *Id.*
[43] *Id.* at 6.
[44] *Id.* at 8 (emphasis in original).
[45] *Id.* at 6-8. Plaintiffs argue that the "significant relief" prong is satisfied because they intend to seek 100% of their damages from the the Louisiana defendants under the theory that the defendants are liable *in solido*. R. Doc. 23-1 at 22. This argument is meritless as it relies on a misstatement of Louisiana law. Contrary to Plaintiffs' argument, comparative fault, not solidary liability, applies under the facts of this case. *See* La. Civ. Code arts. 2323-24.

11

F.3d at 361). To meet this burden, the putative class members must allege that the "local defendant 'played a significant role in the alleged harm, as opposed to a lesser role, or even a minimal role'" and "provide 'detailed allegations concerning the local defendant's conduct in relation to the out-of-state defendants.'" *Id.* at 540 (quoting *Evans v. Walter Indus. Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006), and *Opelousas*, 655 F.3d at 363) (internal alterations omitted).

Plaintiffs argue that they have met this burden by alleging that the conditions at the apartment complex resulted from the combined negligence of all owners and managers, and thus, the Louisiana defendants necessarily played a significant role.[46] These allegations are inadequate to sustain Plaintiffs' burden because they clearly lack a *comparison* of the local defendant's conduct in relation to all the claims asserted in the litigation and to that of the out-of-state defendants. Indeed, Plaintiffs expressly allege that the conditions worsened under the ownership and management of the out-of-state defendants (RH East Lake and Dasmen), which implies that they would be more culpable as to more current residents, and the amended petition fails to allege the duration of the local defendants' actionable conduct. Therefore, Plaintiffs have not carried their burden of proving that the local controversy exception applies, and this Court will retain CAFA subject-matter jurisdiction. As such, Plaintiffs' motion to remand is DENIED.

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 23) is DENIED.

IT IS FURTHER ORDERED that Eastlake Development's motion to dismiss, or alternatively, for summary judgment (R. Doc. 10) is DISMISSED AS MOOT.

---

[46] R. Doc. 23-1 at 21.

IT IS FURTHER ORDERED that any motion to dismiss or other motion is to be re-filed and directed to the amended complaint[47] to ensure that all current claims are addressed in one motion.

New Orleans, Louisiana, this 31st day of January, 2020.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE

---

[47] R. Doc. 46-1.