UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA AKEEM, *et al.* | CIVIL ACTION |
| VERSUS | NO. 19-13650 c/w 19-13636, 19-13673, 19-14634, 19-13705 |
| DASMEN RESIDENTIAL, LLC, *et al.* | & 20-187 |
| | SECTION M (3)<br>*Pertains to all cases* |

**ORDER & REASONS**

Before the Court is a motion by defendant Latter & Blum Property Management, Inc. ("Latter & Blum") to dismiss the maintenance workers' intentional tort claims as time barred by the applicable one-year liberative prescriptive period.[1] Also before the Court is a motion by defendant Dasmen Residential Management, LLC ("Dasmen") to dismiss plaintiffs' breach-of-contract claims against it because it was not a party to any contract with plaintiffs, nor did it enter into any contract that had a *stipulation pour autrui* for plaintiffs' benefit.[2] The motions were set for submission on August 26, 2021. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this instance was August 18, 2021. Plaintiffs, who are represented by counsel, did not file an opposition to either motion. Accordingly, because the motions are unopposed, and it appears to the Court that the motions have merit,[3]

---

[1] R. Doc. 208. The maintenance-worker plaintiffs do not allege any breach-of-contract claims against Latter & Blum in the complaint. *See* R. Doc. 165.
[2] R. Doc. 210.
[3] The facts of this case are recounted in this Court's two previous Orders & Reasons ruling on other motions to dismiss. R. Docs. 199 & 213. As this Court previously explained, Latter & Blum ceased its role as property manager of the Hidden Lakes apartment complex on December 14, 2017, and was brought into this litigation more than a year later on November 14, 2019. R. Doc. 199 at 8-9. Thus, just as the tenant plaintiffs' claims against Latter

IT IS ORDERED that Latter & Blum's motion to dismiss the maintenance workers' class tort claims (R. Doc. 208) is GRANTED, and those claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Dasmen's motion to dismiss the tenant plaintiffs' breach-of-contract claims (R. Doc. 210) is GRANTED, and those claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 20th day of August, 2021.

                                                      BARRY W. ASHE
                                                     UNITED STATES DISTRICT JUDGE

---

& Blum are prescribed on the face of the complaint, so are the maintenance-worker plaintiffs' intentional tort claims, and those claims are ripe to be dismissed. Further, plaintiffs' breach-of-contract claims against Dasmen must be dismissed because there are no plausible allegations that they entered into any contract with Dasmen or that they were third-party beneficiaries of a contract Dasmen had with another party.