UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA AKEEM, *et al.*                                    CIVIL ACTION

                                                          NO. 19-13650 c/w
VERSUS                                                    19-13673, 19-13705, 19-14634,
                                                          19-14636, 19-14637, 20-187

DASMEN RESIDENTIAL, LLC, *et al.*                         SECTION M (3)
                                                          *Pertains to all*

## ORDER & REASONS

Before the Court is a motion by defendant Latter & Blum Property Management, Inc. ("Latter & Blum") for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to this Court's July 7, 2021 and August 20, 2021 orders that resulted in the dismissal of all claims against Latter & Blum.[1] Latter & Blum argues that the motion should be granted because all claims against it have been dismissed and, if the motion is not granted, "Latter & Blum will be compelled to remain as a party to the captioned class action until the entire litigation is resolved."[2] Plaintiffs did not file an opposition to the motion.[3]

Rule 54(b) is an exception to the general rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding. *Westmoreland v. Venice Marine & Outdoor Consultants, Inc.*, 2018 WL 2124040, at *1 (E.D. La. May 8, 2018). Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or

---

[1] R. Doc. 217.
[2] R. Doc. 217-1 at 5.
[3] In a motion for reconsideration of this Court's July 7, 2021 order, plaintiffs requested, in the alternative, that this Court certify the dismissals for immediate appeal under Rule 54(b). R. Doc. 204. Plaintiffs presented no arguments on the merits of this request, and the Court found that immediate appeal was not warranted. R. Doc. 223 at 1 n.1.

more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. …

Fed. R. Civ. P. 54(b). Thus, to certify an otherwise interlocutory order for immediate appeal, a district court must make two separate findings under Rule 54(b): first, the court must determine that the order constitutes a "final judgment" as to one or more "claims or parties"; and second, the court must determine that "there is no just reason for delay."

The Fifth Circuit has explained that Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'" *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). Rule 54(b) motions are rarely granted because a district court must "take into account judicial administrative interests" to "'preserve[] the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

As to the first of the two requirements for certification, the district court can certify an order as a Rule 54(b) judgment only if the order has "disposed of 'one or more ... claims or parties.'" *Eldredge*, 207 F.3d at 740 (quoting Fed. R. Civ. P. 54(b)). A court should look to see whether this requirement is met as to each party or claim because it is jurisdictional. *Id.* (citing *In re Southeast Banking Corp.*, 69 F.3d 1539, 1548-52 (11th Cir.1995) (finding that a Rule 54(b) final judgment was improperly entered as to certain rulings because they did not dispose of distinct claims, but that it was properly entered as to certain defendants who were completely dismissed)). Here, the first requirement is met. Taken together, the July 7, 2021 and August 20, 2021 orders dispose entirely of Latter & Blum as a party in this litigation.

2

As to the second requirement for a Rule 54(b) certification, however, Latter & Blum has not demonstrated that an immediate appeal would avoid dangers of hardship or injustice, or that any hardship it faces outweighs judicial administrative interests in avoiding piecemeal appeals. *PCYA*, 81 F.3d at 1421 (under "no just reason for delay" requirement, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel"); *Matthews v. Stolier*, 2015 WL 4394109, at *3 (E.D. La. July 15, 2015) ("'[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments … a district court must take into account judicial administrative interests as well as the equities involved.' The foremost of which is the strong federal policy against piecemeal appeals.") (quoting *Curtiss-Wright*, 446 U.S. at 8).

Latter & Blum contends that it would be required to remain in a complex class action if the orders are not certified for immediate appeal. This argument does not demonstrate the hardship or injustice required by the rule. *See Menard v. LLOG Expl. Co.*, 2017 WL 1426968, at *2 (E.D. La. Apr. 21, 2017) (recognizing that "[t]his 'hardship' is present in every case in which claims are dismissed against some defendants but not others, and does not indicate that this is the sort of 'infrequent hard case' that Rule 54(b) was designed to address"). First, Latter & Blum has been dismissed from the litigation and thus has no reason to participate. Further, this Court has now denied plaintiffs' motion to certify the class,[4] which means Latter & Blum would not be a party to a complex class action in any event. Moreover, having lost the motions, plaintiffs would have been the party to appeal this Court's orders, not Latter & Blum. Additionally, the substance of those orders applies as well to other defendants who are still in the case. Thus,

---

[4] R. Doc. 233.

appeal of such orders at this juncture would not permit full and complete adjudication of the issues they addressed, and certifying an immediate appeal of those orders with respect to only Latter & Blum would certainly create the risk of piecemeal appeals.  Indeed, "'it is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.'" *MWK Recruiting, Inc. v. Jowers*, 2020 WL 7229977, at *12 (W.D. Tex. Dec. 8, 2020) (quoting 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2659 (3d ed. 1998)) (alteration omitted).  Considering these factors, the Court cannot certify that there is no just reason for delay.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Latter & Blum's motion to certify for immediate appeal this Court's July 7, 2021 and August 20, 2021 orders is DENIED.

New Orleans, Louisiana, this 14th day of October, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

4