**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSHUA AKEEM, ET AL.**<br>**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:19-CV-13650-BWA-DMD**<br>**AND CONSOLIDATED CASES** |
| **DASMEN RESIDENTIAL, LLC, ET AL.**<br>**Defendants** | **JUDGE BARRY W. ASHE** |
| | **MAGISTRATE JUDGE**<br>**DANA DOUGLAS** |
| **FILED: ______________________________** | **______________________________**<br>**DEPUTY CLERK** |
| **FILED IN: ALL CASES** | |

***Joshua Akeem, et al. v. Dasmen Residential LLC, et al.***
**USDC No. 2:19-CV-13650-BWA**
**-consolidated with-**
***Andrea Riley, et al. v. Dasmen Residential, LLC, et al.***
**USDC No. 2:19-CV-13636-BWA**
**-consolidated with-**
**-consolidated with-**
***Troyneisha Terrance, et al. v. Dasmen Residential, LLC, et al.***
**USDC No. 2:20-187-BWA**
**-consolidated with-**
***Johnshane Powell, et al. v. Dasmen Residential, LLC, et al.***
**USDC No. 2:19-13705-BWA**
**-consolidated with-**
***Charlene Miller, et al. v. Dasmen Residential, LLC, et al.***
**USDC No. 2:19-13673-BWA**
**-consolidated with-**
***Renata Walker, et al. v. Dasmen Residential, LLC, et al.***
**USDC No. 2:19-14634-BWA**[1]

# THIRD AMENDED MASTER COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs in the above referenced consolidated actions, **JOSHUA AKEEM, ET AL.** (hereinafter called "Plaintiffs"), by and through their attorneys, who in view of the Court's denial of Class Certification on

[1] These actions were consolidated by the District Court over the objection of Plaintiffs.

October 14, 2021 (R. Doc. 233), and with leave of Court (R. Doc. 255), file this Third Amended Master Complaint for Damages to add additional Plaintiffs who relied upon the prior Class Definition which interrupted prescription of their claims. It is noteworthy that undersigned Plaintiffs' Counsel published Notice of the Court's denial of Class Certification in various media publications (The Advocate/Nola.Com and The New Orleans Agenda); on various social media platforms (Facebook and Instagram); and on The Bagneris Firm LLC's website (www.bagnerislawfirm.com). The public was advised that there will not be other current and former tenants joining this action in the future without leave of Court.

This pleading relates back to the date of the original pleading because the amendment asserts claims that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.[2] Plaintiffs adopt and incorporate in this Third Amended Master Complaint all exhibits submitted with their Motion/Memorandum in Support of Class Certification by reference. (R. Doc. 177)

## INTRODUCTION

### AMENDED PARAGRAPH 1.

The consolidated actions requested class certification which was denied by the District Court on October 14, 2021. Plaintiffs, who are being added to these consolidated lawsuits, by virtue of this Third Amended Master Complaint relied upon the following class definition to interrupt prescription of their claims:

"All persons who sustained damage through hazardous conditions, including, but not limited to, exposure to water intrusion and/or exposure to fungal substances such as mold and mold spores which were growing on building materials and were released into the air of the following apartment complexes in New Orleans: Hidden Lakes/Laguna Run, Lakewind East/Laguna

[2] See Fed. R. Civ. Proc 15.

Reserve, Copper Creek/Laguna Creek, Chenault Creek/Carmel Brooks and Wind Run/Carmel Springs, and who meet any one of the following criteria:

1. You currently and/or formerly resided and/or had an employment relationship with (meaning reported to work at) the apartment complexes known as Hidden Lakes/Laguna Run, Lakewind East/Laguna Reserve, Copper Creek/Laguna Creek, Chenault Creek/Carmel Brooks; and Wind Run/Carmel Springs, before December 13, 2017, and you allege damages from hazardous conditions, including, but not limited to, water intrusion and/or exposure to fungal substances such as mold and mold spores which were growing on building materials and were released into the air.

2. You currently and/or formerly resided and/or had an employment relationship with (meaning reported to work at) the apartment complexes known as Hidden Lakes/Laguna Run, Lakewind East/Laguna Reserve, Copper Creek/Laguna Creek, Chenault Creek/Carmel Brooks, and Wind Run/Carmel Springs, after December 13, 2017 to the present, and you allege damages from hazardous conditions including, but not limited to, water intrusion and/or exposure to fungal substances such as mold and mold spores which were growing on building materials and were released into the air."

## AMENDED PARAGRAPH 2.

The majority of Plaintiffs are African Americans who live below the poverty line and require federal housing assistance through the United States Department of Housing and Urban Development ("HUD")/ Housing Authority of New Orleans ("HANO"). HUD/HANO's mission is to provide quality, affordable homes for all persons. The housing must be decent, safe, sanitary and in good repair. HUD's quality housing standards are set forth 24 C.F.R. §982.401.

## AMENDED PARAGRAPH 3.

Defendants breached their contractual duties to all Plaintiffs who were leaseholders at the subject apartment complexes. Defendants did not tender the leased premises in a clean, safe and good working condition. Defendants tendered the units failing to disclose conditions materially affecting the health or safety of Plaintiffs in violation of the lease agreements. Additionally, once Plaintiffs submitted maintenance requests, Defendants failed to diligently make repairs to

remove the hazardous conditions over which they exercised care, custody and control. **La. C.C. art. 2322.**

**AMENDED PARAGRAPH 4.**

Plaintiffs suffered damages as a result of the ruin of the buildings that encompass Defendants' apartment complexes. Neglectful property ownership and management caused indecent, unsafe, unsanitary conditions posing an unreasonable risk of harm to Plaintiffs. More specifically, Defendants allowed deteriorating structural components of buildings such as roofs, plumbing, gutters, slabs, siding, stairwells, etc. to cause persistent water-intrusion spurring widespread mold-infestation. Plaintiffs expressly allege "Sick Building Syndrome."[3] Additionally, Defendants' provision of inadequate security, failure to properly dispose of trash, failure to address insect, rodent, and reptile infestation, and failure to adhere to fire and safety building codes poses hazardous conditions to Plaintiffs.

## PARTIES

### PLAINTIFFS

**Plaintiffs are persons of the full age of majority, domiciled in the State of Louisiana, *except for one person*, and who are all former and/or current tenants of five (5) apartment complexes located in the Parish of Orleans, State of Louisiana. Plaintiffs bring this lawsuit against the current and former owners and property managers of the apartment complexes.**

[3] *See Watters v. Dept of Soc. Servs*., 15 So.3d 1128 (La. App. 4 Cir 2009) – class certified for environmental hazards, including mold and mold spores in the Plaza Tower Office Building alleging "Sick Building Syndrome."

## HIDDEN LAKES/LAGUNA RUN

1. **JOSHUA AKEEM** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a former lessee at the Laguna Run Apartment Complex. His former address was 7107 Martin Drive, Apartment H-104, New Orleans, Louisiana 70126.

2. **ASHTON NEVELS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. His former address was 7107 Martin Drive, Apartment H-104, New Orleans, Louisiana 70126.

3. **VIOLA ALLEN** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at the Laguna Run Apartment Complex. Her former address was 7107 Martin Drive, Apartment H-104, New Orleans, Louisiana 70126.

4. **JOHN ALLEN** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a former lessee at the Laguna Run Apartment Complex. His former address was 7107 Martin Drive, Apartment H-104, New Orleans, Louisiana 70126.

5. **BRANDY WILSON,** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **JADYN HOLMES** (age 8) and **JAMAR HOLMES (age 4).** She is a former lessee of Hidden Lake and Laguna Run Apartment Complexes. Her address was 7209 Martin Drive, Apartment F-209, New Orleans, Louisiana 70126.

6. **JANICE MORGAN** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee of Hidden Lake and Laguna Run Apartment Complexes. Her former address was 7123 Martin Drive, Apartment G-106, New Orleans, Louisiana 70126.

7. **LAQUINTA CARTER** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **ROBERT SPEARS** (age 11), **BOBBY SPEARS** (age 11), and **DARRELLNAY CARTER** (age 14). She is a former lessee of Hidden Lake and Laguna Run Apartment Complexes. Her former address was 7123 Martin Drive, Apartment G-104, New Orleans, Louisiana 70126.

8. **DARERANICA DUPLESSIS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **HONESTY WASHINGTON** (age 4). She is a former lessee of Hidden Lake and Laguna Run Apartment Complexes. Her former address was 7000 Morrison Road, Apartment A-101, New Orleans, Louisiana 70126.

9. **ANDREA RILEY** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **KURT RILEY** (age 14) and **REGINAE RILEY** (age 7). She is a former lessee at Laguna Run Apartment Complex. Her former address was 7021 Martin Drive, Apartment J-103, New Orleans, Louisiana 70126.

10. **HERBERT RILEY** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a former lessee at Laguna Run Apartment Complex. Her former address was 7021 Martin Drive, Apartment J-103, New Orleans, Louisiana 70126.

11. **AALIYAH RILEY** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Laguna Run Apartment Complex. Her former address was 7021 Martin Drive, Apartment J-103, New Orleans, Louisiana 70126.

12. **ANGELA WOODSON** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at the Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. M-210, New Orleans, Louisiana 70126.

13. **ASHLEY BROWN** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **AMARI EALY** (age 6). She is a former lessee at the Laguna Run Apartment Complex. Her former address was 7021 Martin Drive, Apt. J-211, New Orleans, Louisiana 70126.

14. **RENEE POWELL**, is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of his minor child, **ZAYDEN POWELL** (age 8). He is a former lessee at the Laguna Run Apartment Complex. His former address was 7021 Martin Drive, Apt. J-211, New Orleans, Louisiana 70126.

15. **DAKOTA BLUNT** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **KE'MON BLUNT** (age 9) and **KA'MILLE BLUNT** (age 5). She is a former lessee at the Laguna Run Apartment Complex, Her former address was 7021 Martin Drive, Apartment J-210, New Orleans, Louisiana 70126.

16. **CATHY HARRIS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at the Laguna Run Apartment Complex. Her former address at was 6900 Lake Kenilworth Drive, Apartment 110, New Orleans, Louisiana 70126.

17. **WILLARD HARRIS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a former lessee at the Laguna Run Apartment

Complex. His former address at was 6900 Lake Kenilworth Drive, Apartment 110, New Orleans, Louisiana 70126.

18. **PENNY JOHNSON** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee of Hidden Lake and Laguna Run Apartment Complexes. Her former address at was 6820 Martin Drive, Apt. D-103, New Orleans, Louisiana 70126.

19. **PORSHA BROOKS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit, individually and on behalf of her minor child, **MAJOR FOSTER** (age 8). She is a former lessee at Laguna Run Apartment Complex. Her former address was 7014 Martin Drive, Apartment U-211, New Orleans, Louisiana 70126.

20. **ROCHELLE MITCHELL** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **ANTHONY MITCHELL** (age 11), **AVA THOMPSON** (age 5) and **E'MONI MITCHELL** (age 1). She is former lessee at Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apartment T-218, New Orleans, Louisiana 70126.

21. **WENONAH CUTLER-CALLE** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit, individually and on behalf of her minor children, **ALLIYAH HULL** (age 15) **and JAMIER HULL** (age 14). She is a former lessee at Laguna Run Apartment Complex. Her former address was 6812 Lake Kenilworth Drive, Apartment N-104, New Orleans, Louisiana 70126.

22. **OSIRUS CUTLER** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Laguna Run Apartment Complex. Her former address was 6812 Lake Kenilworth Drive, Apartment N-104, New Orleans, Louisiana 70126.

23. **AUSURE CUTLER** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Laguna Run Apartment Complex. Her former address was 6812 Lake Kenilworth Drive, Apartment N-104, New Orleans, Louisiana 70126.

24. **TRICHELL SORRELL** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children**, LAY'SHA SORRELL** (age 12), **LALIA MOSELY** (age 11), **LEAH RODRIGUE** (age 15), **and LEGEND SORRELL** (age 14). She is a former lessee at Laguna Run Apartment Complex. Her former address at was 7005 Martin Drive, Apartment K-209, New Orleans, Louisiana 70126.

25. **TYHEASHA CRUMEDY** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Laguna Run Apartment

Complex. Her former address at Laguna Run was: 6918 Lake Kenilworth Drive, Apt. R-225, New Orleans, Louisiana 70126.

26. **KESHA SIMMONS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **LAILA ALONZO** (age 13), **BELLA RANDOLPH** (age 6), **and KALEB RANDOLPH** (age 3). She is a former lessee at Hidden Lake and Laguna Run Apartment Complexes. Her former address was 7020 Lake Kenilworth Drive, Apartment V-216, New Orleans, Louisiana 70126.

27. **JOHNSHANE POWELL** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Hidden Lake and Laguna Run Apartment Complexes.[4]

28. **KAWANNA KITT** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of his minor children, **DAMIAN PICHON, JR.** (age 12), **KE'AYRA SMITH** (age 6), **TAYLA MCDERMOTT** (age 6). She is a former lessee at Hidden Lake and Laguna Run Apartment Complexes. Her former address was 6930 Morrison Road, Apt. B-103, New Orleans, Louisiana 70126. Plaintiffs moved in September 2017 and moved out November 2019.

29. **DERON KITT**, is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. At all times pertinent hereto, Plaintiff resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6930 Morrison Road, Apt. B-103, New Orleans, Louisiana 70126. Plaintiff moved in September 2017 and moved out November 2019.

30. **DE'AYRA KITT**, is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. At all times pertinent hereto, Plaintiff resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6930 Morrison Road, Apt. B-103, New Orleans, Louisiana 70126. Plaintiff moved in September 2017 and moved out November 2019.

31. **PAULA LANG** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of his minor children, **RAHEEM BLACKWELL** (age unknown at this time) and **JA'MIREL LYNCH** (age unknown at this time). At all times pertinent hereto, Plaintiffs resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7014 Lake Kenilworth Drive, Apt. U-210, New Orleans, Louisiana 70126.

32. **KATRINA MILLNER** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of granddaughter who are minor child over whom she exercises guardianship, **MALAYSIA MILLNER** (age 5). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her

[4] This Plaintiff is represented by Attorney Devon Jarrett.

former address was 7000 Morrison Road, Apt. A-218, New Orleans, Louisiana 70126. Plaintiff moved in May 2015 and moved out June 2017.

33. **TERRANCE WILSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address 7000 Morrison Road, Apt. A-218, New Orleans, Louisiana 70126. Plaintiff moved in May 2015 and moved out June 2017.

34. **LAKECHA PASCHALL** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6900 Lake Kenilworth Dr., Apt. Q-107, New Orleans, Louisiana 70126. Plaintiff moved in October 2011 and moved out May 2018.

35. **DEQUAN PASCHALL** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former 6900 Lake Kenilworth Dr., Apt. Q-107, New Orleans, Louisiana 70126. Plaintiff moved in October 2011 and moved out May 2018.

36. **KEISHOUN PATTERSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 6813 Lake Kenilworth Drive, Apt. O-103, New Orleans, Louisiana 70126. Plaintiff moved into the complex in 2016 and moved out in September of 2021.

37. **MARY PATTERSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6901 Lake Kenilworth Drive, Apt. S-107, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex April 2009 and moved out October 2019.

38. **JAMES PATTERSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 6901 Lake Kenilworth Drive, Apt. S-107, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex April 2009 and moved out October 2019.

39. **KERRY PATTERSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **JAMIAYA PATTERSON** (age 12), **JAMIRAN PATTERSON** (age 14), and **GONZALO PATTERSON** (age 8). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6901 Lake Kenilworth Drive, Apt. S-107, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex April 2009 and moved out October 2019.

40. **JUAN PATTERSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 6901 Lake Kenilworth Drive, Apt. S-107, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex April 2009 and moved out October 2019.

41. **SHIRLEY PAYTON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6802 Lake Kenilworth Drive, Apt. 104, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in March 2017 and moved out in May 2019.

42. **LOVELL PAYTON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6802 Lake Kenilworth Drive, Apt. 104, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in March 2017 and moved out in May 2019.

43. **NIOKA PAYTON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **CAMERON JAMES** (age 14) and **KARON JAMES** (age 9). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6802 Lake Kenilworth Drive, Apt. 104, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in March 2017 and moved out in May 2019.

44. **RON JAMES, SR**. is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of his minor children, **CAMERON JAMES** (age 14) and **KARON JAMES** (age 9). He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 6802 Lake Kenilworth Drive, Apt. 104, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in March 2017 and moved out in May 2019.

45. **RON JAMES, JR.** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6802 Lake Kenilworth Drive, Apt. 104, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in March 2017 and moved out in May 2019.

46. **NAKEEVA SCHEXNAYER** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **DAJAH ERVIN** (age 15), and **DEVIN WARREN** (age 9). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6910 Morrison Road, Apt. C-214, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in July 2014 and moved out in December 2019.

47. **LESHONDA STEWART** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **DIAMOND STEWART** (age 14), and **DEMYRI STEWART** (age 12). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7000 Morrison Road, Apt. A-211, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in June 2013 and moved out in September 2017.

48. **NICOLE STEWART** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **NYLA ROSS** (age 16), **QUINTEN ROSS** (age 14), and **QUINCEY ROSS** (age 12). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6918 Lake Kenilworth Drive, Apt. R-106, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in August 2017 and moved out in December 2019.

49. **MELINDA BROWN** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. S-220, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in 2017 and moved out in 2018.

50. **RONIKA BROWN** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **JE-KYM BROWN** (age 10), **JASE BROWN** (age 7), **JAKOLBY BROWN** (age 5). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. S-220, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in 2017 and moved out in 2018.

51. **SHANDIN BURKE** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **KAMREN BURKE** (age 9). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6917 Lake Kenilworth Drive, Apt. O-213, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in 2014 and moved out in 2016.

52. **ARIANNE WASHINGTON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6917 Lake Kenilworth Drive, Apt. O-213, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in 2014 and moved out in 2016.

53. **ANGELA SIMEON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7123 Martin Drive, Apt. G-212, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in 2015 and moved out in June 2020.

54. **AKEEM SIMEON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 7123 Martin Drive, Apt. G-212, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in 2015 and moved out in June 2020.

55. **JASMINE JACKSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **BRIYAH MAHONEY** (age 15). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7107 Martin Drive, Apt. H-107, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in May 2018.

56. **COREY GRADY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 7107 Martin Drive, Apt. H-107, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in May 2018.

57. **LOLITA CRESSEY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7019 Lake Kenilworth Drive, Apt. T-215, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in June 2020 and moved out in December 2020.

58. **NINA CRESSEY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7019 Lake Kenilworth Drive, Apt. T-215, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in June 2020 and moved out in December 2020.

59. **ROSE TAYLOR** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6901 Lake Kenilworth Drive, Apt. P-106, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in July 2018 and moved out in 2020.

60. **JARED TAYLOR** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 6901 Lake Kenilworth Drive, Apt. P-106, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in July 2018 and moved out in 2020.

61. **JOSHUA TAYLOR** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 6901 Lake Kenilworth Drive, Apt. P-106, New

Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in July 2018 and moved out in 2020.

62. **ANTHONY TAYLOR** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 6901 Lake Kenilworth Drive, Apt. P-106, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in July 2018 and moved out in 2020.

63. **DAVANOTE TAYLOR** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6901 Lake Kenilworth Drive, Apt. P-106, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in July 2018 and moved out in 2020.

64. **MONIKA HALEY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7019 Lake Kenilworth Drive, Apt. T-102, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in March 2020 and still resides at the complex.

65. **EDDIE RODRIGUE** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 7019 Lake Kenilworth Drive, Apt. T-102, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in March 2020 and still resides at the complex.

66. **ROBIN HALEY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of his minor child, **JAHZARA PIERRE** (age 2). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7123 Martin Drive, Apt. G-101, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in July 2020 and still resides at the complex.

67. **THERESA WILLIAMS** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6917 Lake Kenilworth Drive, Apt. S-223, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in April 2017 and moved out in November 2019.

68. **SHATARA FRAZIER** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **JAYLA WILEY** (age unknown at this time). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. J-106, New Orleans, Louisiana 70126.

69. **BRENDA GARRISON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **ZARI JACKSON** (age 9) and **ZACHARY TAYLOR** (age 5). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7019 Lake Kenilworth Drive, Apt. T-217, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in August 2017 and moved out in October 2019.

70. **BRITTANY TUCKER** is a person of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **TYJUAN HUDSON** (age 5). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6901 Lake Kenilworth Drive, Apt. D-212, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in July 2018 and moved out in May 2020.

71. **STATIA NELSON** is a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, who files this lawsuit individually and on behalf of his minor child, **ENOCH NELSON** (age 3). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. O-110, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in December 2019 and moved out in August 2020.

72. **MIA ABBOTT** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **KALIAH MASON** (age 12). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7014 Lake Kenilworth Drive, Apartment U-214, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in February 2017 and moved out in December 2019.

73. **DAPHNE CROSS** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **TREY CROSS** (age 14). She resided at the Hidden Lakes/Laguna Run Apartment Complex from 2015 through 2019. Her former was 7001 Martin Drive, Apartments K-13 and Q-225, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in 2014 and moved out in August 2019.

74. **JEWELOUS FINLEY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at the Hidden Lakes/Laguna Run Apartment Complex from 2015 through 2019. Her former addresses were 7001 Martin Drive, Apartments K-13 and Q-225, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in 2014 and moved out in August 2019.

75. **BRIDGET BARDELL** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **DONTE' EDGERSON** (age 15) and **DONISHA EDGERSON** (age 15). From 2013 through 2017, she resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7019 Lake Kenilworth Drive, Apt. T-107, New Orleans,

Louisiana. Then, through November 2018, she resided at 6813 Lake Kenilworth Drive, Apt. O-107, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in July 2013 and moved out in December 2019.

**76. NICOLE RAY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **ELI RAY** (age 10) and **LEO RAY** (age 7). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former addresses were 6820 Morrison Road, Apt. D-218, New Orleans, Louisiana 70126 (2017-2018) and 7123 Martin Drive, Apartment G-217, New Orleans, Louisiana 70126 (2018-2019). Plaintiffs moved into the apartment complex in December 2017 and moved out in 2019.

**77. ALLYSON RUSSELL** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Morrison Road, Apartment R-104, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in 2013 and moved out in 2018.

**78. TEAERA RIDGLEY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **CHARM FILES** (age 10) and **DAKOTAH FRAZIER** (age 3). She resided at Hidden Lakes/Laguna Run Apartment Complex. She resided at an apartment on Morrison Road (Apartment Number Unknown) and then at 6918 Lake Kenilworth Drive, Apartment R-103, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in 2012 and moved out in 2020.

**79. HARRIONE ESTEEN** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **TA'TYONNE RHEA** (age 9) and **TI'YANA RHEA** (age 6). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7021 Martin Drive, Apartment J-216, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in 2016 and moved out in December 2020.

**80. BIANCA ABBOTT** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **ALASIA ABBOTT** (age 11). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6900 Lake Kenilworth Drive, Apt. Q-213, New Orleans, Louisiana 70126. Plaintiffs moved out in December 2019.

**81. STEPHEN COLA** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was at 6900 Lake Kenilworth Drive, Apt. Q-213, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in February 2017 and moved out in December 2019.

**82. SANDRA ALLEN** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6802 Lake Kenilworth Drive, Apt. M-107, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in November 2013 and moved out in August 2014.

**83. TERE'SHA BROOKS** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **NEVAEH BROOKS** (age 1) and **CHARLES BLUNT** (age 13). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. B-18, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment in June 2014 and moved out in 2018.

**84. ARIANNE DECOU** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **MIKHEIM THOMPSON** (age unknown at this time), **RODNEY DECOU** (age unknown at this time), **WISH KAIR** (age unknown at this time). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7123 Martin Drive, Apt. G-102, New Orleans, Louisiana 70126.

**85. VANESSA DECOU** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of grandsons who are minor children over whom she exercises guardianship, **KAISE FAIR** (age unknown at this time) and **NAMMER BUTLER** (age unknown at this time). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7123 Martin Drive, Apt. G-102, New Orleans, Louisiana 70126.

**86. JEWEL DIXON** is person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. O-228, New Orleans, Louisiana 70126.

**87. ANNA CALDERON-CLACANO** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6802 Lake Kenilworth Drive, Apt. M-106, New Orleans, Louisiana 70126. Plaintiff moved into the apartment in September 2020 and moved out in May 2021.

**88. MIA LAURENDINE** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her 6802 Lake Kenilworth Drive, Apt. M-106, New Orleans, Louisiana 70126. Plaintiff moved into the apartment in September 2020 and moved out in May 2021.

**89. SEMAJ ALVEREZ** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **BAILEE ALVEREZ** (age 5). She resided at Hidden Lakes/Laguna Run

Apartment Complex. Her former address was 7001 Martin Drive, Apt. M-107, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment in January 2019 and moved out in January 2021.

90. **BYRON SCOTT** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **BAILEE ALVEREZ** (age 5). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. M-107, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment in January 2019 and moved out in January 2021.

91. **MARGARET GORDON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7107 Martin Drive, Apt. H-111, New Orleans, Louisiana 70126. Plaintiff moved into the apartment in December 2017 and moved out in 2019.

92. **MARVIN GORDAN, JR.** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7107 Martin Drive, Apt. H-111, New Orleans, Louisiana 70126. Plaintiff moved into the apartment in December 2017 and moved out in 2019.

93. **JANETTA HONOR** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **AUBREY THOMAS** (age 7). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6820 Morrison Road, Apt. B-109, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment in April 2013 and moved out in December 2018.

94. **WESLEY HONOR** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana 70126. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6820 Morrison Road, Apt. B-109, New Orleans, Louisiana 70126. Plaintiff moved into the apartment in April 2013 and moved out in December 2018.

95. **DARRIN HUBBARD** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of his minor child, **ETHAN CLUBB** (age 14). She resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 7019 Lake Kenilworth Drive, Apt. T-229, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment in 2015 and moved out in 2018.

96. **MIKAYLA HUBBARD** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7019 Lake Kenilworth Drive, Apt. T-229,

New Orleans, Louisiana 70126. Plaintiff moved into the apartment in 2015 and moved out in 2018.

97. **DARRIUS CLUBB** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 7019 Lake Kenilworth Drive, Apt. T-229, New Orleans, Louisiana 70126. Plaintiff moved into the apartment in 2015 and moved out in 2018.

98. **JOSEPH JACKSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of his minor child, **MILAN JACKSON** (age 2). She resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 6900 Lake Kenilworth Drive, Apt. Q-226, New Orleans, Louisiana 70126. Plaintiffs moved into the apartment complex in 2016 and moved out in August 2019.

99. **ANDREW JAMES** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 7001 Martin Drive, Apt. J-106, New Orleans, Louisiana 70126.

100. **LOUIS FRAZIER** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 7001 Martin Drive, Apt. J-106, New Orleans, Louisiana 70126.

101. **ERICA JOHNSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **JAMAL MILTON, JR.** (age 14), **ROMELLO JOHNSON** (age 11), and **MAX LAURENT** (age 3). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Martin Drive, Apt. A-217, New Orleans, Louisiana 70126. Plaintiffs moved in April 2019 and moved out January 2020.

100.**IRMA JOHNSON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Plaintiff resided at 6812 Lake Kenilworth Drive, Apt. N-101, New Orleans, Louisiana 70126. Plaintiff moved in 2011 and moved out September 2018.

101.**JEANETTE JONES** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **KE'MYRA HILL** (age 15) and **JA'KEEM JONES** (age 13). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7021 Martin Drive, Apt. J-209, New Orleans, Louisiana 70126. Plaintiffs moved in December 2013 and still reside in the apartment complex.

102.**JA'NAE JONES** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address is 7021 Martin Drive, Apt. J-209, New Orleans, Louisiana 70126. Plaintiff moved in December 2013 and still resides in the apartment complex.

103.**TERRILL LEWIS** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address is 7021 Martin Drive, Apt. J-209, New Orleans, Louisiana 70126. Plaintiff moved in December 2013 and still resides in the apartment complex.

104.**DIANE KEELER** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex Her former address is 6900 Lake Kenilworth Drive, Apt. Q-110, New Orleans, Louisiana 70126. Plaintiff moved in 2009 and moved out in 2018.

105.**LYNETTE KING** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6802 Lake Kenilworth Drive, Apt. M-102, New Orleans, Louisiana 70126. Plaintiff moved in 2016 and moved out August 2019.

106.**JARRED BRISBON** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Hidden Lakes/Laguna Run Apartment Complex. His former address was 7000 Morrison Road, Apt. A-102, New Orleans, Louisiana 70126. Plaintiff moved into the apartment complex in March 2019 and moved out in October 2019.

107.**CHERRONDA STERLING** is a person of the full age of majority and domiciled in the State of Texas, who files this lawsuit individually and on behalf of her minor children, **RAMYRI STERLING** (age 12) and **RYVON STERLING** (age 8). She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 6917 Lake Kenilworth Drive, Apt. A-211, New Orleans, Louisiana 70126.

108.**TIFFANY SIBLEY** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. She resided at Hidden Lakes/Laguna Run Apartment Complex. Her former address was 7001 Morrison Road, Apt. P-105, New Orleans, Louisiana 70126.

## LAKEWIND EAST/LAGUNA RESERVE

100.**CHARLENE MILLER** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Laguna Reserve Apartment Complex. Her former address at Laguna Reserve was 5131 Bundy Road, Apt. D-217, New Orleans, Louisiana 70126.

101.**ERIC BROWN** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a current lessee at Laguna Reserve Apartment Complex located at 5131 Bundy Road, Apt. K-22 and K-32, New Orleans, Louisiana 70126.

102.**TIFFANY WADE** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who brings this lawsuit individually and on behalf of her minor children, **AVA WADE** (age 4) **and DEJON BOWIE** (age 13). She is a current lessee at Laguna Reserve Apartment Complex. Her current address at Laguna Reserve is 5131 Bundy Road, Apt. R-10, New Orleans, Louisiana 70126.

103.**NATHAN DICKERSON, JR.** is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. He resided at Laguna Reserve Apartment Complex located at 5131 Bundy Road, Apt. R-10, New Orleans, Louisiana 70126.

104. **LISA SANDERS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a current lessee at Laguna Reserve Apartment Complex located at 5131 Bundy Road, Apt. S-13, New Orleans, Louisiana 70126.

105.**SHIRLENE SANDERS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a current lessee at Laguna Reserve Apartment Complex located at 5131 Bundy Road, Apt. S-13, New Orleans, Louisiana 70126.

106.**SHIRLEY RICHARDSON** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a current lessee at Laguna Reserve Apartment Complex located at 5131 Bundy Road, Apt. E-15, New Orleans, Louisiana 70126.

## CHENAULT CREEK/CARMEL BROOKS APARTMENTS

107.**RENATA WALKER** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **ANARI LEWIS** (age 9), **ELAIYAH LEWIS** (age 8), **ANIYAH LEWIS** (age 6), **and JAYLEN WALKER** (age 4). She is a former lessee at Carmel Brooks Apartment Complex. Her former address was 12345 N-10 Service Road, Apartment 1502, New Orleans, Louisiana 70128.

108.**TIFFANY A. CERRE** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a current lessee at Carmel Brooks Apartment Complex. Her address is 12345 N-10 Service Road, Apt. 202, in New Orleans, Louisiana 70128.

109.**CAMILLE FLETCHER** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Carmel Springs Apartment Complex. Her address was 12151 N-10 Service Road, Apt. 202, New Orleans, Louisiana 70128.

110.**TOMER ZAUBROFF** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a former lessee at Carmel Springs Apartment

Complex. His address was 12151 N-10 Service Road, Apt. 115, New Orleans, Louisiana 70128.

111.**AALIYAH TAYLOR** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **AVERY ROSS** (age 2) **and ARDEN ROSS** (age 1). She is a former lessee at Carmel Brooks Apartment Complex. Her former address was 12345 N-10 Service Road, Apartment 306, New Orleans, Louisiana 70128.

112.**DARVELL ROSS** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a former lessee at Carmel Springs Apartment Complex. His address was 12151 N-10 Service Road, Apt. 306, New Orleans, Louisiana 70128.

## WIND RUN/CARMEL SPRINGS APARTMENTS

113.**MELANIE ANDERSON** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor child, **D'MONTAE ANDERSON** (age 6). She is a former lessee at Carmel Springs Apartment Complex. Her former address was 12151 N-10 Service Road, Apt. 525, New Orleans, Louisiana 70128.

114. **DIAMOND ANDERSON** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Carmel Springs Apartment Complex. Her former address was 12151 N-10 Service Road, Apt. 525, New Orleans, Louisiana 70128.

115.**TAWANNA ANDERSON** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Carmel Springs Apartment Complex. Her former address was 12151 N-10 Service Road, Apt. 525, New Orleans, Louisiana 70128.

116.**EDWARD ANDERSON** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a former lessee at Carmel Springs Apartment Complex. He is a former lessee at Carmel Springs Apartment Complex. His former address was 12151 N-10 Service Road, Apt. 525, New Orleans, Louisiana 70128.

117.**AHSHAKI RILES** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Carmel Springs Apartment Complex. Her address was 12151 N-10 Service Road, Apt. 115, New Orleans, Louisiana 70128.

118.**RITA RILES** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Carmel Springs Apartment Complex. Her address was 12151 N-10 Service Road, Apt. 115, New Orleans, Louisiana 70128.

119.**DARNDRIKA HALEY** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who files this lawsuit individually and on behalf of her minor children, **LEAH HALEY** (age 16) **and DRIKANATH HALEY** (age 14). She is a former lessee at Carmel Springs Apartment Complex. Her address was 12151 N-10 Service Road, Apt. 107, New Orleans, Louisiana 70128.

120.**NAJA HALEY** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. She is a former lessee at Carmel Springs Apartment Complex. Her address was 12151 N-10 Service Road, Apt. 107, New Orleans, Louisiana 70128.

121.**NATHANIEL MARTIN** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a former lessee at Carmel Springs Apartment Complex. His address was 12151 N-10 Service Road, Apt. 107, New Orleans, Louisiana 70128.

## COPPER CREEK/LAGUNA CREEK APARTMENT COMPLEX

122.**LISHA BARLEY** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who brings this lawsuit individually and on behalf of her minor children, **ANALYA BARLEY** (age 9) **and GIYA BARLEY** (age 4). She is a current lessee at Laguna Creek Apartment Complex. Her address is 6881 Parc Brittany Blvd., Apt. D-105, New Orleans, Louisiana 70128.

123.**LAWRENCE DAVENPORT, JR.** is a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana. He is a current lessee at Laguna Creek Apartment Complex. Her address is 6881 Parc Brittany Blvd., Apt. H-105, New Orleans, Louisiana 70128.

## DEFENDANTS

### AMENDED PARAGRAPH 6.

Defendants are former and/or current property owners/managers (and their insurers) of Hidden Lake/Laguna Run, Lakewind East/Laguna Reserve, Copper Creek/Laguna Creek; Chenault Creek/Carmel Brooks and Wind Run/Carmel Springs, who caused Plaintiffs to suffer damages occasioned by the ruin of buildings, as a result of neglect to repair them.

**A. <u>THE FORMER OWNERS PRIOR TO DECEMBER 13, 2017:</u>**

(1) **EASTLAKE DEVELOPMENT, LLC (hereinafter referred to as "Eastlake Development")** is a domestic corporation organized under the laws of the State of Louisiana.

(2) **LAKEWIND EAST APARTMENTS, LLC (hereinafter referred to as "Lakewind East**) is a domestic corporation organized under the laws of the State of Louisiana.

(3) **TRIANGLE REAL ESTATE OF GASTONIA, INC., (hereinafter referred to as "Triangle Real Estate")** is a foreign corporation organized under the laws of the State of North Carolina.

(4) **SOUTHWOOD REALTY COMPANY (hereinafter referred to as "Southwood Realty")** is a foreign corporation organized under the laws of the State of North Carolina.[5]

**B. <u>THE CURRENT OWNERS AFTER DECEMBER 13, 2017:[6] (collectively referred to as "RH Defendants")</u>**

(5) **RH EAST LAKE, LLC** (hereinafter referred to as "RH East Lake") is a foreign corporation organized under the laws of the State of Delaware.

(6) **RH LAKEWIND EAST, LLC** (hereinafter referred to as "RH Lakewind East") is a foreign corporation organized under the laws of the State of Delaware.

(7) **RH COPPER CREEK, LLC** (hereinafter referred to as "RH Copper Creek") is a foreign corporation organized under the laws of the State of Delaware.

(8) **RH WINDRUN, LLC** (hereinafter referred to as "RH Windrun") is a foreign corporation organized under the laws of the State of Delaware.

(9) **RH NEW ORLEANS HOLDINGS, LLC** (hereinafter referred to as "RH New Orleans Holdings") is a foreign corporation organized under the laws of the State of Delaware.

---

[5] Triangle Real Estate and Southwood Realty have the same President, namely: Herman E. Ratchford, Jr. They share the domicile address of 165 S. York Street, Gastonia, NC 28053. They share the same principal office located at 165 S. York Street, Gastonia, North Carolina 28053. They share the same registered agent for service: Andrew Burnside of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 701 Poydras Street, Suite 3500, New Orleans, Louisiana 70139.

[6] All of the RH entities (RH Eastlake, RH Lakewind East, RH Copper Creek, RH Windrun, and RH New Orleans Holdings) have the same sole member, namely: Mark Silber. They share the same domicile address of 1013 Centre Road, Suite 403-B, Wilmington, Delaware 19805. They share the same principal office located at 400 Rella Blvd., Suite 301, Suffern, New York 10901. They share the same registered agent for service: Vcorp Agent Services, Inc., 3867 Plaza Tower Blvd., 1st Floor, Baton Rouge, Louisiana 70816.

**C. <u>THE FORMER PROPERTY MANAGEMENT COMPANIES (collectively referred to as "Eastlake Defendants")</u>**

(10) **KFK GROUP, LLC** ((hereinafter referred to as "KFK Group") is a domestic corporation organized under the laws of the State of Louisiana.

(11) **KFK DEVELOPMENT, LLC** (hereinafter referred to as "KFK Development") is a domestic corporation organized under the laws of the State of Louisiana.

(12) **DASMEN RESIDENTIAL, LLC** (hereinafter referred to as "Dasmen") is a foreign corporation organized under the laws of Delaware.

**D. <u>THE INSURER</u>**

(13) **WILSHIRE INSURANCE COMPANY** (hereinafter referred to as "Wilshire") is a foreign corporation organized under the laws of the State of North Carolina, which provided a policy of insurance that insured Defendants Eastlake Development, KFK Group, KFK Development, and Latter & Blum. It also provided a policy of insurance that insured Defendants Dasmen Residential, LLC, RH New Orleans Holdings, LLC, RH Chenault Creek, LLC, RH Copper Creek, LLC, RH Windrun LLC, RH East Lake, LLC, and RH Lakewind East, LLC.

Plaintiffs reserve the right to amend and to supplement this listing of defendants as new entities are discovered in this lawsuit.

## JURISDICTION

### AMENDED PARAGRAPH 7.

The consolidated lawsuits were originally filed in Orleans Parish, Louisiana. Defendants removed the consolidated lawsuits to the USDC, EDLA, pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"), because (A) there are more than 100 members of the proposed class, (B) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (C) there is diversity of citizenship between one plaintiff class member and defendant.[7]

---

[7] 28 U.S.C. §1332(d)(2); *Robertson v. Exxon Mobil Corp.,* 814 F.3d 236 (5th Cir. 2015) (*citing Hood ex rel. Mississippi v. JP Morgan Chase & Co*., 737 F.3d 78, 85-86 (5th Cir. 2013). Plaintffs' have filed two Motions to

## VENUE

### AMENDED PARAGRAPH 8.

Venue is proper because the USDC, EDLA is the district court embracing Orleans Parish, Louisiana, where the state court action is pending.[8]

## JOINT AND IN SOLIDO LIABILITY

### AMENDED PARAGRAPH 9.

Defendants are jointly and *in solido* liable and indebted to Plaintiffs for such damages as are reasonable in the premises, including bodily injuries, emotional distress, loss of enjoyment of life, medical expenses, property damages and relocation expenditures, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings for the following reasons, to-wit:

## FACTUAL BACKGROUND

### AMENDED PARAGRAPH 10.

Upon information and belief, ALL of the subject apartment complexes [Hidden Lake/Laguna Run, Lakewind East/Laguna Reserve, Copper Creek/Laguna Creek; Chenault Creek/Carmel Brooks and Wind Run/Carmel Springs], were the subject of a **December 13, 2017** bulk sale of property between Elie Khouri [the owner of Eastlake Development, KFK Development, and KFK Group]; Herman E. Ratchford, Jr. [the owner of Triangle Real Estate and Southwood Realty]; and Mark Silber [the owner of all of the RH Entities]. Curiously, some

---

Remand which have been denied by the District Court. Plaintiffs do not contend that federal court jurisdiction is appropriate.

[8] See 28 U.S.C. §1441; 28 U.S.C. §98(a) ("The Eastern District compromises the parishes of … Orleans…"). Plaintiffs do not concede that venue is proper.

of the properties were transferred at no cost to the RH Entities. **The total number of apartment units transferred in the commercial transaction was 1,990.**

**<u>AMENDED PARAGRAPH 11.</u>**

Prior to the December 13, 2017 transfers, the Triangle Defendants (Triangle and Southwood), which are related entitles, owned four of the apartment complexes. (R. Doc. 165 at 9-10). Specifically, Triangle owned Carmel Brooks, Lakewind owned Laguna Reserve, and Southwood owned Laguna Creek. (R. Doc. 169-1 at 2). While the Triangle Defendants owned these buildings, the Triangle Defendants served as the property management company.

**<u>AMENDED PARAGRAPH 12.</u>**

On December 13, 2017, the Triangle Defendants sold their respective properties to Chenault Creek (Carmel Brooks), Lakewind East (Laguna Reserve), and Copper Creek (Laguna Creek). (R. Doc. 169-1 at 2. Wind Run sold Carmel Springs to Windrun.

**<u>AMENDED PARAGRAPH 13.</u>**

Eastlake, which is wholly owned by KFK Group and KFK Development, owned Laguna Run from December 11, 2012 until December 14, 2017, when it sold the property to RH East Lake. (R. Doc. 174-1 at 3.)

**<u>AMENDED PARAGRAPH 14.</u>**

Latter & Blum Management, Inc. (Latter & Blum), which the District Court dismissed from this lawsuit, was Laguna Run's property manager from April 25, 2016 through December 14, 2017. (R. Docs. 199 & 215 for dismissals)

**AMENDED PARAGRAPH 15.**

After the sales, Dasmen and the Lynd Company managed the various properties. (R. Doc. 165 at 10-11).

**AMENDED PARAGRAPH 16.**

At all times pertinent hereto, all of the owners and property managers knew about the water intrusion, mold, and numerous other defects in the property and failed to fix them.

**AMENDED PARAGRAPH 17.**

At all times pertinent hereto, the Eastlake and Triangle Defendants misrepresented that the properties were in good condition and free of vices, ruin and defects with the properties were sold in December 2017.

**AMENDED PARAGRAPH 18.**

Moreover, all of the owner defendants breached the lease agreements in various ways, including failing to tender apartment units that were clean, safe and in good working condition. Plaintiffs expressly assert theories of liability including strict liability, negligence, fraud, negligent misrepresentation, and breach of contract as to all Plaintiffs. More specifically, after the District Court's dismissals of various parties and claims from these consolidated lawsuits, the tenant plaintiffs retained the following claims:

Plaintiffs retain claims for negligence and breach of contract related to lease agreements against **Defendants RH EAST LAKE, LLC**; **RH LAKEWIND EAST, LLC**; **RH COPPER CREEK, LLC**, **RH WINDRUN, LLC**; and **RH NEW ORLEANS HOLDINGS, LLC.**

Plaintiffs retained claims against **Defendants EASTLAKE, TRIANGLE AND SOUTHWOO**D for breach of contract related to lease agreements.

Plaintiffs retained claims against Defendant **DASMEN** for negligence.

## HIDDEN LAKE/LAGUNA RUN

### AMENDED PARAGRAPH 19.

The building structures known as Hidden Lake/Laguna Run were built in 1970. The apartment complex has 442 units. It is comprised of multiple 2-story buildings. There units range from 729 square feet to 1,086 square feet in size. The apartment complex spans 30 acres around a stagnant pond infested with water moccasins and alligators. The pond is not fenced and poses a safety hazard to children and other residents.

### WIDESPREAD WATER-INTRUSION ISSUES

### AMENDED PARAGRAPH 20.

Laguna Run has substantial water intrusion issues causing the ruin of the building:

A. The majority of buildings consist of Duro-Last roofs that were sealed improperly. Since the construction of the building in 1970, the roofs have deteriorated over time. Traumatic roof damage is causing water-intrusion to the upstairs units. The upstairs units are leaking into the downstairs units. The roof has never been replaced; instead, the roof is consistently patched. The roofs are rotting and becoming sponge-like causing instability and dangerous conditions. Because the roofs are flat, water pools and there is no way for it to run off.

B. A few of the buildings have gray shingle roofs that cause water-intrusion because the buildings do not have gutters to redirect the flow of water.

C. The air conditioning units sit directly on the Duro-Last rooftops and were installed improperly. They should have been constructed on raised platforms; instead, they were installed directly on the roof causing water to pool on the rooftops. Therefore, the air conditioning units serve as a source of water-intrusion into second floor apartments. Some of the air conditioning units are inoperable and were just taken apart and left on rooftops.

D. Ten to twelve buildings have "floating slabs". The drainage system is deteriorating and causing the slabs to separate from the buildings. As a result, inches of water rise up from the slab and flood first floor apartments.

E. The foundation/slabs of other buildings are sinking, cracking and shifting causing water intrusion into downstairs units.[9] In some buildings, there were actual sink holes in the slab.

F. The cast iron pipes that were original to the building when it was constructed in 1970 are eroding, developing hairline fractures, and causing severe plumbing problems throughout the entire apartment complex. Both the Regional Maintenance Supervisor, John House, and the Renovation Project Manager, Tony Crawford, recommended to Dasmen's corporate office that all cast iron pipes be removed and replaced with PVC pipe to satisfy building codes and render the buildings watertight. The recommendations were rejected by Dasmen.

G. The breach of the cast iron pipes is causing urine and feces to back up from toilets, tubs and sinks. It is also causing urine and feces to drain down walls and ceilings from upstairs apartments into downstairs apartments.

H. The siding on the buildings is retaining water due to the lack of gutters.

I. The windows are sealed improperly causing water intrusion.

J. The water intrusion is causing the wood framing inside of the walls to rot.

K. The water intrusion is causing the handrails and staircases to erode and become hazardous.

L. The water intrusion causes structural weakness of the second floors causing them to rot, weaken and collapse into first floor apartments. Numerous first floor ceilings have collapsed into first floor apartments. One to two ceilings per week would collapse due to water intrusion issues.

M. Doors are leaking causing water intrusion issues.

**AMENDED PARAGRAPH 20.**

The Project Manager for Defendant Dasmen Residential, Tony Crawford, provided actual notice of the foregoing vices and defects to Jay Ginsberg and Joe Erblich in the corporate office of Defendant Dasmen Residential.

---

9 Ex. 6, Depo Tr. of John House at p. 33; Ex. 10, Depo Tr. of Tony Crawford at pp. 35-36.

**WIDESPREAD MOLD-INTRUSION ISSUES**

**AMENDED PARAGRAPH 21.**

Laguna Run's widespread water-intrusion issues occurred over an extended period of time causing the ruin of the building and spurring widespread mold-intrusion throughout the apartment complex including apartment units and common areas.

**AMENDED PARAGRAPH 22.**

Maintenance crews were never properly trained to perform mold remediation; hence, mold remediation was performed improperly. The maintenance men would spray the mold with Kilz or bleach and only cut out the affected portion of the sheetrock. They were not cutting the sheetrock to the wood and curing it. Insulation was not being removed and replaced. Patchwork was being performed with tenants, including small children, living in the units.

**AMENDED PARAGRAPH 23.**

Whenever cabinets, vanities and sheetrock were removed at Laguna Run to perform cosmetic renovations, extensive plumbing problems, mold, insect and rodent infestation was evident throughout the apartment complex.

**AMENDED PARAGRAPH 24.**

The apartments at Laguna Run shared a common ventilation system (HVAC) which allowed mold and mold spores to spread throughout the apartment complex by air.

**AMENDED PARAGRAPH 25.**

There was also widespread mold intrusion in the common areas of Laguna Run including, but not limited to, laundry rooms, hallways and stairwells.

**AMENDED PARAGRAPH 26.**

Dasmen Residential brought at least one mold abatement company to Laguna Run to provide bids for mold abatement; however, Dasmen did not hire them for financial reasons.

**AMENDED PARAGRAPH 27.**

The maintenance staff was instructed by Dasmen Residential to spray Kilz, bleach or Microban on the mold knowing that it would not stop the spread of mold, but only silence tenants' complaints for a few days. Former maintenance employees testified that water-soaked carpets were replaced at the discretion of the property manager. Many carpets were not replaced and maintained an odor and mold growth from water damage. Tenants at Laguna Run were not relocated during mold remediation efforts, even if they had young children.

**WIDESPREAD ELECTRICAL PROBLEMS**

**AMENDED PARAGRAPH 28.**

Laguna Run had extensive electrical wiring problems because the wiring was outdated, not up to the City of New Orleans' building codes and posed a fire hazard. The electrical panels were left uncovered which caused safety issues.

**WIDESPREAD INSECT, RODENT AND REPTILE INFESTATION ISSUES**

**AMENDED PARAGRAPH 29.**

There was a widespread problem with insect, rodent, and reptile infestation at Laguna Run. There were bats and rats inside of the walls and HVAC ventilation system. There were poisonous water moccasins that would enter tenants' units and nest on outside patios. There were five-to-six-foot alligators in an unfenced lake on the property. There are signs posted by the property managers stating: "Do not feed the alligators." All of these issues present an unreasonable risk of harm to tenants.

**VIOLATIONS OF LOUISIANA FIRE CODE**

**AMENDED PARAGRAPH 30.**

On September 3, 2019, the Louisiana State Fire Marshall and the New Orleans Fire Department conducted a unit-to-unit inspection of Laguna Run. They cited Laguna Run's owners for the following violations of the NFPA National Fire Alarm and Signaling Code and NFPA Standard for Portable Fire Extinguishers:

A. The fire alarm system at the complex was inoperable;

B. The fire alarm systems had faulty wiring;

C. Extension cords were being used as permanent wiring in electrical rooms;

D. There were open electrical junction boxes;

E. Exits were not clearly marked;

F. The travel distance to fire extinguishers exceeded the maximum of 75 feet;

G. Every apartment unit lacked an operable smoke detector;

H. Every apartment unit lacked a fire extinguisher; and

I. There was no fire safety evacuation plan posted in every building.

**AMENDED PARAGRAPH 31.**

Because of the hazardous condition of the fire alarm system, the New Orleans Fire Department set up a mandatory life-safety protection for the residents which allowed them to stay in their homes. The fire department set up a fire-watch to monitor the facility for smoke or fire activity until fire protection equipment could be repaired or installed. A conference call was held with the property owner, property manager, and City Code Enforcement to bring the facility into compliance. 315 battery-operated, 10-year smoke alarms were installed at Laguna Run until the deficiencies could be addressed by Dasmen. It was determined that 140 unites were occupied

by HANO-voucher recipients. On September 11, 2019, the fire departments re-inspected Laguna Run and noted the deficiencies were satisfied. The fire alarm system at Laguna Run was inoperable until September 11, 2019. The foregoing negligent conduct of the Defendants endangers the lives of every Laguna Run resident and employee.

**VIOLATIONS OF CITY OF NEW ORLEANS' BUILDING CODES**

**AMENDED PARAGRAPH 32.**

In response to a request from the Metropolitan Crime Commission, the City of New Orleans developed a task force to inspect every unit at Laguna Run on September 3, 2019. The City's Code Enforcement Department documented hazards and deficiencies including "a proliferation of mold, leaking plumbing, improper electrical wiring, and non-working and missing mandatory smoke and fire alarm protection.

**AMENDED PARAGRAPH 33.**

According to the sworn testimony of Zachary Smith, the Corporate Representative of the City's Department of Safety and Permits, the presence of the following violations of Chapter 26 of the Building Code were noted at Laguna Run:

A. A proliferation of mold throughout the complex;

B. Holes in walls and ceilings;

C. Ceiling leaks;

D. Deteriorated floors;

E. Window problems;

F. Roof issues;

G. Siding issues;

H. Electrical problems;

I. Plumbing issues including feces and urine running down walls and ceilings;

J. Trash issues;

K. Green Swimming Pool.

Mr. Smith testified that the City was frustrated that in the midst of all of the code violations and deplorable living conditions, *which rank at the highest levels of severity,* tenants were being evicted from the property for complaining about the conditions. He testified the owners did not appear "to be acting in good faith." Further, when the City returned to inspect the property on November 5, 2019, the conditions persisted showing a grave indifference to City's authority by the owner and property manager.

**VIOLENT CRIME/INADEQUATE SECURITY**

**AMENDED PARAGRAPH 34.**

Security at Laguna Run is inadequate. There is widespread crime, including violent crime, at Laguna Run. Drug deals, shootings, and murders were occurring in broad daylight in common areas of the apartment complex. In fact, one of the proposed class representatives, Mr. Dwayne Pierce, was murdered in his apartment during the pendency of this case. Due to the unsafe conditions and inadequate security, Dasmen's maintenance men started carrying firearms to protect themselves while conducting repairs. Residents frequently expressed concerns for their safety to maintenance workers.

**AMENDED PARAGRAPH 35.**

Approximately eighty (80) apartment units are vacant and unsecured, given access to armed squatters and criminals to inhabit them. There is a huge hole in the back of the fence that people use to gain entry to the complex.

## LAKE WIND EAST/LAGUNA RESERVE

### AMENDED PARAGRAPH 36.

Lakewind East/Laguna Reserve is located at 5131 Bundy Road, New Orleans, Louisiana 70127. It was constructed in 1985 and consists of 348 units. Each building is three stories. The apartments range in size from 750 square feet to 1,250 square feet.

### WIDESPREAD WATER-INTRUSION ISSUES

### AMENDED PARAGRAPH 37.

Laguna Reserve had the following water intrusion issues that caused the ruin of the building:

A. The roofs and chimney caps were not properly installed and/or designed which caused water-intrusion issues. This issue was finally addressed in 2019, but the water intrusion had already caused substantial damages to every apartment unit and the widespread presence of mold throughout the apartment complex.

B. The air conditioning units and hot water heaters were placed in the same closet creating moisture and water-including issues.

C. There were water intrusion issues present on all balconies, stairwells and common areas.

### WIDESPREAD MOLD-INTRUSION

### AMENDED PARAGRAPH 38.

Water-intrusion from the roofs and chimney caps was neglected over an extended period of time spurring mold-intrusion throughout Laguna Reserve. Additionally, the air conditioning units were installed in the same closet as the hot water heaters creating moisture and water-intrusion issues spurring mold growth in 1/3 of the units at Laguna Reserve. There were tremendous amounts of mold in common areas such as laundry rooms.

**AMENDED PARAGRAPH 39.**

The apartments at Laguna Reserve shared a common ventilation system (HVAC) which allowed mold and mold spores to spread throughout the apartment complex through the air.

**AMENDED PARAGRAPH 40.**

Maintenance crews were never properly trained to perform mold remediation; hence, mold remediation was performed improperly. The maintenance men would spray the mold with Kilz /bleach and only cut out the affected portion of the sheetrock. They were not cutting the sheetrock to the wood and curing it. Insulation was not being removed and replaced. Mold remediation was being performed with tenants, including small children, living in the units.

**WIDESPREAD ELECTRICAL PROBLEMS**

**AMENDED PARAGRAPH 41.**

Laguna Reserve had widespread electrical problems caused by neglect to make repairs.

## WINDRUN/CARMEL SPRINGS

**AMENDED PARAGRAPH 42.**

The building structures known as Windrun/Carmel Springs Apartment Complex were built in 1984. The apartment complex is comprised of 400, 2-story units. The complex offers two styles of apartments ranging in size from 680 square feet to 860 square feet.

**AMENDED PARAGRAPH 43.**

When Carmel Springs was owned by Triangle Real Estate, Southwood Realty served as the property manager. From December 14, 2017 through November 2019, when RH Windrun owned the property, Dasmen Residential served as property manager. Then, after the filing of the subject lawsuits, RH Windrun terminated its contract with Dasmen Residential in September 2019 and hired Lynd to serve as property manager.

**WIDESPREAD WATER INTRUSION ISSUES**

**AMENDED PARAGRAPH 44.**

Every roof at Carmel Springs leaks causing water-intrusion.

**WIDESPREAD MOLD-INTRUSION ISSUES**

**AMENDED PARAGRAPH 45.**

Due to the roofs leaking over an extended period of time, there is mold-intrusion present in every building.

**AMENDED PARAGRAPH 46.**

The apartments at Laguna Reserve shared a common ventilation system (HVAC) which allowed mold and mold spores to spread throughout the apartment complex through the air.

**AMENDED PARAGRAPH 47.**

The maintenance crews at Carmel Springs were never properly trained to perform mold remediation; hence, mold remediation was performed improperly. The maintenance men would spray the mold with Kilz and only cut out the affected portion of the sheetrock. They were not cutting the sheetrock to the wood and curing it. Insulation was not being removed and replaced. Mold remediation was being performed with tenants, including small children, living in the units.

**WIDESPREAD ELECTRICAL PROBLEMS**

**AMENDED PARAGRAPH 48.**

Carmel Springs has widespread electrical problems caused by neglect to make repairs. The electrical wiring does not satisfy City building codes.

## CHENAULT CREEK/CARMEL BROOKS

### AMENDED PARAGRAPH 49.

The building structures known as Chenault Creek/Carmel Brooks Apartment Complex were built in 1989. The apartment complex is comprised of 584, 3 story units. The size of the units ranges from 539 square feet to 953 square feet.

### AMENDED PARAGRAPH 50.

When Carmel Brooks was owned by Triangle Real Estate, Southwood Realty served as the property manager. From December 14, 2017 through November 2019, when RH Chenault owned the property, Dasmen Residential served as property manager. In September 2019, RH Chenault Creek terminated its contract with Dasmen Residential and hired Lynd to serve as property.

### WIDESPREAD WATER-INTRUSION ISSUES

### AMENDED PARAGRAPH 51.

Carmel Brooks has leaking roofs and balconies, and leaking cast iron pipes, causing water-intrusion.

### WIDESPREAD MOLD-INTRUSION ISSUES

### AMENDED PARAGRAPH 52.

Due to the failure to address water-intrusion issues, there was mold-intrusion present in every building.

### AMENDED PARAGRAPH 53.

The apartments at Carmel Brooks shared a common ventilation system (HVAC) which allowed mold and mold spores to spread throughout the apartment complex through the air.

**AMENDED PARAGRAPH 54.**

The maintenance crews at Carmel Brooks were never properly trained to perform mold remediation; hence, mold remediation was performed improperly. The maintenance men would spray the mold with Kilz/bleach and only cut out the affected portion of the sheetrock. They were not cutting the sheetrock to the wood and curing it. Insulation was not being removed and replaced. Patchwork was being performed with tenants, including small children, living in the units.

**WIDESPREAD ELECTRICAL PROBLEMS**

**AMENDED PARAGRAPH 55.**

Carmel Springs had widespread electrical problems caused by neglect to make repairs. The electrical wiring is not up to code.

## COPPER CREEK/LAGUNA CREEK

**AMENDED PARAGRAPH 56.**

The building structures known as Copper Creek/Laguna Creek Apartment Complex were built in 1981. The apartment complex is comprised of 216, 3 story units. The units range in size from 617 square feet to 866 square feet.

**WIDESPREAD WATER-INTRUSION PROBLEMS**

**AMENDED PARAGRAPH 57.**

Laguna Creek's source of water intrusion was leaking roofs and the lack of gutters to properly drain water. A lot of the porches have collapsed due to water intrusion. The exterior of entire sides of buildings have been replaced due to water intrusion. Sometimes, there was nothing solid to adhere sheetrock to because the wood inside of the wall was decayed from water intrusion.

**WIDESPREAD MOLD-INTRUSION PROBLEMS**

**AMENDED PARAGRAPH 58.**

Ninety percent of all units had mold-intrusion. Sometimes maintenance crews had to replace entire walls at Laguna Creek from mold damage and water damage.

**AMENDED PARAGRAPH 59.**

The apartments at Laguna Creek shared a common ventilation system (HVAC) which allowed mold and mold spores to spread throughout the apartment complex through the air.

**AMENDED PARAGRAPH 60.**

The maintenance crews at Laguna Creek were never properly trained to perform mold remediation; hence, mold remediation was performed improperly. The maintenance men would spray the mold with Kilz/bleach and only cut out the affected portion of the sheetrock. They were not cutting the sheetrock to the wood and curing it. Insulation was not being removed and replaced. Patchwork was being performed with tenants, including small children, living in the units.

**FINANCIAL PROBLEMS CONTRIBUTING TO THE RUIN OF THE BUILDINGS AT ALL OF THE SUBJECT APARTMENT COMPLEXES**

**AMENDED PARAGRAPH 61.**

Dasmen was not paying bills to vendors for building supplies. Ace Hardware and Home Depot consistently declined Dasmen Residential's credit card rendering it impossible to perform maintenance and upkeep on buildings. Ace Hardware eventually refused to do business with Dasmen until its account was satisfied. As a result, Dasmen employees were gathering building supplies from vacant apartment units in order to perform repairs in occupied apartment units.

**AMENDED PARAGRAPH 62.**

In 2018, Dasmen Residential set a budget of $10,000 to renovate 5 apartment units in each of the subject complexes. The work was bid out to outside contractors. After the outside contractors began the renovation process, Defendant Dasmen Residential arbitrarily lowered the budget to $3,000 per unit. This caused problems with maintaining relationships with outside contractors to perform work for Dasmen.

**FACTS SUPPORTING MISREPRESENTATION AND FRAUD AT ALL APARTMENT COMPLEXES**

**AMENDED PARAGRAPH 63.**

Defendants misrepresented and/or suppressed of the truth regarding the unsafe, unsanitary, and hazardous conditions of the apartments made with the intention either to obtain an unjust advantage for Defendants and/or to cause a loss or inconvenience to the Plaintiffs.

**AMENDED PARAGRAPH 64.**

Dasmen Residential decided to make cosmetic changes to apartments instead of addressing the structural integrity of the buildings. This procedure was referred to as "operation make-ready." They did not warn potential tenants about the presence of mold in the units before they moved into the property, including parents with small children. They wanted to continue to rent units despite knowledge of the mold-intrusion and temporarily covered the mold with paint to prevent tenants from knowing about the environmental hazards, prior to signing leases and moving into units.

**AMENDED PARAGRAPH 65.**

Dasmen maintenance men were instructed never to admit to tenants that there was "mold" in every unit. The maintenance men were trained to refer to "mold" on records as "AMG" which meant "assumed mold growth." The maintenance men were instructed to spray

Kilz, bleach or Microban on the mold just to quiet complaints from tenants knowing that the mold would resurface days later. The maintenance men were instructed by Dasmen to tell tenants that black mold was just dirt.

**CONTRA NON VALENTUM**

**AMENDED PARAGRAPH 66.**

Based upon the concealment of the hazardous conditions as described in above, Plaintiffs expressly plead the jurisprudential doctrine of *contra non valentem* as an exception to prescription. The vices, defects and hazardous environmental conditions were routinely secreted from the plaintiffs.

The City of New Orleans did not confirm the presence of widespread mold until September 2019, but it did not disclose its findings to the Plaintiffs or the public. Plaintiffs' counsel received the City's file via a Freedom of Information request after the filing of the *Akeem* lawsuit. Mold testing by undersigned counsel did not begin in connection with this matter until September 2019. Media reports of mold did not occur until September 2019. A request for class certification was not filed until September 27, 2019.

**CONTINUING TORT**

**AMENDED PARAGRAPH 67.**

Plaintiffs expressly plead the jurisprudential doctrine of *continuing tort* as an exception to prescription. The hazardous conditions are still widespread at all of the apartment complexes at the time of this filing.

# LEGAL THEORIES OF LIABILITY

## STRICT LIABILITY

### AMENDED PARAGRAPH 68.

In leasing a thing, a lessor warrants that the thing is free from vices or defects that prevent the thing from being used for the purpose for which it was leased. That warranty extends to vices or defects that arise after delivery of the thing that are not attributable to the fault of the lessee and even to the vices or defects that are known to the lessor. Plaintiffs expressly allege Defendant property owners and/or property managers (former and current) tendered to them apartment units that contained defects [water-intrusion and mold-infestation] and caused them injuries. As such, Defendants are strictly liable for their damages pursuant to **La. C.C. Arts. 2696 and 2697**.

### AMENDED PARAGRAPH 69.

Defendant property owners and/or property managers (former and current) caused Plaintiffs' damages as a result of the ruin of their buildings by virtue of neglect. Defendants failed to exercise reasonable care in performing maintenance, upkeep and repairs on their properties. As such, Defendants are strictly liable for their damages pursuant to pursuant to **La. C.C. Arts. 2317.1 and 2322.**

## NEGLIGENCE

### AMENDED PARAGRAPH 70.

Plaintiffs' damages were caused by the negligence of the Defendant property owners and/or property managers (former and current) who failed to exercise reasonable care in performing maintenance, upkeep and repairs to buildings constructed in the 1970's and 1980's. Defendants have violated International Building Codes, National Fire Protection Association

Life Safety Codes, City of New Orleans' Building Codes and have created hazardous conditions for residents and employees. The ruin of the buildings posing an unreasonable risk of harm to Plaintiffs. The ruinous conditions of the property took many forms including: (1) roofs that needed to be replaced and were leaking; (2) cast iron pipes that were eroding, fracturing and leaking; (d) windows and doors that were not properly sealed and leaking; (4) heating, ventilation and air conditioning systems that were improperly installed and leaking; (5) floating slabs caused by cast-iron pipes; (6) mold in wall cavities; topes of ceilings; under carpets; behind interior walls; behind exterior walls; behind water stained ceilings and walls; (7) rotting windows, doors, stairways, balconies and thresholds; (8) defective cladding; and (9) leaking chimney caps. As these conditions have persisted over a decade, the Court can presume that the property owners had constructive notice of the defect.[10]

**AMENDED PARAGRAPH 71.**

Through mold testing results, failed inspection reports, third-party documents, and medical evidence, Plaintiffs have proven actual exposure to mold, and that the exposure was a dose sufficient to cause health effects. Plaintiffs have proven a sufficient causative link between the alleged health problems and the specific types of old found at the complexes, namely: *Stachybotrys*, *Cladosporium*, *Aspergillus*, *Ullocladium*, *Badiospores*, *Bipolaris*, *Ascospores*, *Chaetomium*, *Curvularia*, *Acremonium*, *Zygomycete.* As such, Defendants are liable for Plaintiffs' damages pursuant to pursuant to **La. C.C. Art. 2315.**

**AMENDED PARAGRAPH 72.**

Defendants undertook a duty to provide security, but it is being performed in negligent manner. **La. C.C. Art. 2315.**

---

10 *Carrero v. Mandina's Inc.,* 2019 LEXIS La. App. LEXIS 1388 (La. App. 4 Cir. 2019).

**FRAUD**

**AMENDED PARAGRAPH 73.**

Plaintiffs assert claims of fraud against Defendant property owners and/or property managers (former and current) under **La. C.C. art. 1953** which applies to contract cases. "Fraud" is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Fraud may also result from silence or inaction. Defendant property owners and/or property managers (former and current) misrepresented the condition of the subject apartment complexes with the intent to lure and to deceive leaseholders and third-party payees like HUD/HANO. Plaintiffs had a reasonable and justifiable reliance upon the misrepresentations and injury resulted.

**AMENDED PARAGRAPH 74.**

Prior to leasing the subject apartment units, Defendant property owners and/or property managers (former and current) had knowledge of extensive water-intrusion and mold-infestation in the apartment complexes; yet Defendants secreted this information from Plaintiffs and instructed the leasing staff and maintenance workers to deceive Plaintiffs regarding the condition of the apartment complexes. Defendants' misrepresentation, suppression or omission of information regarding the condition of the apartment substantially influenced the Plaintiffs' consent to the lease agreements.

**AMENDED PARAGRAPH 75.**

A former owner of property can be held liable for defective conditions in the property if the former owner knew of the defective conditions in the property prior to the transfer of the

property and concealed those problems.[11] Upon information and belief, Defendants Eastlake Development, Lakewind East, Triangle Real Estate, and Southwood Realty had knowledge of widespread water-intrusion issues and mold-infestation at all of the subject apartment complexes on or before December 13, 2017, and concealed the defective conditions in the buildings to transfer the subject properties to the Defendant RH Entities.

**AMENDED PARAGRAPH 76.**

The defective conditions were present in the subject apartment buildings prior to the Acts of Sale on December 13, 2017. Plaintiffs have obtained HANO failed inspection records for water-intrusion and mold-infestation that pre-date the Acts of Sale on December 13, 2017. Even though the ownership of the apartment complexes were transferred to the Defendant RH Entities in 2017, Defendants Eastlake Development, Lakewind East, Triangle Real Estate, and Southwood Realty are still liable for Plaintiffs' damages caused by water-intrusion and mold-infestation because they failed to waterproof and remedy other problems occasioned by water-intrusion which led to the mold that caused harm to Plaintiffs.

**NEGLIGENT MISREPRESENTATION**

**AMENDED PARAGRAPH 77.**

Plaintiffs assert claims for negligent representation against the Defendant property owners and property managers (former and current) under **La. C.C. Art. 2315.** Defendants had a legal duty to support correct information about the condition of the apartment complexes, breached that duty, and caused Plaintiffs' damages as a result of the breach. Defendants' misrepresentation, suppression or omission of information regarding the condition of the apartment substantially influenced the Plaintiffs' consent to the lease agreements.

---

[11] *See Learson v. Bussey*, 96-2339 (La. App. 4 Cir. 3/26/97), 691 So.2d 1301.

**BREACH OF CONTRACT PURSUANT TO LA. C.C. ART. 2684**

**AMENDED PARAGRAPH 78.**

Defendant property owners and/or property managers (former and current) breached their contractual duty with Plaintiff leaseholders, pursuant to lease agreements. Defendants contractually obligated themselves to give Plaintiff leaseholders the use and enjoyment of apartment units for a term in exchange for rent that the leaseholders bound themselves to pay. Defendants breach the contractual duty to deliver the apartments in good condition suitable for the purpose for which it was leased. As such, Defendants are liable for Plaintiffs' damages pursuant to pursuant to **La. C.C. Art. 2684.**

**RES IPSA LOQUITUR**

**AMENDED PARAGRAPH 79.**

Plaintiffs invoke the doctrine of *res ipsa loquitur*. The condition of the apartment buildings and the various code violations speak for themselves to infer negligence on the part of the defendants.

## DAMAGES

**AMENDED PARAGRAPH 80.**

As a direct result of the combined acts of negligent conduct of the Defendants, Plaintiffs have sustained bodily injuries (past, present and future); emotional distress (past, present and future); loss of enjoyment of life (past, present and future); medical expenses (past, present and future); property damages; and the cost of relocation.

**BODILY INJURIES**

**AMENDED PARAGRAPH 81.**

Based upon environmental sampling and analysis, Plaintiffs have confirmed that the mold was present in an environmental medium (e.g., air, water and dust) that allowed it to come into contact with Plaintiffs and move along a biologic pathway (e.g., inhalation, ingestion, and absorption). The concentration of the mold and mold spores was sufficient to create a biologic response in human beings and animals that led to adverse health outcomes. The presence of the following mold, mold-spores, and mycotoxins, including, not limited to the following, has been confirmed in apartment units at the subject properties: *Stachybotrys*, *Cladosporium*, *Aspergillus*, *Ullocladium*, *Badiospores*, *Bipolaris*, *Ascospores*, *Chaetomium*, *Curvularia*, *Acremonium*, *Zygomycete.*

**AMENDED PARAGRAPH 82.**

The type of mold, mold spores and mycotoxins found in all of the subject apartment complexes is consistent with the symptoms and diseases suffered by class members during periods of occupancy and/or work performed in the properties: respiratory symptoms, nasal irritation, sinus discomfort, watery eyes, throat discomfort, coughing, nasal symptoms, runny, blocked or stuffy nose, headaches, itchy skin, weak voice, swallowing problems, and other more serious illnesses and/or diseases.

**EMOTIONAL DISTRESS**

**AMENDED PARAGRAPH 83.**

Plaintiffs seek non-pecuniary damages for breach of a contract of lease. As a matter of law, a tenant is not precluded from seeking nonpecuniary damages for breach of a contract of lease." However, the plaintiff has the burden of proving the damage he suffered as a result of the

defendant's fault. Mental anguish may be awarded. A lease for residential purposes includes, as one of its objects, the enjoyment of habitable living quarters. Testimony and photographic evidence of the living conditions is sufficient evidence to warrant damages for mental anguish." Mental anguish may also be awarded for property damage. In Louisiana, an award for mental anguish resulting from property damage is permissible when property is damages by acts for which the tortfeasor will be strictly or absolutely liable or when property is damaged by acts constituting a continuing nuisance.

**NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**AMENDED PARAGRAPH 84.**

Tenants who consistently voiced complaints to the property managers about vices and defects in their apartments had their work orders placed on the back burner. Additionally, tenants who retained attorneys and tenants who gave interviews to the media were routinely evicted under the guise of "failure to pay rent."[12] Dasmen employees who gave interviews to the media about the deplorable housing conditions at Laguna Run were terminated.

**PROPERTY DAMAGES**

**AMENDED PARAGRAPH 85.**

When tenants' belongings were destroyed by mold, Defendants would not compensate them for their losses. Plaintiffs aver that Defendants should be held liable for the damages to their personal property.

---

[12] Ex. 7, Depo Tr. of Dwayne Chaney at p. 82; Ex. 9, Depo Tr. of Ronald Edwards at pp. 136-137.

**RETENTION AND PAYMENT OF EXPERTS**

**AMENDED PARAGRAPH 86.**

Plaintiffs also anticipates that expert testimony may be required and prays that all expert fees and expenses incurred by her be taxed as costs to Defendants.

As a direct result of the slip and fall accident, and as a direct result of the negligent conduct of the Defendants, Named Plaintiff/Proposed Class Representative has sustained bodily injuries (past, present and future); emotional distress (past, present and future); loss of enjoyment of life (past, present and future); medical expenses (past, present and future); financial losses (past, present and future); and damages to her personal property.

**INSURANCE COVERAGE**

**AMENDED PARAGRAPH 87.**

**WILSHIRE INSURANCE COMPANY** (hereinafter referred to as "Wilshire") is a foreign corporation organized under the laws of the State of North Carolina, which provided a policy of insurance that insured Defendants Eastlake Development, KFK Group, KFK Development. It also provided a policy of insurance that insured Defendants Dasmen Residential, LLC, RH New Orleans Holdings, LLC, RH Chenault Creek, LLC, RH Copper Creek, LLC, RH Windrun LLC, RH East Lake, LLC, and RH Lakewind East, LLC.

**REQUEST FOR TRIAL BY JURY**

**AMENDED PARAGRAPH 88.**

Plaintiffs expressly request trial by jury.

**PRAYER**

WHEREFORE, the Plaintiffs pray:

A. That Defendants be served with a copy of this Third Amended And Supplemental Complaint and cited to appear and answer same;

B. That after due proceedings had and a trial by jury, there be judgment in this matter in favor or the Plaintiffs and against the Defendants declaring them liable to the Plaintiffs, jointly, severally, and in solido, for compensatory damages from the date of judicial demand.

C. That Plaintiffs recover their costs for prosecution of this lawsuit, and for interest on all damages from the date of judicial demand until paid, and for all other general and equitable relief which the Court may find reasonable in the premises.

**RESPECTFULLY SUBMITTED:**

*/s/ Suzette Bagneris*

Suzette Bagneris (LSBA No. 22241)
Emile A. Bagneris III (LSBA No. 22240)
THE BAGNERIS FIRM, LLC
2714 Canal Street, Suite 403
New Orleans, Louisiana 70119
Telephone: (504) 810-3995
Facsimile: (504) 336-2198
Email: sbagneris@ bagnerislawfirm.com
ebagneris@ bagnerislawfirm.com
*Attorneys for Plaintiffs*

*/s/ Walter Leger, Jr.*

Walter Leger, Jr.
Matthew Landry
LEGER & SHAW
935 Gravier Street, Suite 2150
New Orleans, Louisiana 70112
Telephone: (504) 588-9043
Facsimile: (504)
wleger@ legershaw.com
mlandry@ legershaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2022, the foregoing Pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. Parties who are not enrolled with the Clerk shall be served by operation of law.

*/s/ Suzette Bagneris*

Suzette Bagneris