UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA AKEEM, *et al.* | CIVIL ACTION |
| VERSUS | NO. 19-13650 c/w 19-13673, 19-13705, 19-14634, 19-14636, 19-14637, 20-187 |
| DASMEN RESIDENTIAL, LLC, *et al.* | |
| | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion filed by defendants Triangle Real Estate of Gastonia, Inc., Southwood Realty Company, and Lakewind East Apartments, LLC (collectively, the "Triangle Defendants") seeking summary judgment on the breach-of-contract claims filed against them by plaintiffs Charlene Miller, Eric Brown, Tiffany Wade and her children (Ava Wade, Dejon Bowie, and Nathan Dickerson, Jr.), Renata Walker and her children (Anari Lewis, Elaiyah Lewis, Aniyah Lewis, and Jaylen Walker), and Lawrence Davenport (collectively, "Plaintiffs").[1] The Triangle Defendants argue that: (1) Plaintiffs have not presented any evidence of mold in their respective apartments during their tenancies with the Triangle Defendants; (2) if Plaintiffs have presented evidence of mold, the Triangle Defendants had no notice of such mold or, alternatively, had notice and remedied the issue; and/or (3) Plaintiffs have not presented any medical evidence of injuries caused by mold exposure during their tenancies with the Triangle Defendants.[2]

In opposition, Plaintiffs argue that the Triangle Defendants' motion is premature because this litigation has been divided into "flights" of plaintiffs to manage discovery and trials, and these Plaintiffs are not part of flight 1 for which the parties are currently undertaking discovery.[3] Thus,

---

[1] R. Doc. 314.
[2] R. Doc. 314-1 at 1-14.
[3] R. Doc. 325 at 1-23.

these Plaintiffs have not yet participated in written discovery or depositions.[4]  Also, the Triangle Defendants' corporate depositions have not yet occurred, nor have the Triangle Defendants produced lease contracts or tenant files for these Plaintiffs.[5]  Plaintiffs further argue that there are genuine issues of material fact regarding when the mold developed and the overall condition of the apartment complex during their tenancies.[6]

The Triangle Defendants reply that their motion is not premature because the case management order ("CMO") does not limit summary-judgment motions to only the claims of flight 1 plaintiffs and Plaintiffs have not made the showing required by Federal Rule of Civil Procedure 56(d) for additional time for discovery before a summary-judgment motion is considered.[7]  They then re-urge their position that Plaintiffs have not presented any evidence of their claims.[8]

Considering the parties' memoranda, the record, and the applicable law,

IT IS ORDERED that the Triangle Defendants' motion for summary judgment (R. Doc. 314) is DENIED as premature without prejudice to refiling after adequate discovery has been conducting regarding these Plaintiffs' breach-of-contract claims.

The reasons for this order should be readily apparent.  The parties jointly submitted the CMO, as amended,[9] to manage the litigation of these consolidated cases.  In the latest iteration of the CMO, the parties agreed to focus their attention and resources in discovery and trial on a subset of plaintiffs grouped together in flight 1.[10]  The flight 1 plaintiffs do not include Plaintiffs – that is, the few plaintiffs who are the subject of the Triangle Defendants' current motion.  While the Triangle Defendants are technically correct that the CMO does not preclude summary-judgment

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] R. Doc. 330 at 1-5 (citing R. Doc. 307).
[8] *Id.* at 6-9.
[9] R. Doc. 307.
[10] *Id.* at 16-18.

2

motions directed to the claims of plaintiffs outside of flight 1 (and such motions may well be appropriate to the extent they seek to resolve legal issues applying across a broader set of parties), the necessary implication of the CMO's limiting fact discovery to a subset of plaintiffs at this juncture is that any summary-judgment motions urging a failure of proof (as does the one before the Court) must await the completion of discovery concerning the claims of that subset of plaintiffs. The Court does not need a Rule 56(d) affidavit or declaration to make this conclusion when it is evident from the CMO itself.

New Orleans, Louisiana, this 26th day of January, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE