## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA AKEEM, ET AL.** | **CIVIL ACTION** |
| **Plaintiffs** | **NO.  2:19-13650** |
| *versus* | **C/W NOS. 19-13673; 19-13705; 19-14634; 19-636; 19-14637; 20-187** |
| **DASMEN RESIDENTIAL, LLC, ET AL.** | ***FILED IN ALL CASES*** |
| **Defendants** | **SECTION P** |
| | **JUDGE: DARREL JAMES PAPILLION** |
| | **MAG: JUDGE KAREN WELLS ROBY** |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
## ON VARIOUS ISSUES AND CLAIMS

**MAY IT PLEASE THE COURT:**

Defendants, RH East Lake, LLC, RH Lakewind East, LLC, RH Copper Creek, LLC, RH Windrun, LLC (collectively, the "RH Defendants"), and Dasmen Residential Mgmt., LLC ("Dasmen"), respectfully submit this Memorandum in Support of their Motion for Partial Summary Judgment on Various Issues and Claims. For the reasons fully set forth below, Defendants' Motion should be granted.

### BACKGROUND

This consolidated action involves claims of former/current tenants against owners and a property manager of five apartment complexes located in New Orleans, Louisiana: (1) Laguna Run Apartments, formerly named the Hidden Lake Apartments (owned by RH East Lake, LLC);[1]

---

[1] Since the institution of this litigation, the Laguna Run Apartments have been renamed Lakewood Pointe Apartments. For purposes of this Motion, this complex is referred to as Laguna Run Apartments.

(2) Carmel Brook Apartments, formerly named the Chenault Creek Apartments (owned by RH Chenault Creek, LLC);[2] (3) Laguna Reserve Apartments, formerly named the Lakewind East Apartments (owned by RH Lakewind East, LLC); (4) Carmel Spring Apartments, formerly named the Wind Run Apartments (owned by RH Windrun, LLC); and (5) Laguna Creek Apartments, formerly named the Copper Creek Apartments (owned by RH Copper Creek, LLC). Plaintiffs set forth various claims including negligence, premises liability, fraud, intentional tort, and breach of contract claims. These claims are broadly characterized as arising from the condition of the properties during Plaintiffs' occupancy, which Plaintiffs describe as "widespread."

Initially, Plaintiffs sought class certification, which the Court denied.[3] Subsequently, the Court ordered the parties to construct a Case Management Order to assist in navigating litigation following the entry of a significant number of prospective class members. Particularly, the Court ordered flights of trials, beginning with certain Plaintiffs who resided at the Laguna Run Apartments. After various iterations of the Case Management Order, and the Court's instruction to submit a final list of those plaintiffs to be tried in Flight I, Plaintiffs identified the following among them to be tried first:[4]

---

[2] RH Chenault Creek, LLC is not a named defendant. *See generally* R. Doc. 390, Plaintiffs' Third Amended Master Complaint for Damages.
[3] *See* R. Doc. 233.
[4] *See* R. Doc. 401, Plaintiffs' March 21, 2024 Status Report.

| Plaintiff | Apt. Complex | Attorney | Flight |
|---|---|---|---|
| Joshua Akeem | Laguna Run | Bagneris/Leger | Flight I |
| Janice Morgan Wilson | Laguna Run | Bagneris/Leger | Flight I |
| Laquinta Carter, individually and on behalf of R.S. (Minor), B.S. (Minor) and D.C. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Dareranica Duplessis, individually and on behalf of H.W. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Andrea Riley, individually and on behalf of K.R. (Minor), R.R. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Herbert Riley | Laguna Run | Bagneris/Leger | Flight I |
| Aaliyah Riley | Laguna Run | Bagneris/Leger | Flight I |
| Ashley Brown, individually and on behalf of A.E. (Minor), Z.P. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Dakota Blunt, individually and on behalf of K. B (Minor), K.B. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Cathy Harris, individually and on behalf of the Estate of Willard Harris | Laguna Run | Bagneris/Leger | Flight I |
| Penny Johnson | Laguna Run | Bagneris/Leger | Flight I |
| Porsha Brooks, individually and on behalf of M.F. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Brandy Wilson, individually and on behalf of J.H. (Minor) and J.H. (Minor) | Laguna Run | Bagneris/Leger | Flight I |

| | | | |
|---|---|---|---|
| Rochelle Mitchell, individually and on behalf of A.M. (Minor), A.T. (Minor) and E.M. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Wenonah Cutler individually and on behalf of A.H., J.H. | Laguna Run | Bagneris/Leger | Flight I |
| Osirus Cutler | Laguna Run | Bagneris/Leger | Flight I |
| Ausure Cutler | Laguna Run | Bagneris/Leger | Flight I |
| Trichell Sorrell, individually and on behalf of L.S. (Minor), L.M. (Minor), L.R. (Minor), L.S. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Tyeheasha Crumedy | Laguna Run | Bagneris/Leger | Flight I |
| Kesha Simmons, individually and on behalf of L.A. (Minor), B.R. (Minor), and K.R. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Kawanna Kitt, individually and on behalf of D.P. (Minor), K.S. (Minor), T.M. (Minor), | Laguna Run | Bagneris/Leger | Flight I |
| Deron Kitt | Laguna Run | Bagneris/Leger | Flight I |
| De'Ayra Kitt | Laguna Run | Bagneris/Leger | Flight I |
| Paula Lang, individually and on behalf of R.B. (Minor), J. L. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Lakecha Paschall | Laguna Run | Bagneris/Leger | Flight I |
| Dequan Pashall | Laguna Run | Bagneris/Leger | Flight I |
| Keishoun Patterson | Laguna Run | Bagneris/Leger | Flight I |
| Mary Patterson | Laguna Run | Bagneris/Leger | Flight I |
| James Patterson | Laguna Run | Bagneris/Leger | Flight I |
| Kerry Patterson, individually and on behalf of J.P. (Minor), J.P. (Minor) and G.P. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Juan Patterson | Laguna Run | Bagneris/Leger | Flight I |
| Mia Laurendine | | Bagneris/Leger | Flight I |
| Anna Caldaro | | Bagneris/Leger | Flight I |
| Mia Abbott, individually and on behalf of K.M. (Minor) | | Bagneris/Leger | Flight I |
| Bridget Bardell, individually and on behalf of D.E. (Minor) and D.E. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Erica Johnson | | Bagneris/Leger | Flight I |
| Tiffany Sibley | | Bagneris/Leger | Flight I |
| Nicole Ray, individually and on behalf of E.R. (Minor) and L.R. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Harrione Esteen | Laguna Run | Bagneris/Leger | Flight I |
| Brittany Tucker | | Bagneris/Leger | Flight I |
| Lolita Cressey | | Bagneris/Leger | Flight I |

| | | | |
|---|---|---|---|
| Jasmine Jackson | | Bagneris/Leger | Flight I |
| Angela Simeon | | Bagneris/Leger | Flight I |
| Rose Taylor | | Bagneris/Leger | Flight I |
| Nakeeva Schexnayder, individually and on behalf of D.E. (Minor) and D.W. (Minor) | Laguna Run | Bagneris/Leger | Flight I |
| Angela Woodson[1] | | Bagneris/Leger | Flight I |

This Motion pertains to the claims of the above listed Flight I plaintiffs (hereinafter, "Plaintiffs"), as well as claims by those plaintiffs who do or did reside in the Carmel Brook Apartments, but who are not Flight I plaintiffs.

## ISSUES PRESENTED FOR REVIEW

In an effort to consolidate the relief requested in the interest of judicial economy, this Motion seeks summary adjudication of the following claims and issues:

1. Plaintiffs' personal injury claims arising from mold and other related exposure;

2. Plaintiffs' personal injury claims arising from crime and infestations;

3. Plaintiffs' personal injury claims arising from slip and falls, inadequate security, wrongful eviction, relocation costs, electrical problems, and personal property damage;

4. Plaintiffs' recovery for alleged breach of contract damages; and

5. Plaintiffs' claims against RH Defendants relating to the Carmel Brook Apartments.

## SUMMARY OF ARGUMENTS

*First,* Plaintiffs have produced no competent or admissible evidence to establish an essential element of their mold exposure claims (*i.e.,* specific causation). To prevail on their mold

---

[5] Defendants note that Plaintiffs, Daphne Cross (individually and on behalf of her minor child, "T.C.") and Johnshane Powell, were identified as Flight I plaintiffs in the most recent iteration of the Court's Case Management Order. *See* R. Doc. 346, Case Management Order No. 2, at 17, No. 18, and 18, No. 28. The Court denied Ms. Cross' motion to be tried in Flight II, and Ms. Powell is deceased. This Motion pertains to Ms. Cross' individual and representative mold personal injury claims because she is a Flight I plaintiff. This Motion pertains to Ms. Powell as well, but the Defendants acknowledge the difficulties inherent in moving for summary judgment on a deceased plaintiff. To the extent the Court wishes to defer ruling on the motion as it pertains to Ms. Powell, Defendants simply reserve the right to file a similar motion on her claims. Further, it was Defendants understanding that Plaintiffs' counsel was withdrawing from the representation of Mary, James, and Kerry Patterson. Regardless, they remain Flight I Plaintiffs and are therefore included in this Motion.

personal injury claims against Defendants, Plaintiffs, former and current tenants of five apartment complexes at issue,[6] must prove, *inter alia*, specific causation by a preponderance of the evidence. Here, Plaintiffs have produced expert reports from four purported experts; only one of whom—Dr. Kevin U. Stephens—is a medical doctor, albeit an obstetrician/gynecologist. Plaintiffs' expert reports focus exclusively on **general** causation, which is but one of the five causation elements Plaintiffs' must prove under Louisiana law to prevail on their claims against Defendants. Moreover, certain Plaintiffs have produced no medical records or other admissible evidence supporting their damages claimed as a result of mold exposure while residing at the Laguna Run Apartments. Considering Plaintiffs have produced no expert or other evidence sufficient to carry their burden of proving specific causation, their mold personal injury claims should be dismissed with prejudice.

*Second,* as alleged above, Plaintiffs' operative Complaint[7] sets forth claims arising from alleged personal injuries caused by myriad property conditions. However, several Plaintiffs have produced no evidence of damages caused by those conditions. Accordingly, per admissions or, alternatively, lack of evidentiary support, those Plaintiffs' claims relating to the conditions identified herein should be dismissed with prejudice.

*Third,* Plaintiffs' recovery, if any, for their breach of contract claims should be limited to the amount of rent actually paid. Certain Plaintiffs received governmental assistance in the form of partial monthly rental payments and, thus, did not actually incur the full extent of monthly rent. Plaintiffs are, therefore, not entitled to recover any amount of rent they did not actually pay.

---

[6] Given the fact that the discovery conducted to date has been limited to the most-recently identified Flight I plaintiffs, this Motion only pertains to the mold personal injury claims of the Flight I plaintiffs, all of whom formerly resided at the Laguna Run Apartment Complex, are identified in this Motion. Defendants reserve their right to file a subsequent Motion as to the balance of the plaintiffs' mold personal injury claims following sufficient discovery into same following the Laguna Run Flight I trial.

[7] *See* R. Doc. 390, Plaintiffs' Third Amended Master Complaint for Damages.

*Finally*, it is undisputed that at all pertinent times RH Chenault Creek, LLC, a third party, owned the Carmel Brook Apartments. Because Plaintiffs have not named RH Chenault Creek, LLC to this litigation, and the deadline for amending their Complaint to identify proper party-defendants has long passed, all claims brought by any plaintiff who did or does reside in the Carmel Brook Apartments against the RH Defendants should be dismissed with prejudice.

Because no genuine dispute of material fact exists to preclude summary judgment on the foregoing, Defendants' Motion should be granted in its entirety.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper in a case in which there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed may support such assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). The substantive law governing the case determines which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 263. An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Id.* at 248. While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (*quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal

quotation marks omitted). Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party. *Delta & Pine Land Co*., 530 F.3d at 399 (*citing Anderson*, 477 U.S. at 248).

Where the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp*., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

Not all factual disputes between the parties are sufficient to defeat an otherwise properly supported motion for summary judgment. *See Anderson*, 477 U.S. at 247-48. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. Moreover, a factual dispute must be genuine in order to properly defeat summary judgment. *See id.* A dispute is not genuine unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## LAW AND ARGUMENT

### I. PLAINTIFFS LACK SUFFICIENT EVIDENCE TO PROVE THEIR MOLD PERSONAL INJURY CLAIMS

Plaintiffs' claims arising from alleged mold exposure at the Laguna Run Apartments should be dismissed with prejudice due to a lack of sufficient and admissible evidence to establish, *inter alia*, specific causation as to the alleged injury to any *individual* Plaintiff.

A tort claim under Louisiana law[8] is determined under a duty-risk analysis, which requires the plaintiff to establish the following five elements to prevail: (i) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, (ii) the defendant owed a duty to the plaintiff, (iii) a breach of the duty, (iv) the defendant's substandard conduct was the legal cause of the plaintiff's injuries, and (v) damages. *E.g., Perkins v. Entergy Corp.*, 2000-1372 (La. 3/23/01), 782 So. 2d 606, 611. Each element must be proven by a preponderance of the evidence. *Watters v. Dept. of Social Servs.*, 2008-0977 (La. App. 4 Cir. 6/17/09), 15 So. 3d 1128, 1142 (citation omitted).

Causation is the first element of proof of a negligence claim and has been described as "the Achilles heel of a mold claim." *Id.* (quoting Julie S. Elmer, A Fungus Among Us: The New Epidemic of Mold Claims, 64 ALA. LAW. 109, 112 (2003)); *see also Hooks v. Nationwide Housing Systems, LLC*, No. Civ.A 15-729, 2016 WL 3667134, at *13 (E.D. La. July 11, 2016) (Barbier, J.) (quoting same). That is because plaintiffs in a mold personal injury case must establish causation on five levels: "(i) the presence of mold, (ii) the cause of the mold and the relationship of that cause to a specific defendant, (iii) actual exposure to the mold, (iv) the exposure was a dose sufficient to cause health effects (general causation), and (v) a sufficient causative link between the alleged health problems and the specific type of mold found (specific causation)." *E.g., Hooper v. Travelers Ins. Co.*, 2010-1685 (La. App. 4 Cir. 9/28/11), 74 So. 3d 1202, 1205 (quoting *Watters*, 15 So. 3d at 1142-43). Ultimately, Plaintiffs must present admissible expert testimony to establish general causation **as well as specific causation**. *See Hooks*, 2016 WL 3667134, at *13 (citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)) (emphasis added).

---

[8] The parties do not dispute the Court's diversity jurisdiction over this action. *See* R. Doc. 1. Thus, Louisiana substantive law applies. *See Hyde v. Hoffman-LaRoche Inc.*, 511 F.3d 506, 510 (5th Cir. 2007).

To establish specific causation in a toxic mold case, Plaintiffs "must prove, given that the mold in question is capable of causing harm of the type suffered, that the specific type of mold found more likely than not caused [a specific Plaintiff's] injuries in this particular case." *Hooks*, 2016 WL 3667134, at *14 (citing *Watters*, 15 So. 3d at 1143 n.18) ("Specific causation refers to proving a sufficient causative link between the alleged health problems and the specific type of mold"). "Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general causation evidence." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). The test for determining the causal relationship between the tortious conduct and subsequent injuries is "whether the plaintiff proved ***through medical testimony*** that it was more probable than not that subsequent injuries were caused by the accident." *Watters*, 15 So. 3d at 1152 (citing *Lasha v. Olin Corp.*, 625 So. 2d 1002, 1005 (La. 1993)) (emphasis added). Thus, for any Plaintiff to establish specific causation, he or she bears the burden of proving, by a preponderance of evidence, that the specific type of mold found in his or her apartment unit caused his or her injuries. *See Hooks*, 2016 WL 3667134, at *14.

On February 6, 2024, Plaintiffs produced their Rule 26 expert disclosures.[9] Plaintiffs identified and produced reports from four experts—Diane Trainor, Ph.D., Kevin U. Stephens, M.D., J.D., Jeremiah Bancroft, and Carlos Hampton—whose expected expert testimony Plaintiffs vaguely characterized as "regarding liability and damages."[10] None of the four experts' reports sets forth an opinion on **specific** causation linking any particular Plaintiff's alleged injuries to any alleged mold in his or her apartment. Bancroft provides a summary of his observations following inspections of only a few, unoccupied units years after Plaintiffs left Laguna Run

---

[9] *See* Plaintiffs' Rule 26(a)(1) Initial Disclosures of Experts, attached herein as Exhibit "1." Defendants note that Plaintiffs' disclosures presumably were intended to be made pursuant to Federal Rule of Civil Procedure 26(a)(2), as ordered by the Court's Scheduling Order. *See* R. Doc. 376.
[10] *See* Exhibit 1.

Apartments;[11] Hampton provides opinions regarding the general condition of and alleged defects in the property;[12] Dr. Trainor provides opinions regarding her review of another person's mold testing, the extent of mold in certain units, and the propriety of a mold remediation plan;[13] and Dr. Stephens provides generalized opinions as to the effect of mold exposure on humans.[14]

Unquestionably, Plaintiffs' experts' opinions bear upon the alleged defects in the building components of the Laguna Run Apartments (Hampton), the extent of mold observed in vacant units—many being units where no plaintiff resided—after Plaintiffs moved out (Bancroft), an interpretation of mold testing samples (Dr. Trainor), and, arguably, general causation (Dr. Stephens). Indeed, neither Bancroft nor Hampton offer any opinions as to causation—general or specific.And, while Dr. Trainor offers opinions as to the extent of mold present during testing, results from mold testing, alone, are insufficient to establish specific causation. *See McCook v. Unum Life Ins. Co. of Am.*, 463 F. Supp.3d 729, 740 (E.D. La. 2020) (Barbier, J.) (finding the presence of specific mold in the plaintiff's home "by itself . . . almost meaningless"). Finally, Dr. Stephens—Plaintiffs' only medical expert—merely provides opinions as to the ***potential*** symptoms resulting from mold exposure, which, at best, support the general causation element of Plaintiffs' mold personal injury claims. Plaintiffs provide no "follow up" specific causation expert evidence as to any specific Plaintiff. *Knight*, 482 F.3d at 351. Regardless, most fatal to Dr. Stephens' report is the absence of any discussion of the Plaintiffs themselves, individually or even as a group, let alone a medical opinion—well informed or otherwise—bearing on the causative link between any individual Plaintiff's respective alleged injuries and his or her individual exposures to specific types of mold.

---

[11] *See* Expert Report of Jeremiah Bancroft, attached herein as Exhibit "2."
[12] *See* Expert Report of Carlos Hampton, attached herein as Exhibit "3."
[13] *See* Expert Report of Diane Trainor, Ph.D., attached herein as Exhibit "4."
[14] *See* Expert Report of Kevin U. Stephens, M.D., J.D., attached herein as Exhibit "5."

Because Plaintiffs have no experts from whom they may elicit admissible *specific* causation opinion testimony as to the injuries allegedly sustained by the ***individual*** Plaintiffs, Plaintiffs cannot prove an essential element of their mold personal injury claims. Accordingly, Plaintiffs' mold personal injury claims should be dismissed with prejudice.

Moreover, with respect to Plaintiffs' specific burdens of proof, and notwithstanding the foregoing, the following Plaintiffs admit they did not visit a medical professional for treatment of any alleged injury relating to mold exposure at Laguna Run Apartments: Porsha Brooks,[15] Rochelle Mitchell,[16] Lakecha Paschall,[17] Nicole Ray,[18] Nicole Ray on behalf of L.R.,[19] Andrea Riley,[20] Nakeeva Schexnayder,[21] Brandy Wilson,[22] Lolita Cressy,[23] Anna Calderon-Calcano,[24] Ashley Brown individually and on behalf of minors,[25] and Kerry Patterson individually and on behalf of minors.[26] Without any visits to a medical professional, it is not possible for these Plaintiffs to establish specific causation or damages—two essential elements for their claims. Therefore, even if the Court disagrees that Plaintiffs altogether have failed to produce admissible specific causation evidence, the above Plaintiffs' mold personal injury claims should nevertheless be dismissed with prejudice.

Troublingly, another group of Plaintiffs allege they sought medical treatment but have not produced any medical records: Dakota Blunt, Porsha Brroks, Ashley Brown, Mia Abbott,

---

[15] *See* Deposition of Porsha Brooks, attached herein as Exhibit "12," at 34:6-12.
[16] *See* Deposition of Rochelle Mitchell, attached herein as Exhibit "20," at 43:15.
[17] *See* Deposition of Lakecha Paschall, attached herein as Exhibit "22," at 37:16-18.
[18] *See* Deposition of Nicole Ray, attached herein as Exhibit "40," at 29:2-25, 30:1-4.
[19] *Id*.
[20] *See* Deposition of Andrea Riley, attached herein as Exhibit "25," at 24:5-9.
[21] *See* Deposition of Nakeeva Schexnayder, attached herein as Exhibit "26," at 45:5-7.
[22] *See* Deposition of Brandy Wilson, attached herein as Exhibit "29," at 21:4-20.
[23] *See* Deposition of Lolita Cressy, attached herein as Exhibit "32," at 33:12-17.
[24] *See* Deposition of Anna Calderon-Calcano, attached herein as Exhibit "34," at 25:9-15.
[25] *See* Deposition of Ashley Brown, attached herein as Exhibit "36," at 22:2-4.
[26] *See* Deposition of Kerry Patterson, attached herein as Exhibit "37," at 53:7-24.

Cathy Harris, Erica Johnson, Penny Johnson, Kawanna Kitt, Paula Lang individually and on behalf of R.B. and J.L, DeQuan Paschall, Keishaun Patterson, Nakeeva Schexnayder on behalf of D.E. and D.W., Daphne Cross individually and on behalf of T.C., and Trichell Sorrell. Absent competent evidence of medical treatment or other documentation of bodily injury generally or specifically caused by mold exposure at the Laguna Run Apartments, these Plaintiffs similarly fail to support every element of their claims and, as a result, their claims should be dismissed with prejudice.

Likewise, another group of Plaintiffs did provide medical records, but the records do not include a finding by any medical professional to support a conclusion that mold *caused* the complained of symptoms: Mia Abbott on behalf of K.M., Bridget Bardell, Porsha Brooks on behalf of M.F., Tyeasha Crumedy, Wenonah Cutler, Dareranica Duplessis individually and on behalf of H.W., Kawanna Kitt on behalf of D.P., K.S. and T.M., Janice Morgan, Nicole Ray on behalf of E.R., Andrea Riley individually and on behalf of K.R. and R.R., Kesha Simmons individually and on behalf of L.A., B.R. and K.R., Brandy Wilson on behalf of J.H. and J.H., Joshua Akeem, Angela Woodson, Angela Simeon, Rose Taylor, Brittany Tucker, and Mia Laurendine.[27] These Plaintiffs fail to establish both the causation element and the damages element of their claims. Indeed, as causation in mold exposure cases is not within common knowledge, where an expert has not established causation between mold exposure and an illness, the claim should be dismissed. *See Pratt v. Landings at Barksdale*, No. Civ.A 09-1734, 2013 WL 5376021, at *7 (W.D. La. Sept. 24, 2013) (citing *Seaman v. Seacor Marine LLC*, 564 F. Supp.2d 598, 602 (E.D. La. 2008)). Additionally, where the records do not include any bills, these records fail to quantify damages and are only estimates. When the damages alleged are mere estimations,

---

[27] Defendants will supplement this Memorandum with the medical records provided by Plaintiffs if the Court would like; however, as the records are voluminous, Defendants forego production at this time.

courts deem the evidence incompetent, and the plaintiff's claim should be dismissed. *See Sanders v. Flanders*, 564 F. App'x 742, 745 (5th Cir. 2014).

Insofar as the medical records produced by the foregoing Plaintiffs do not link mold exposure at the Laguna Run Apartments to Plaintiffs' alleged bodily injuries (if any), their claims should be dismissed with prejudice.

Importantly, Dr. M. Eric Gershwin, Defendants' medical expert who is triple board-certified in the fields of internal medicine, allergy-immunology, and rheumatology, reviewed the sparse medical records produced by Plaintiffs, and found that none provides evidence of mold related personal injuries.[28] As Dr. Gershwin explains in his expert report, to diagnose an environmentally induced disease, a medical professional must define the events between exposure and clinical appearance of disease, find an establishment of dose response, and observe mechanisms that show a relationship between exposure and disease.[29] After reviewing Plaintiffs' medical records actually produced, Dr. Gershwin found "[n]one of these features."[30] Indeed, Dr. Gershwin lists symptoms that may commonly be indicators of an exposure related illness, but nevertheless concluded that he "d[id] not find one treating physician that has found these features in any of [the Plaintiffs]."[31]

Accordingly, Plaintiffs' mold related personal injury claims should be dismissed with prejudice.

## II. CERTAIN PLAINTIFFS' CLAIMS ARISING FROM VARIOUS OTHER PROPERTY CONDITIONS AT THE LAGUNA RUN APARTMENTS SHOULD BE DISMISSED WITH PREJUDICE

At the outset, the following Plaintiffs have not produced any evidence to substantiate *any*

---

[28] *See* Affidavit of Dr. M. Eric Gershwin, attached herein as Exhibit "44;" *see also* Expert Report of Dr. M. Eric Gershwin, attached herein as Exhibit "45."
[29] *See* Exhibit 44; Exhibit 45.
[30] *Id*.
[31] *Id*.

*claim*: Tiffany Sibley,[32] Harrione Esteen,[33] Jasmine Jackson,[34] Laquinta Carter,[35] Mary Patterson, James Patterson,[36] Juan Patterson, Osirus Cutler, Ausure Cutler, Deron Kitt, De'Ayra Kitt, Herbert Riley, and Aaliyah Riley.[37] Beyond the allegations of the several iterations of their complaints, these Plaintiffs failed to provide even a scintilla of evidence of any damages arising in tort or contract. Because all allegations made by these Plaintiffs are conclusory and unsubstantiated, summary judgment is appropriate and the Court should dismiss all claims asserted by these Plaintiffs with prejudice. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d at 399 ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'").

Regardless of the foregoing, the Plaintiffs identified below have either admitted no damages resulting from the conditions complained of in their Plaintiff Fact Sheets[38] or failed to produce sufficient evidence to prove the existence of their alleged damages. Defendants address these Plaintiffs' claims as follows.

A. **"Violent Crime"**

Although many of the Plaintiffs alleged damages as a result of "violent crime," discovery proved that the vast majority of Plaintiffs were not actually victims of violent crime at the Laguna Run Apartments. Indeed, the following Plaintiffs admitted they were not a victim of violent crime

---

[32] *See generally* Deposition of Tiffany Sibley (July 19, 2023), attached herein as Exhibit "6."

[33] *See generally* Deposition of Herrionne Esteen (June 27, 2023), attached herein as Exhibit "7."

[34] *See generally* Deposition of Jasmine Jackson (June 19, 2023), attached herein as Exhibit "8."

[35] *See generally* Deposition of Laquinta Carter (July 19, 2023), attached herein as Exhibit "9."

[36] The Patterson Plaintiffs, Mary and James, did not appear for their scheduled depositions. Upon information and belief, Plaintiffs' counsel indicated an intent to withdraw representation.

[37] All Plaintiffs identified in this section have failed to give a deposition and have similarly failed to provide a Plaintiff Fact Sheet. As such, these Plaintiffs rest their claims solely on unsupported pleadings.

[38] The Plaintiff Fact Sheets asked each Plaintiff to identify whether he or she was exposed to any of the property conditions identified in their Complaint, and provide the dates of exposure. Nearly all of the Plaintiffs affirmatively stated in their Plaintiff Fact Sheets that they were exposed to all of the alleged property conditions throughout the period of their residency at the Laguna Run Apartments. As became evident during the course of discovery, Plaintiffs' respective fact sheets proved to be inaccurate and utterly unreliable.

occurring at the Laguna Run Apartments: Bridget Bardell,[39] Dakota Blunt,[40] Porsha Brooks,[41] Tyheasha Crumedy,[42] Wenonah Cutler,[43] Dareranica Duplessis,[44] Cathy Harris,[45] Erica Johnson,[46] Penny Johnson,[47] Paula Lang,[48] Rochelle Mitchell,[49] Janice Morgan,[50] Lakecha Paschall,[51] De'Quan Paschall,[52] Keishaun Patterson,[53] Andrea Riley,[54] Nakeeva Schexnayder,[55] Kesha Simmons,[56] Trichell Sorrell,[57] Brandy Wilson,[58] Angela Woodson,[59] Rose Taylor,[60] Lolita Cressy,[61] Daphne Cross,[62] Ana Calderon-Calcano,[63] Mia Laurendine,[64] Ashley Brown,[65] and Kery Patterson.[66] As such, these Plaintiffs' claims, both individually and on behalf of any minors for which they filed claims, for damages arising out of violent crime should be dismissed with prejudice.

Further, although a group of Plaintiffs allege they were victims of violent crime at the Laguna Run Apartments, none of these Plaintiffs produced any evidence that they sustained

---

[39] *See* Deposition of Bridget Bardell, attached herein as Exhibit "10," at 21:16 - 23:6.
[40] *See* Deposition of Dakota Blunt, attached herein as Exhibit "11," at 16:11 - 17:9.
[41] *See* Deposition of Porsha Brooks, attached herein as Exhibit "12," at 31:6 - 32:23.
[42] *See* Deposition of Tyheasha Crumedy, attached herein as Exhibit "13," at 27:17 - 28:6.
[43] *See* Deposition of Wenonah Cutler, attached herein as Exhibit "14," at 62:4–8.
[44] *See* Deposition of Dareranica Duplessis, attached herein as Exhibit "15," at 27:3–5.
[45] *See* Deposition of Cathy Ann Harris, attached herein as Exhibit "16," at 83:7–9.
[46] *See* Deposition of Erica Johnson, attached herein as Exhibit "17," at 45:9–14.
[47] *See* Deposition of Penny Johnson, attached herein as Exhibit "18," at 33:6–23.
[48] *See* Deposition of Paula Lang, attached herein as Exhibit "19," at 43:3–8.
[49] *See* Deposition of Rochelle Mitchell, attached herein as Exhibit "20," at 57:16–12.
[50] *See* Deposition of Janice Morgan, attached herein as Exhibit "21," at 18:20–22.
[51] *See* Deposition of Lakecha Paschall, attached herein as Exhibit "22," at 59:9–12.
[52] *See* Deposition of De'Quan Paschall, attached herein as Exhibit "23," at 42:14–21.
[53] *See* Deposition of Keishaun Patterson, attached herein as Exhibit "24," at 35:17–22.
[54] *See* Deposition of Andrea Riley, attached herein as Exhibit "25," at 17:4–11.
[55] *See* Deposition of Nakeeva Schexnayder, attached herein as Exhibit "26," at 67:4–18.
[56] *See* Deposition of Kesha Simmons, attached herein as Exhibit "27," at 34:17–23.
[57] *See* Deposition of Trichell Sorrell, attached herein as Exhibit "28," at 46:12–19, 47:5–12.
[58] *See* Deposition of Brandy Wilson, attached herein as Exhibit "29," at 26:5–22.
[59] *See* Deposition of Angela Woodson, attached herein as Exhibit "30," at 18:12–23.
[60] *See* Deposition of Rose Taylor, attached herein as Exhibit "31," at 22:10–15.
[61] *See* Deposition of Lolita Cressy, attached herein as Exhibit "32," at 26:15–25.
[62] *See* Deposition of Daphne Cross, attached herein as Exhibit "33," at 32:9–17.
[63] *See* Deposition of Ana Calderon-Calcano, attached herein as Exhibit "34," at 23:3–7.
[64] *See* Deposition of Mia Laurendine, attached herein as Exhibit "35," at 45:25, 46:1–16.
[65] *See* Deposition of Ashley Brown, attached herein as Exhibit "36," at 21:7-19.
[66] *See* Deposition of Kerry Patterson, attached herein as Exhibit "37," at 52:5–18.

resultant damages: Mia Abbott,[67] Kawanna Kitt, [68] Nicole Ray,[69] Brittany Tucker,[70] Angela Simeon and Joshua Akeem.[71]

For example, Mia Abbott alleges that her vehicle was stolen during her tenancy at Laguna Run, yet she produced no support for these allegations, let alone any evidence bolstering the monetary amount of her damages.[72] *See Sanders v. Flanders*, 564 Fed. Appx. 742, 745 (5th Cir. 2014) (holding that a plaintiff must establish her damages through "competent evidence with reasonable certainty").

Similarly, Kawanna Kitt alleges that her wallet was stolen from her car twice and that she felt someone had broken into her apartment.[73] Notably, however, she did not call the police after these alleged incidents and has not produced any evidence of any stolen or damaged property.[74]

Brittany Tucker and Angela Simeon, much like Ms. Kitt, allege a break in at their respective apartments, but neither identified whether things were stolen or, if anything, what things were stolen.[75] While both alleged there was a police report made, neither Mr. Tucker nor Ms. Simeon has produced the report to Defendants.[76]

Finally, Joshua Akeem has not particularized any damages that resulted from alleged violent crimes at Laguna Run. Although he generalizes—in self-serving fashion—that he was a "victim of every crime at Laguna Run," Mr. Akeem's hyperbolic explanation omits the requisite specificity to prove a claim. Indeed, the only crime Mr. Akeem could specifically identify was a

---

[67] *See* Deposition of Mia Abbott, attached herein as Exhibit "38," at 65:1–25, 66:1–4.
[68] *See* Deposition of Kawanna Kitt, attached herein as Exhibit "39," at 48:8–25, 49:1–7.
[69] *See* Deposition of Nicole Ray, attached herein as Exhibit "40," at 40:15.
[70] *See* Deposition of Brittany Tucker, attached herein as Exhibit "41," at 47:20–25, 48:1–13.
[71] *See* Deposition of Joshua Akeem, attached herein as Exhibit "42," at 51:21–25, 52:1–17, 71:16–25, 72:1–25, 73:1–24.
[72] *See* Deposition of Mia Abbott, attached herein as Exhibit "38," at 65:1–25, 66:1–4.
[73] *See* Deposition of Kawanna Kitt, attached herein as Exhibit "39," at 48:8–25, 49:1–7.
[74] *Id*.
[75] *See* Deposition of Brittany Tucker, attached herein as Exhibit "41," at 48:8–13.
[76] *Id.* at 48:24–25, 49:1–5.

domestic dispute with his now ex-husband.[77] Yet, Mr. Akeem admitted this crime was the result of his ex-husband's anger management issues,[78] not the condition of the premises or Defendants' alleged negligent conduct.

None of the foregoing Plaintiffs particularize their alleged damages resulting from violent crime at the Laguna Run Apartments and do not rely on any evidence that such incidents arose from the alleged negligent conduct of Defendants. Instead, these Plaintiffs rely on self-serving, generalized assertions unsupported by admissible evidence. Accordingly, their claims— individually and on behalf of minors—should be dismissed with prejudice.

**B.  <u>Shootings</u>**

Plaintiffs also allege non-descriptive damages as a result of shootings at the Laguna Run Apartments. Yet, all of the Plaintiffs admit they were not the victim of a shooting on the premises and fail to identify any bodily injury or property damages resulting from shootings at Laguna Run. Because Plaintiffs were not personally victims of a shooting, resulting in either injury or some damage to property, there is no cognizable claim against Defendants under Louisiana law.

Nor is there any validity to Plaintiffs' claims related to any bystander or emotional damages relating to shootings. To recover in tort for bystander damages, the person claiming emotional damages must fall into one of the categories listed in Louisiana Civil Code article 2315.6. The categories of persons delineated in the article are persons related to the victim through consanguinity or affinity.[79] Here, no Plaintiff has alleged any such relationship to any identified victim of any alleged shooting.

Because no Plaintiff was a victim of a shooting, incurred damages (bodily or property) as

---

[77] *See* Exhibit "42," at 51:21–25, 52:1–17, 71:16–25, 72:1–25, 73:1–24.
[78] *Id.*
[79] La. Civ. Code Ann. art. 2315.6.

a result of a shooting, or was a witness within the class of persons identified in Article 2315.6, such "shooting" claims asserted by the following Plaintiffs should be dismissed with prejudice: Mia Abbott,[80] Bridget Bardell,[81] Dakota Blunt,[82] Porsha Brooks,[83] Tyheasha Crumedy,[84] Wenonah Cutler,[85] Dareranica Duplessis,[86] Cathy Ann Harris,[87] Erica Johnson,[88] Penny Johnson,[89] Kawanna Kitt,[90] Paula Lang,[91] Rochelle Mitchell,[92] Janice Morgan,[93] Lakecha Paschall,[94] De'Quan Paschall,[95] Keishaun Patterson,[96] Nicole Ray,[97] Andrea Riley,[98] Nakeeva Schexnayder,[99] Kesha Simmons,[100] Trichell Sorrell,[101] Brandy Wilson,[102] Joshua Akeem,[103] Angela Woodson,[104] Angela Simeon,[105] Rose Taylor,[106] Brittany Tucker,[107] Lolita Cressy,[108] Daphne Cross,[109] Ana Calderon-

---

[80] Exhibit 38: Mia Abbott Dep. 66:1–4.
[81] Exhibit 10: Bridget Bardell Dep. 21:16–23:6.
[82] Exhibit 11: Dakota Blunt Dep. 16:11–17:9.
[83] Exhibit 12: Porsha Brooks Dep. 31:6–32:23.
[84] Exhibit 13: Tyheasha Crumedy Dep. 27:17–28:6.
[85] Exhibit 14: Wenonah Cutler Dep. 62:4–8.
[86] Exhibit 15: Dareranica Duplessis Dep. 27:3–5; 28:6–11.
[87] Exhibit 16: Cathy Ann Harris Dep. 125:7–20.
[88] Exhibit 17: Erica Johnson Dep. 45:9–14.
[89] Exhibit 18: Penny Johnson Dep. 33:6–23.
[90] Exhibit 39: Kawanna Kitt Dep. 53:4–8.
[91] Exhibit 19: Paula Lang Dep. 43:3–8.
[92] Rochelle Mitchell has not provided any evidence or allegations that she or her property was a victim of a shooting. *See* Exhibit 20: Rochelle Mitchell Dep. 57:12–16.
[93] Exhibit 21: Janice Morgan Dep. 18:13–25, 19:1–3.
[94] Exhibit 22: Lakecha Paschall Dep. 59:9–12.
[95] Exhibit 23: De'Quan Paschall Dep. 42:14–21.
[96] Exhibit 24: Keishaun Patterson Dep. 35:17–22.
[97] Exhibit 40: Nicole Ray Dep. 39:17–22.
[98] Exhibit 25: Andrea Riley Dep. 17:4–11.
[99] Exhibit 26: Nakeeva Schexnayder Dep. 67:4–18.
[100] Exhibit 27: Kesha Simmons Dep. 34:17–23.
[101] Exhibit 28: Trichell Sorrell Dep. 46:12–19, 47:5–12.
[102] Exhibit 29: Brandy Wilson Dep. 26:5–22.
[103] Exhibit 42: Joshua Akeem Dep. 73:6-25, 74:1-10.
[104] Exhibit 30: Angela Woodson Dep. 18:12–23.
[105] Exhibit 43: Angela Simeon Dep. 31:22–25.
[106] Exhibit 31: Rose Taylor Dep. 22:10–15, 28:1–25, 29:1–23.
[107] Exhibit 41: Brittany Tucker Dep. 23:15–25, 24:1–14.
[108] Exhibit 32: Lolita Cressy Dep. 26:15–25.
[109] Exhibit 33: Daphne Cross Dep. 32:9–17, 53:7–24.

Calcano[110] Mia Laurendine,[111] Kerry Patterson,[112] and Ashley Brown.[113]

There are two Plaintiffs, Wenona Cutler[114] and Trichell Sorrell,[115] who allege they sustained damages as a result of witnessing a shooting. However, both allege mental or emotional damages akin to those recoverable under Article 2315.6. Because neither Ms. Cutler nor Ms. Sorrell allege to be related—by consanguinity or affinity—to the victim of the shooting they allegedly witnessed, their claims, both individually and on behalf of the minors for which they filed claims, fail as a matter of law and should be dismissed with prejudice.

### C. **"Insect Infestation"**

In their Plaintiff Fact Sheets, Plaintiffs alleged damages as a result of "insect infestation" at Laguna Run. However, during their depositions, certain Plaintiffs did not claim an infestation in their unit or, more relevant to the summary judgment inquiry, any damages as a result of an alleged insect infestation. Without evidence of damages, the following Plaintiffs cannot establish an essential element of their claims: Bridget Bardell,[116] Dakota Blunt,[117] Paula Lang,[118] Janice Morgan,[119] Angela Simeon,[120] Ana Calderon-Calcano,[121] Mia Laurendine,[122] Kerry Patterson,[123] and Ashley Brown.[124] Therefore, these Plaintiffs' claims, both individually and on behalf of any minors, for damages as a result of an insect infestation should be dismissed with prejudice.

---

[110] Exhibit 34: Ana Calderon-Calcano Dep. 23:3–7.
[111] Exhibit 35: Mia Laurendine Dep. 45:25, 46:1–16.
[112] Exhibit 37: Kerry Patterson Dep. 52:5–18.
[113] Exhibit 36: Ashley Brown Dep. 30:5-25, 31:1-8 (alleging a shooting was only in the common area).
[114] Exhibit 14: Wenonah Cutler Dep. 62:4–25, 63:1–24.
[115] Exhibit 28: Trichell Sorrell Dep. 46:12–19, 47:5–12.
[116] Exhibit 10: Bridget Bardell Dep. 21:16–23:6.
[117] Exhibit 11: Dakota Blunt Dep. 16:11–17:9.
[118] Exhibit 19: Paula Lang Dep. 43:3–8.
[119] Exhibit 21: Janice Morgan Dep. 18:9–12.
[120] Exhibit 43: Angela Simeon Dep. 20:7–11.
[121] Exhibit 34: Ana Calderon-Calcano Dep. 23:8–10.
[122] Exhibit 35: Mia Laurendine Dep. 51:18–21.
[123] Exhibit 37: Kerry Patterson Dep. 49:19–25, 50:1–25.
[124] Exhibit 36: Ashley Brown Dep. 50:21–23.

Additionally, several Plaintiffs testified to insect infestation inside their units, but, likewise, have produced no evidence of resultant damages—bodily injuries or property damage. Indeed, Defendants have not received any pictures of, receipts for, or records proving any damages sustained by those Plaintiffs as a result of an alleged insect infestation. As the following Plaintiffs (individually and on behalf of minors) do not possess sufficient evidence of damages, their claims should be dismissed with prejudice. Mia Abbott, Porsha Brooks,[125] Tyeheasha Crumedy,[126] Wenonah Cutler,[127] Dareranica Duplessis,[128] Cathy Ann Harris, Erica Johnson,[129] Penny Johnson,[130] Kawanna Kitt, Rochelle Mitchell,[131] Lakecha Paschall,[132] De'Quan Paschall,[133] Keishaun Patterson,[134] Nicole Ray,[135] Andrea Riley,[136] Nakeeva Schexnayder, Kesha Simmons, Trichell Sorrell,[137] Brandy Wilson,[138] Joshua Akeem,[139] Angela Woodson,[140] Rose Taylor,[141] Brittany Tucker,[142] Lolita Cressy[143] and Daphne Cross.[144]

## D. **Rodents**

Plaintiffs' allegations of damages caused by rodents altogether lack evidentiary support. Accordingly, the following Plaintiffs' claims, individually and on behalf of minors, should be

---

[125] Exhibit 12: Porsha Brooks Dep. 27:4-14.
[126] Exhibit 13: Tyheasha Crumedy Dep. 43:9–16.
[127] Exhibit 14: Wenonah Cutler Dep. 29:14–21.
[128] Exhibit 15: Dareranica Duplessis Dep. 45:15–25.
[129] Exhibit 17: Erica Johnson Dep. 60:11–18.
[130] Exhibit 18: Penny Johnson Dep. 53:13–18.
[131] Exhibit 20: Rochelle Mitchell Dep. 60:13–17.
[132] Exhibit 22: Lakecha Paschall Dep. 32:14-20.
[133] Exhibit 23: De'Quan Paschall Dep. 42:22–25, 43:1–2.
[134] Exhibit 24: Keishaun Patterson Dep. 43:17–23.
[135] Exhibit 40: Nicole Ray Dep. 48:14–20.
[136] Exhibit 25: Andrea Riley Dep. 16:2–15.
[137] Exhibit 28: Trichell Sorrell Dep. 31:7–21.
[138] Exhibit 29: Brandy Wilson Dep. 26:5–13.
[139] Exhibit 42: Joshua Akeem Dep. 74:17–25, 75:1–15.
[140] Exhibit 30: Angela Woodson Dep. 15:23–25, 16:1–10.
[141] Exhibit 31: Rose Taylor Dep. 22:16–19.
[142] Exhibit 41: Brittany Tucker Dep. 23:15–25, 24:1–14, 57:24–25, 58:1–4.
[143] Exhibit 32: Lolita Cressy Dep. 26:2–14.
[144] Exhibit 33: Daphne Cross Dep. 31:16–24; 65:10–13.

dismissed with prejudice for lack of sufficient evidence supporting the existence of damages caused by rodents at Laguna Run:  Mia Abbott,[145] Bridget Bardell,[146] Dakota Blunt,[147] Porsha Brooks,[148] Wenonah Cutler,[149] Dareranica Duplessis,[150] Cathy Ann Harris,[151] Erica Johnson,[152]Paula Lang,[153] Rochelle Mitchell,[154] Janice Morgan,[155] Lakecha Paschall,[156] De'Quan Paschall,[157] Keishaun Patterson,[158] Nicole Ray,[159] Andrea Riley,[160] Brandy Wilson,[161] Joshua Akeem, Angela Woodson,[162] Angela Simeon,[163] Rose Taylor,[164] Brittany Tucker,[165] Daphne Cross,[166] Ana Calderon-Calcano,[167] Mia Laurendine,[168] Kerry Patterson,[169] Ashley Brown,[170] Tyeheasha Crumedy, Kawanna Kitt, Nakeeva Schexnayder, Kesha Simmons,[171] Trichell Sorrell, Lolita Cressy, and Penny Johnson.

---

[145] Exhibit 38: Mia Abbott Dep. 69:4–6.
[146] Exhibit 10: Bridget Bardell Dep. 21:16–23:6.
[147] Exhibit 11: Dakota Blunt Dep. 16:11–17:9.
[148] Exhibit 12: Porsha Brooks Dep. 27:13–15.
[149] Exhibit 14: Wenonah Cutler Dep. 29:7–25, 30:1–14.
[150] Exhibit 15: Dareranica Duplessis Dep. 34:18–22.
[151] Exhibit 16: Cathy Ann Harris Dep. 50:11–15.
[152] Exhibit 17: Erica Johnson Dep. 59:21. Ms. Johnson denied the presence of rodents in her unit and has not alleged damages from rodents.
[153] Exhibit 19: Paula Lang Dep. 43:13–17.
[154] Exhibit 20: Rochelle Mitchell Dep. 60:18–21.
[155] Exhibit 21: Janice Morgan Dep. 17:25, 18:9–12.
[156] Exhibit 22: Lakecha Paschall Dep. 32:14–20.
[157] Exhibit 23: De'Quan Paschall Dep. 42:22–25, 43:1–5.
[158] Exhibit 24: Keishaun Patterson Dep. 43:17–23.
[159] Exhibit 40: Nicole Ray Dep. 46:14–20.
[160] Exhibit 25: Andrea Riley Dep. 16:12–15.
[161] Exhibit 29: Brandy Wilson Dep. 38:15–16.
[162] Exhibit 30: Angela Woodson Dep. 15:23–25, 16:1–10.
[163] Exhibit 43: Angela Simeon Dep. 20:7–11.
[164] Exhibit 31: Rose Taylor Dep. 19:2–9, 22:20–22.
[165] Exhibit 41: Brittany Tucker Dep. 23:15–25, 24:1–14, 57:24–25, 58:1–4.
[166] Exhibit 33: Daphne Cross Dep. 65:10–13.
[167] Exhibit 34: Ana Calderon-Calcano Dep. 23:11–13.
[168] Exhibit 35: Mia Laurendine Dep. 51:18–21.
[169] Exhibit 37: Kerry Patterson Dep. 49:1–25, 50:1–25.
[170] Exhibit 36: Ashley Brown Dep. 46:10–12.
[171] Exhibit 27: Kesha Simmons Dep. 39:7–14. Despite her testimony, Ms. Simmons never produced any receipts to Defendants.

### E.  **Bats**

Similarly, no Plaintiff alleged any damages related to a bat infestation. The following Plaintiffs' claims, individually and on behalf of any minors, should, therefore, be dismissed with prejudice insofar as each of these Plaintiffs admits to not having a bat infestation in their unit or resultant damages: Mia Abbott,[172] Bridget Bardell,[173] Dakota Blunt,[174] Porsha Brooks,[175] Dareranica Duplessis,[176] Cathy Ann Harris,[177] Erica Johnson,[178] Penny Johnson,[179] Kawanna Kitt,[180] Paula Lang,[181] Rochelle Mitchell,[182] Janice Morgan,[183] Lakecha Paschall,[184] De'Quan Paschall,[185] Keishaun Patterson,[186] Nicole Ray,[187] Andrea Riley,[188] Nakeeva Schexnayder,[189] Kesha Simmons,[190] Trichell Sorrell,[191] Brandy Wilson,[192] Joshua Akeem,[193] Angela Woodson,[194] Angela Simeon,[195] Rose Taylor,[196] Brittany Tucker,[197] Lolita Cressy,[198] Daphne Cross,[199] Ana

---

[172] Exhibit 38: Mia Abbott Dep. 69:12–18.
[173] Exhibit 10: Bridget Bardell Dep. 21:16–23:6.
[174] Exhibit 11: Dakota Blunt Dep. 16:11–17:9.
[175] Exhibit 12: Porsha Brooks Dep. 32:8–12.
[176] Exhibit 15: Dareranica Duplessis Dep. 55:19–23.
[177] Exhibit 16: Cathy Ann Harris Dep. 50:22–25, 51:1–10.
[178] Exhibit 17: Erica Johnson Dep. 60:2–5.
[179] Exhibit 18: Penny Johnson Dep. 53:16–18.
[180] Exhibit 39: Kawanna Kitt Dep. 32:14–15.
[181] Exhibit 19: Paula Lang Dep. 43:3–7.
[182] Exhibit 20: Rochelle Mitchell Dep. 32:9.
[183] Exhibit 21: Janice Morgan Dep. 18:9–12.
[184] Exhibit 22: Lakecha Paschall Dep. 32:14-20.
[185] Exhibit 23: De'Quan Paschall Dep. 42:22–25, 43:6–7.
[186] Exhibit 24: Keishaun Patterson Dep. 43:17–20.
[187] Exhibit 40: Nicole Ray Dep. 46:14–20.
[188] Exhibit 25: Andrea Riley Dep. 16:12–15.
[189] Exhibit 26: Nakeeva Schexnayder Dep. 70:14–25.
[190] Exhibit 27: Kesha Simmons Dep. 16:23-25; 17:1–4.
[191] Exhibit 28: Trichell Sorrell Dep. 56:4–12.
[192] Exhibit 29: Brandy Wilson Dep. 38:7–20.
[193] Exhibit 42: Joshua Akeem Dep. 74:17–22.
[194] Exhibit 30: Angela Woodson Dep. 15:23–25, 16:1–10.
[195] Exhibit 43: Angela Simeon Dep. 20:7–11.
[196] Exhibit 31: Rose Taylor Dep. 22:23–24.
[197] Exhibit 41: Brittany Tucker Dep. 23:15–25, 24:1–14, 57:24–25, 58:1–4.
[198] Exhibit 32: Lolita Cressy Dep. 30:7–24.
[199] Exhibit 33: Daphne Cross 33:6–21.

Calderon-Calcano,[200] Mia Laurendine,[201] Kerry Patterson,[202] and Ashley Brown.[203]

Admittedly, two Plaintiffs, Tyhesha Crumedy[204] and Wenonah Cutler,[205] testified to bats within their units, but neither produced evidence of resultant damages. Accordingly, their claims, individually and on behalf of minors, should be dismissed with prejudice.

### F. **Rats**

The following Plaintiffs admitted that no rats were present in their units and, therefore do not allege any damages arising from a rat infestation: Mia Abbott,[206] Bridget Bardell,[207] Dakota Blunt,[208] Porsha Brooks,[209] Tyheasha Crumedy,[210] Dareranica Duplessis,[211] Cathy Ann Harris,[212] Erica Johnson,[213] Kawanna Kitt,[214] Rochelle Mitchell,[215] Janice Morgan,[216] Lakecha Paschal,[217] De'Quan Paschall,[218] Keishaun Patterson,[219] Nicole Ray,[220] Nakeeva Schexnayder,[221] Trichell Sorrell,[222] Brandy Wilson,[223] Joshua Akeem,[224] Angela Woodson,[225] Brittany Tucker,[226] Daphne

---

[200] Exhibit 34: Ana Calderon-Calcano Dep. 23:14–15.
[201] Exhibit 35: Mia Laurendine Dep. 51:18–21.
[202] Exhibit 37: Kerry Patterson Dep. 50:2–6.
[203] Exhibit 36: Ashley Brown Dep. 46:17–25, 46:1.
[204] Exhibit 13: Tyeheasha Crumedy Dep. 27:11-12, 43:17-22.
[205] Exhibit 14: Wenonah Cutler Dep. 29:7–25.
[206] Exhibit 38: Mia Abbott Dep. 69:4–7.
[207] Exhibit 10: Bridget Bardell Dep. 21:16–23:6.
[208] Exhibit 11: Dakota Blunt Dep. 16:11–17:9.
[209] Exhibit 12: Porsha Brooks Dep. 27:4–15.
[210] Exhibit 13: Tyheasha Crumedy Dep. 28:3–6.
[211] Exhibit 15: Dareranica Duplessis Dep. 34:14–22.
[212] Exhibit 16: Cathy Ann Harris Dep. 50:20–24.
[213] Exhibit 17: Erica Johnson Dep. 59:21.
[214] Exhibit 39: Kawanna Kitt Dep. 30:7–19, 31:18–21 (confirming contents of Plaintiff Fact Sheet which provides she encountered rats in common spaces only).
[215] Exhibit 20: Rochelle Mitchell Dep. 32:18.
[216] Exhibit 21: Janice Morgan Dep. 17:25, 18:9–12.
[217] Exhibit 22: Lakecha Paschall Dep. 32:14-20.
[218] Exhibit 23: De'Quan Paschall Dep. 42:22–25, 43:3–5.
[219] Exhibit 24: Keishaun Patterson Dep. 43:17–23.
[220] Exhibit 40: Nicole Ray Dep. 46:14–20.
[221] Exhibit 26: Nakeeva Schexnayder Dep. 70:14–25.
[222] Exhibit 28: Trichell Sorrell Dep. 56:4–10.
[223] Exhibit 29: Brandy Wilson Dep. 38:7–20.
[224] Exhibit 42: Joshua Akeem Dep. 74:17–22.
[225] Exhibit 30: Angela Woodson Dep. 15:23–25, 16:1–10.
[226] Exhibit 41: Brittany Tucker Dep. 23:15–25, 24:1–14, 57:24–25, 58:1–4.

Cross,[227] Ana Calderon-Calcano,[228] and Mia Laurendine,[229] Kerry Patterson,[230] and Ashley Brown.[231]

Further, although the following Plaintiffs testified that they did see rats in their units, none testified to, or produced any evidence supporting the existence of, any personal injury or property damage caused by rats: Wenonah Cutler,[232] Lolita Cressy,[233] Penny Johnson,[234] Paula Lang,[235] Andrea Riley,[236] Angela Simeon,[237] Rose Taylor,[238] and Kesha Simmons.[239]   As such, these Plaintiffs' claims, individually and on behalf of minors, should be dismissed with prejudice.

### G. Snakes

No Plaintiff alleged to have a snake infestation in their unit, and no Plaintiff has produced evidence of damages caused by same.[240] Absent proof of an essential element of their claims, Plaintiffs' claims, individually and on behalf of minors, relating to snakes should be dismissed

---

[227] Exhibit 33: Daphne Cross Dep. 65:10–13.
[228] Exhibit 34: Ana Calderon-Calcano Dep. 23:16–17.
[229] Exhibit 35: Mia Laurendine Dep. 51:18–21.
[230] Exhibit 37: Kerry Patterson Dep. 49:23–25, 50:1–6.
[231] Exhibit 36: Ashley Brown Dep. 46:10–12.
[232] Exhibit 14: Wenonah Cutler Dep. 29:7–21.
[233] Exhibit 32: Lolita Cressy Dep. 30:7–24.
[234] Exhibit 18: Penny Johnson Dep. 53:13–18.
[235] Exhibit 19: Paula Lang Dep. 43:16–23.
[236] Exhibit 25: Andrea Riley Dep. 16:12–15.
[237] Exhibit 43: Angela Simeon Dep. 38:2–18.
[238] Exhibit 31: Rose Taylor Dep. 19:2–9, 22:20–22.
[239] Exhibit 27: Kesha Simmons Dep. 17:3.
[240] *See* Exhibit 38: Mia Abbott Dep. 69:19–25; Exhibit 10: Bridget Bardell Dep. 21:16–23:6; Exhibit 11: Dakota Blunt Dep. 16:11–17:9; Exhibit 12: Porsha Brooks Dep. 27:4–15, 32:3–5; Exhibit 13: Tyheasha Crumedy Dep. 27:17–28:6; Exhibit 14: Wenonah Cutler Dep. 29:24–25; Exhibit 15: Dareranica Duplessis Dep. 44:8–14; Exhibit 17: Erica Johnson Dep. 60:6–8; Exhibit 18: Penny Johnson Dep. 53:13–18; Exhibit 39: Kawanna Kitt Dep. 32:15–16; Exhibit 19: Paula Lang Dep. 43:7; Exhibit 20: Rochelle Mitchell Dep. 32:9; Exhibit 21: Janice Morgan Dep. 18:9–12; Exhibit 22: Lakecha Paschall Dep. 32:14-20; Exhibit 23: De'Quan Paschall Dep. 42:22–25, 43:8–9; Exhibit 24: Keishaun Patterson Dep. 43:17–23; Exhibit 40: Nicole Ray Dep. 46:14–20; Exhibit 25: Andrea Riley Dep. 16:12–15; Exhibit 26: Nakeeva Schexnayder Dep. 70:14–25; Exhibit 27: Kesha Simmons Dep. 16:18–25, 17:1–4; Exhibit 28: Trichell Sorrell Dep. 56:4–14; Exhibit 30: Angela Woodson Dep. 15:23–25, 16:1–10; Exhibit 43: Angela Simeon Dep. 20:7–11, 38:2–18; Exhibit 31: Rose Taylor Dep. 22:25, 23:1–2; Exhibit 41: Brittany Tucker Dep. 23:15–25, 24:1–14, 57:24–25, 58:1–4; Exhibit 33: Daphne Cross Dep. 31:5–20; Exhibit 34: Ana Calderon-Calcano Dep. 23:18–19; Exhibit 35: Mia Laurendine Dep. 51:18–21; Exhibit 37: Kerry Patterson Dep. 51:19–25; Exhibit 36: Ashley Brown Dep. 46:17–25, 46:1; *See generally*, Exhibit 16: Cathy Ann Harris Dep.; Exhibit 29: Brandy Wilson Dep. (Ms. Wilson does not mention snakes in her deposition.); Exhibit 32: Lolita Cressy Dep. (Ms. Cressy does not mention snakes in her deposition.).

with prejudice.

### H. <u>Alligators</u>

No Plaintiff testified that he or she sustained any damages as a result of alligators at Laguna Run.[241] Accordingly, their claims should be dismissed with prejudice.

### III. CERTAIN PLAINTIFFS' CLAIMS FOR DAMAGES ARISING FROM SLIP AND FALLS, INADEQUATE SECURITY, WRONGFUL EVICTION, RELOCATION, DAMAGED PERSONAL PROPERTY, AND ELECTRICAL PROBLEMS SHOULD BE DISMISSED WITH PREJUDICE

Much like the foregoing claims for various conditions at Laguna Run, certain Plaintiffs have also failed to produce sufficient evidence of damages caused by slip and falls, inadequate security, wrongful eviction, relocation, and electrical problems, and have failed to produce any evidence of personal property damaged as a result of Defendants' alleged negligence. Dismissal of such claims, with prejudice, is warranted.

### A. <u>Slip and Fall</u>

Despite the contentions set forth in their respective Plaintiff Fact Sheets, the majority of Plaintiffs admitted they did not actually experience any slip fall accidents on the subject premises. Therefore, the purported slip and fall claims asserted by the following Plaintiffs, individually and on behalf of minors, should be dismissed with prejudice: Mia Abbott,[242] Bridget Bardell,[243] Dakota

---

[241] *See* Exhibit 38: Mia Abbott Dep. 69:20–25, 70:1–3; Exhibit 10: Bridget Bardell Dep. 21:16–23:6; Exhibit 11: Dakota Blunt Dep. 16:11–17:9; Exhibit 12: Porsha Brooks Dep. 32:16–24; Exhibit 13: Tyheasha Crumedy Dep. 27:17–28:6.; Exhibit 14: Wenonah Cutler Dep. 29:24–25; Exhibit 15: Dareranica Duplessis Dep. 44:8–14, 56:9–12; Exhibit 17: Erica Johnson Dep. 60:9–15; Exhibit 18: Penny Johnson Dep. 53:13–18; Exhibit 39: Kawanna Kitt Dep. 32:17-25, 33:1-2; Exhibit 19: Paula Lang Dep. 43:3–7; Exhibit 20: Rochelle Mitchell Dep. 32:9; Exhibit 21: Janice Morgan Dep. 18:9–12; Exhibit 22: Lakecha Paschall Dep. 32:14-20; Exhibit 23: De'Quan Paschall Dep. 42:22–25, 43:10–11; Exhibit 24: Keishaun Patterson Dep. 43:17–23; Exhibit 40: Nicole Ray Dep. 46:14–20; Exhibit 25: Andrea Riley Dep. 16:12–15; Exhibit 26: Nakeeva Schexnayder Dep. 70:14–25; Exhibit 27: Kesha Simmons Dep. 17:11–15; Exhibit 28: Trichell Sorrell Dep. 56:4–16; Exhibit 42: Joshua Akeem Dep. 74:17–22; Exhibit 30: Angela Woodson Dep. 15:23–25, 16:1–10; Exhibit 43: Angela Simeon Dep. 20:7–11, 38:2–18; Exhibit 31: Rose Taylor Dep. 22:25, 23:3–4; Exhibit 41: Brittany Tucker Dep. 23:15–25, 24:1–14, 57:24–25, 58:1–4; Exhibit 32: Lolita Cressy Dep. 30:7–24; Exhibit 33: Daphne Cross Dep. 31:5–20; Exhibit 34: Ana Calderon-Calcano Dep. 23:20–21; Exhibit 35: Mia Laurendine Dep. 51:18–21; Exhibit 37: Kerry Patterson Dep. 51:19–25; Exhibit 36: Ashley Brown Dep. 46:17–25, 46:1.
[242] Exhibit 38: Mia Abbott Dep. 93:10-13.
[243] Exhibit 10: Bridget Bardell Dep. 34:6-10.

Blunt,[244] Porsha Brooks,[245] Tyheasha Crumedy,[246] Cathy Ann Harris,[247] Erica Johnson,[248] Paula Lang,[249] Rochelle Mitchell,[250] Janice Morgan,[251] Lakecha Paschall,[252] De'Quan Paschall,[253] Keishaun Patterson,[254] Nicole Ray,[255] Andrea Riley,[256] Kesha Simmons,[257] Trichell Sorrell,[258] Brandy Wilson,[259] Joshua Akeem,[260] Angela Woodson,[261] Angela Simeon,[262] Rose Taylor,[263] Anna Calderon-Calcano,[264] Mia Laurendine,[265] Kerry Patterson,[266] and Ashley Brown.[267]

Several Plaintiffs did testify to damages sustained as a result of a slip and fall at Laguna Run, but none has provided a scintilla of evidence to establish an essential element of their claims—damages: Darernanica Duplessis,[268] Penny Johnson,[269] Kawanna Kitt,[270] Nakeeva

---

[244] Exhibit 11: Dakota Blunt Dep. 25:20-23.
[245] Exhibit 12: Porsha Brooks Dep. 44:16-20.
[246] Exhibit 13: Tyheasha Crumedy Dep. 38:3-6.
[247] Exhibit 16: Cathy Ann Harris Dep. 89:2-7.
[248] Exhibit 17: Erica Johnson Dep.72:20-23.
[249] Exhibit 19: Paula Lang Dep. 31:3-16, Ex. 1.
[250] Exhibit 20: Rochelle Mitchell Dep. 51:12-16.
[251] Exhibit 21: Janice Morgan Dep. 27:1-4.
[252] Exhibit 22: Lakecha Paschall Dep. 39:20-23.
[253] Exhibit 23: De'Quan Paschall Dep. 34:17-19.
[254] Exhibit 24: Keishaun Patterson Dep. 22:4-7, Ex. 2.
[255] Exhibit 40: Nicole Ray Dep. 35:20-25.
[256] Exhibit 25: Andrea Riley Dep. 25:13-16.
[257] Exhibit 27: Kesha Simmons Dep. 33:10-13.
[258] Exhibit 28: Trichell Sorrell Dep. 42:24-25, 43:1-7.
[259] Exhibit 29: Brandy Wilson Dep. 27:1-4.
[260] Exhibit 42: Joshua Akeem Dep. 51:17-20.
[261] Exhibit 30: Angela Woodson Dep. 8:7-10.
[262] Exhibit 43: Angela Simeon Dep. 29:12-16.
[263] Exhibit 31: Rose Taylor Dep. 40:15-18.
[264] Exhibit 34: Anna Calderon-Calcano Dep. 28:13-15.
[265] Exhibit 35: Mia Laurendine Dep. 43:7-10.
[266] Exhibit 37: Kerry Patterson Dep. 55:6-13.
[267] Exhibit 36: Ashley Brown Dep. 23:2-5.
[268] Exhibit 15: Darernanica Duplessis Dep. 25:2-25, 26:1-6.
[269] Exhibit 18: Penny Johnson Dep. 32:9-18. (As this accident occurred in 2018, any claim for damages may be prescribed pursuant to Louisiana Civil Code article 3492).
[270] Exhibit 39: Kawanna Kitt Dep. 42:12-22, 43:1-23, 72:23-25, 73:2-6. (As these accidents occurred in 2017 and 2018, any claim for damages may be prescribed pursuant to Louisiana Civil Code article 3492).

Schexnayder,[271] Brittany Tucker,[272] Lolita Cressy,[273] Wenonah Cutler,[274] and Daphne Cross.[275] Without substantiating their allegations with admissible—or any—evidence, these Plaintiffs' slip and fall claims, individually and on behalf of any minors, should be dismissed with prejudice.

## B. <u>Inadequate Security</u>

Much like for the other property conditions alleged in their Complaint, all of the Plaintiffs alleged damages as a result of inadequate security at Laguna Run in their Plaintiff Fact Sheets. However, in keeping with the theme borne out in this Motion, discovery proved Plaintiffs' affirmations to be wrong. Indeed, the majority of Plaintiffs testified they did not actually sustain any damages as a result of Laguna Run's security or alleged lack thereof. Consequently, the following Plaintiffs' claims for damages arising from alleged inadequate security at Laguna Run should be dismissed with prejudice:  Mia Abbott,[276] Bridgett Bardell,[277] Dakota Blunt,[278] Porsha Brooks,[279] Tyheasha Crumedy,[280] Wenonah Cutler,[281] Darerenica Duplessis,[282] Cathy Harris,[283] Erica Johnson,[284] Penny Johnson,[285] Kawanna Kitt,[286] Paula Lang,[287] Rochelle Mitchell,[288] Janice

---

[271] Exhibit 26: Nakeeva Schexnayder Dep. 52:14-22, 54:10-20, 55:2-12. (As this accident occurred in 2018, any claim for damages may be prescribed pursuant to Louisiana Civil Code article 3492).

[272] Exhibit 41: Brittany Tucker Dep. 54:6-11.

[273] Exhibit 32: Lolita Cressy Dep. 31:9-25, 32:1-8.

[274] Plaintiff fails to satisfy all elements of a slip and fall claim under Louisiana Revised Statute 9:2800.6.

[275] Exhibit 33: Daphne Cross Dep. 25:2-6. (Ms. Cross also fails to allege she ever fell as a result of her slipping. Inasmuch, Plaintiff fails to allege two elements of the slip and fall claim).

[276] Exhibit 38: Mia Abbott Dep. 66:15-25, 67:1-12. (Ms. Abbott states the theft did not result in damages).

[277] Exhibit 10: Bridget Bardell Dep. 35:5-7.

[278] Exhibit 11: Dakota Blunt Dep. 38:1-3.

[279] Exhibit 12: Porsha Brooks Dep. 23:8-11, Ex. 1.

[280] Exhibit 13: Tyheasha Crumedy Dep. 39:17-20.

[281] Exhibit 14: Wenonah Cutler Dep.61:18-25, 62:1-8.

[282] Exhibit 15: Darerenica Duplessis Dep. 36:24-25, 37:1-12.

[283] Exhibit 16: Cathy Harris Dep. 41:18-23, 81:14-17, 83:17-25, 84:1-17, Ex. 1.

[284] Exhibit 17: Erica Johnson Dep.38:23-25, 39:1-18, Ex. 1.

[285] Exhibit 18: Penny Johnson Dep. 17:25, 18:1-11, Ex. 1.

[286] Exhibit 39: Kawanna Kitt Dep. 30:5-18, 49:7, Ex. 2.

[287] Exhibit 19: Paula Lang Dep. 31:3-19, Ex. 1.

[288] Exhibit 20: Rochelle Mitchell Dep. 25:24-25, 26:1-9, Ex. 1.

Morgan,[289] Lakecha Paschall,[290] De'Quan Paschall,[291] Keishaun Patterson,[292] Nicole Ray,[293] Andrea Riley,[294] Kesha Simmons,[295] Trichell Sorrell,[296] Brandy Wilson,[297] Joshua Akeem,[298] Angela Woodson,[299] Angela Simeon,[300] Rose Taylor,[301] Brittany Tucker,[302] Nakeeva Schexnayder,[303] Lolita Cressy,[304] Daphne Cross,[305] Anna Calderon-Calcano,[306] Mia Laurendine,[307] Kerry Patterson,[308] and Ashley Brown.[309]

### C. **Wrongful Eviction**

In their Plaintiff Fact Sheets, several Plaintiffs alleged damages as a result of alleged wrongful evictions. Following discovery on the issue of eviction, however, it became apparent many of the Plaintiffs were not actually evicted from Laguna Run, but instead left on their own accord. Thus, the following Plaintiffs' wrongful eviction claims should be dismissed with prejudice: Bridget Bardell,[310] Porsha Brooks,[311] Tyheasha Crumedy,[312] Dareranica Duplessis,[313]

---

[289] Exhibit 21: Janice Morgan Dep. 29:10-12.
[290] Exhibit 22: Lakecha Paschall Dep. 31:16-22, Ex. 2.
[291] Exhibit 23: De'Quan Paschall Dep. 35:18-21.
[292] Exhibit 24: Keishaun Patterson Dep. 22:4-8, 35:17-22, Ex. 2.
[293] Exhibit 40: Nicole Ray Dep. 21:22-25, 22:1-6, Ex. 2.
[294] Exhibit 25: Andrea Riley Dep. 15:8-25, Ex. 2.
[295] Exhibit 27: Kesha Simmons Dep. 34:13-23.
[296] Exhibit 28: Trichell Sorrell Dep. 46:7-16, 48:7-18.
[297] Exhibit 29: Brandy Wilson Dep. 55:7-25.
[298] Exhibit 40: Joshua Akeem Dep. 73:25, 74:1-16.
[299] Exhibit 30: Angela Woodson Dep. 62:1-22.
[300] Exhibit 43: Angela Simeon Dep. 37:23-25, 38:1.
[301] Exhibit 31: Rose Taylor Dep. 13:5-19, Ex. 1.
[302] Exhibit 41: Brittany Tucker Dep. 47:11-19.
[303] Plaintiff did not produce any evidence of an alleged break in.
[304] Exhibit 32: Lolita Cressy Dep. 35:24-25, 36:1-21, 41:14-22.
[305] Exhibit 33: Daphne Cross Dep. 52:16-25, 53:13-24.
[306] Exhibit 34: Anna Calderon-Calcano Dep. 30:12-15.
[307] Exhibit 35: Mia Laurendine Dep. 45:19-24.
[308] Exhibit 37: Kerry Patterson Dep. 43:3-25, 44:1-21, Ex. 2.
[309] Exhibit 36: Ashley Brown Dep. 21:7-15, Ex. 2.
[310] Exhibit 10: Bridget Bardell Dep. 35:10-12.
[311] Exhibit 12: Porsha Brooks Dep. 42:14-16.
[312] Exhibit 13: Tyheasha Crumedy Dep. 49:18-20.
[313] Exhibit 15: Dareranica Duplessis Dep. 27:8-10.

Erica Johnson,[314] Penny Johnson,[315] Paula Lang,[316] Rochelle Mitchell,[317] De'Quan Paschall,[318] Keishaun Patterson,[319] Nicole Ray,[320] Andrea Riley,[321] Kesha Simmons,[322] Trichell Sorrell,[323] Angela Woodson,[324] Angela Simeon,[325] Rose Taylor,[326] Brittany Tucker,[327] Lolita Cressy,[328] Mia Laurendine,[329] and Kerry Patterson.[330]

Further, although the following Plaintiffs testified that they were unlawfully evicted from Laguna Run, none produced evidence to support their conclusory allegations; therefore, such allegations remain unsupported and insufficient to carry their burden of proof on summary judgment: Mia Abbott, Dakota Blunt,[331] Wenonah Cutler,[332] Cathy Ann Harris,[333] Kawanna Kit,[334] Janice Morgan,[335] Lakecha Paschall,[336] Nakeeva Schexnayder,[337] Brandy Wilson,[338] Joshua Akeem,[339] Daphne Cross,[340] and Anna Calderon-Calcano.[341] Therefore, these Plaintiffs' wrongful eviction claims should be dismissed with prejudice.

---

[314] Exhibit 17: Erica Johnson Dep.57:21-25, 58:1.
[315] Exhibit 18: Penny Johnson Dep. 53:19-21.
[316] Exhibit 19: Paula Lang Dep. 56:8-12.
[317] Exhibit 20: Rochelle Mitchell Dep. 57:17-19.
[318] Exhibit 23: De'Quan Paschall Dep. 36:4-8.
[319] Exhibit 24: Keishaun Patterson Dep. 35:23-25.
[320] Exhibit 40: Nicole Ray Dep. 37:11-13.
[321] Exhibit 25: Andrea Riley Dep. 26:22-24.
[322] Exhibit 27: Kesha Simmons Dep. 33:25, 34:1-2.
[323] Exhibit 28: Trichell Sorrell Dep. 41:21-23.
[324] Exhibit 30: Angela Woodson Dep. 35:15-18.
[325] Exhibit 43: Angela Simeon Dep. 33:6-7
[326] Exhibit 31: Rose Taylor Dep. 34:19-21.
[327] Exhibit 41: Brittany Tucker Dep. 43:15-17.
[328] Exhibit 32: Lolita Cressy Dep. 34:12-14
[329] Exhibit 35: Mia Laurendine Dep. 25:14-15.
[330] Exhibit 37: Kerry Patterson Dep. 64:4-7.
[331] Exhibit 11: Dakota Blunt Dep. 33:8-11.
[332] Exhibit 14: Wenonah Cutler Dep.73:5-25, 74:1-9.
[333] Exhibit 16: Cathy Ann Harris Dep. 89:14-25, 90:1-23.
[334] Exhibit 39: Kawanna Kitt Dep. 44:15-19.
[335] Exhibit 21: Janice Morgan Dep. 25:13-25, 26:1-10.
[336] Exhibit 22: Lakecha Pascall Dep. 41:25, 42:1-6.
[337] Exhibit 26: Nakeeva Schexnayder Dep. 56:6-25, 57:1-13.
[338] Exhibit 29: Brandy Wilson Dep. 28:3-5.
[339] Exhibit 42: Joshua Akeem Dep. 60:17-19.
[340] Exhibit 33: Daphne Cross Dep. 115:14-25, 116:1-25, 117:1-11.
[341] Exhibit 34: Anna Calderon-Calcano Dep. 30:16-25, 31:1-11.

### D. **Relocation Expenses**

Many of the Plaintiffs alleged damages for the cost of relocating to a new residence after leaving Laguna Run. During discovery, Defendants identified many Plaintiffs who either did not allege any such damages, or who failed to provide any documentation of the expenses claimed. For both groups, no Plaintiff has produced evidence to establish entitlement to relocation expenses as a matter of law, let alone any evidence of the amount of relocation expenses incurred beyond unsubstantiated deposition testimony and conclusory allegations in the pleadings. Thus, such claims by the following Plaintiffs, individually and on behalf of any minors, should be dismissed with prejudice: Bridget Bardell,[342] Dakota Blunt,[343] Porsha Brooks,[344] Cathy Harris,[345] Erica Johnson,[346] Penny Johnson,[347] Paula Lang,[348] Rochelle Mitchell,[349] Rose Taylor,[350] Ashley Brown,[351] Mia Abbott,[352] Tyheasha Crumedy,[353] Wenonah Cutler, Dareranica Duplessis,[354] Kawanna Kit,[355] Janice Morgan, Lakecha Paschall, DeQuan Paschall, Keishaun Patterson, Nicole Ray,[356] Andrea Riley,[357] Nakeeva Schexnayder, Kesha Simmons, Trichell Sorrell,[358] Brandy Wilson,[359] Joshua Akeem, Angela Woodson, Angela Simeon, Brittany Tucker,[360] Lolita Cressy,[361]

---

[342] Exhibit 10: Bridget Bardell Dep. 36:3-20.
[343] Exhibit 11: Dakota Blunt Dep. 30:21-23.
[344] Exhibit 12: Porsha Brooks Dep. 23:8-11, Ex. 1.
[345] Exhibit 16: Cathy Harris Dep. 41:18-23, Ex. 1.
[346] Exhibit 17: Erica Johnson Dep.39:5-12, Ex. 1.
[347] Exhibit 18: Penny Johnson Dep. 17:25, 18:1-11, Ex. 1.
[348] Exhibit 19: Paula Lang Dep. 56:8-12.
[349] Exhibit 20: Rochelle Mitchell Dep. 25:24-25, 26:1-9, Ex. 1.
[350] Exhibit 31: Rose Taylor Dep. 13:5-19, Ex. 1.
[351] Exhibit 36: Ashley Brown Dep. 29:23-25, 30:1.
[352] Exhibit 38: Mia Abbott Dep. 84:3-17.
[353] Exhibit 13: Tyheasha Crumedy Dep. 40:6-10.
[354] Exhibit 15: Dareranica Duplessis Dep. 27:10-13.
[355] Exhibit 39: Kawanna Kit Dep. 46:17-24.
[356] Exhibit 40: Nicole Ray Dep. 21:19-25, 22:1-6, Ex. 2.
[357] Exhibit 25: Andrea Riley Dep. 27:1-7.
[358] Exhibit 28: Trichell Sorrell Dep. 50:18-21.
[359] Exhibit 29: Brandy Wilson Dep. 28:6-17.
[360] Exhibit 41: Brittany Tucker Dep. 50:21-25, 51:1-19.
[361] Exhibit 32: Lolita Cressy Dep. 23:25, 24:1-2, Ex. 2.

Daphne Cross,[362] Ana Calderon-Calcano,[363] Mia Laurendine, and Kerry Patterson.[364]

### E.  <u>Damage to Personal Property</u>

Many of the Plaintiffs alleged damages for property damaged by mold. Subsequently, Defendants have identified many Plaintiffs who either admitted to having no personal property damaged by mold, or who have failed to provide any documentation as to the extent of the property damage sustained. Regardless, both groups of Plaintiffs have either admitted that they did not sustain any such property damages as a result of mold, or have not produced any evidence establishing the extent or value of their alleged personal property damages (*e.g.,* receipts, invoices, etc.), which is an essential element Plaintiffs bear the burden of proving. *See Smith v. Midland Risk Ins. Co.*, 29,793 (La. App. 2 Cir. 9/24/97), 699 So. 2d 1192, 1196 (citing *Coleman v. Victor*, 326 So. 2d 344 (La. 1976)) ("The measure of damages is the cost of restoring the property to its former condition."). Therefore, all such claims for personal property damages by the following Plaintiffs, individually and on behalf of any minors, should be dismissed with prejudice: Dakota Blunt,[365] Porsha Brooks,[366] Tyheasha Crumedy,[367] Dareranica Duplessis,[368] Erica Johnson,[369] Penny Johnson,[370] Janice Morgan,[371] De'Quan Paschall,[372] Brandy Wilson,[373] Kesha Simmons,[374]

---

[362] Exhibit 33: Daphne Cross Dep. 59:11-21. (No receipts were received from Plaintiff.)
[363] Exhibit 34: Ana Calderon-Calcano Dep. 13:25, 14:1-4, Ex. 2.
[364] Exhibit 37: Kerry Patterson Dep. 64:13-25, 65:1-16.
[365] Exhibit 11: Dakota Blunt Dep. 26:20-22.
[366] Exhibit 12: Porsha Brooks Dep. 44:12-15.
[367] Exhibit 13: Tyheasha Crumedy Dep. 39:17-20, 43:9-24, 44:15-25, 45:1.
[368] Exhibit 15: Dareranica Duplessis Dep. 37:7-10, 45:15-17, 46:4-6.
[369] Exhibit 17: Erica Johnson Dep.73:1-5.
[370] Exhibit 18: Penny Johnson Dep. 53:16-18.
[371] Exhibit 21: Janice Morgan Dep. 28:15-17.
[372] Exhibit 23: De'Quan Paschall Dep. 42:22-25, 43:1-15.
[373] Exhibit 29: Brandy Wilson Dep. 27:23-25.
[374] Exhibit 27: Kesha Simmons Dep. 36:23-25, 37:1-25, 38:1-11.

Mia Laurendine,[375] Mia Abbott,[376] Bridget Barell,[377] Wenonah Cutler, Cathy Ann Harris,[378] Kawanna Kit,[379] Paula Lang, Rochelle Mitchell,[380] Lakecha Paschall,[381] Keishaun Patterson, Nicole Ray,[382] Andrea Riley,[383] Nakeeva Schexnayder,[384] Kesha Simmons, Trichell Sorrell,[385] Joshua Akeem,[386] Angela Woodson,[387] Angela Simeon,[388] Rose Taylor,[389] Brittany Tucker,[390] Lolita Cressy,[391] Daphne Cross,[392] Anna Calderon-Calcano,[393] Kerry Patterson,[394] and Ashley Brown.[395] None of the foregoing Plaintiffs have produced evidence of the property damages allegedly sustained as a result of mold at Laguna Run.

## F. Electrical Problems

With respect to claims for damages resulting from alleged "electrical problems" at Laguna Run, the following Plaintiffs testified that they (despite the affirmations of their respective Plaintiff Fact Sheets) are not making such a claim: Bridget Bardell,[396] Dakota Blunt,[397] Porsha Brooks,[398]

---

[375] Exhibit 35: Mia Laurendine Dep. 43:23-25.
[376] Exhibit 38: Mia Abbott Dep. 84:12-24. (The referenced photos were not produced following the deposition).
[377] Exhibit 10: Bridget Bardell Dep. 34:123-25, 1. (The referenced photos were not produced in discovery).
[378] Exhibit 16: Cathy Ann Harris Dep. 85:20-25.
[379] Exhibit 39: Kawanna Kit Dep. 47:16-19.
[380] Exhibit 20: Rochelle Mitchell Dep. 52:15-22. (The referenced receipts were not produced in discovery).
[381] Exhibit 22: Lakecha Paschall Dep. 41:12-15.
[382] Exhibit 40: Nicole Ray Dep. 41:2-6.
[383] Exhibit 25: Andrea Riley Dep. 26:14-21. (The referenced photos were not produced in discovery).
[384] Exhibit 26: Nakeeva Schexnayder Dep. 59:14-25.
[385] Exhibit 28: Trichell Sorrell Dep. 46:4-10. (The referenced receipts were not produced in discovery).
[386] Exhibit 42: Joshua Akeem Dep. 58:7-25, 59:1-17. (The referenced receipts were not produced in discovery).
[387] Exhibit 30: Angela Woodson Dep. 32:19-25, 33:1-16.
[388] Exhibit 43: Angela Simeon Dep. 33:2-5.
[389] Exhibit 31: Rose Taylor Dep. 32:22-25, 33:1-3. (The referenced photos were not produced in discovery).
[390] Exhibit 41: Brittany Tucker Dep. 46:13-25, 47:1-5. (The referenced photos were not produced in discovery).
[391] Exhibit 32: Lolita Cressy Dep. 27:3-25, 28:1-13.
[392] Exhibit 33: Daphne Cross Dep. 51:19-25, 52:1-15.
[393] Exhibit 34: Anna Calderon-Calcano Dep. 29:15-25, 30:1-3.
[394] Exhibit 37: Kerry Patterson Dep. 60:6-25, 61:1-25.
[395] Exhibit 36: Ashley Brown Dep. 26:13-25, 27:1-25, 28:1-4.
[396] Exhibit 10: Bridget Bardell Dep. 23:1-6.
[397] Exhibit 11: Dakota Blunt Dep. 30:24-25, 31:1.
[398] Exhibit 12: Porsha Brooks Dep. 27:16-18.

Tyheasha Crumedy,[399] Erica Johnson,[400] Janice Morgan,[401] Lakecha Paschall,[402] Nicole Ray,[403] Kesha Simmons,[404] Brandy Wilson,[405] Angela Simeon,[406] Rose Taylor,[407] Lolita Cressy,[408] Anna Calderon-Calcano,[409] Mia Laurendine,[410] and Ashley Brown.[411] Further, while the following Plaintiffs testified that they experienced electrical problems while living at Laguna Run, none has produced—or even testified about with particularity—evidence supporting bodily injury or property damages caused by electrical problems at Laguna Run: Mia Abbott,[412] Wenonah Cutler,[413] Dareranica Duplessis,[414] Cathy Harris,[415] Penny Johnson,[416] Kawanna Kitt,[417] Paula Lang,[418] Rochelle Mitchell,[419] De'Quan Paschall,[420] Keishaun Patterson,[421] Andrea Riley,[422] Nakeeva Schexnayder,[423] Trichell Sorrell,[424] Joshua Akeem,[425] Angela Woodson,[426] Brittany Tucker,[427] Daphne Cross,[428] and Kerry Patterson.[429] As these Plaintiffs, individually and on behalf

---

[399] Exhibit 13: Tyheasha Crumedy Dep. 27:23-25, 28:1-6.
[400] Exhibit 17: Erica Johnson Dep.38:23-25, 39:1-18, Ex. 1.
[401] Exhibit 21: Janice Morgan Dep. 12:16-20, Ex. 2.
[402] Exhibit 22: Lakecha Paschall Dep. 32:14-20, Ex. 2.
[403] Exhibit 40: Nicole Ray Dep. 27:24-25, 28:1-2.
[404] Exhibit 27: Kesha Simmons Dep. 45:19-22.
[405] Exhibit 29: Brandy Wilson Dep. 39:9-13.
[406] Exhibit 43: Angela Simeon Dep. 38:15-18.
[407] Exhibit 31: Rose Taylor Dep. 23:17-25, 24:1-2.
[408] Exhibit 32: Lolita Cressy Dep. 23:25, 24:1-2, Ex. 2.
[409] Exhibit 34: Anna Calderon-Calcano Dep. 23:22-24.
[410] Exhibit 35: Mia Laurendine Dep. 28:6-25, 29:1-8.
[411] Exhibit 36: Ashley Brown Dep. 21:7-15, Ex. 2.
[412] Exhibit 38: Mia Abbott Dep. 42:1-11. (No report discussing an electrical box or electrical issue was produced).
[413] Exhibit 14: Wenonah Cutler Dep.64:23-25, 65:1-25.
[414] Exhibit 15: Dareranica Duplessis Dep. 38:21-24, 39:1.
[415] Exhibit 16: Cathy Harris Dep. 105:9-25.
[416] Exhibit 18: Penny Johnson Dep. 27:17-25, 28:1-11.
[417] Exhibit 39: Kawanna Kitt Dep. 53:25, 54:1-20.
[418] Exhibit 19: Paula Lang Dep. 68:14-25.
[419] Exhibit 20: Rochelle Mitchell Dep. 36:19-25, 37:1-22.
[420] Exhibit 23: De'Quan Paschall Dep. 43:12-15.
[421] Exhibit 24: Keishaun Patterson Dep. 45:12-15.
[422] Exhibit 25: Andrea Riley Dep. 35:14-20.
[423] Exhibit 26: Nakeeva Schexnayder Dep. 71:5-11.
[424] Exhibit 28: Trichell Sorrell Dep. 34:17-20.
[425] Exhibit 42: Joshua Akeem Dep. 75:16-25, 76:1-25, 77:1-20.
[426] Exhibit 30: Angela Woodson Dep. 17:15-25, 18:1-11.
[427] Exhibit 41: Brittany Tucker Dep. 58:21-25, 59:1-12.
[428] Exhibit 33: Daphne Cross Dep. 65:20-23.
[429] Exhibit 37: Kerry Patterson Dep. 51:4-18.

of any minors, have not produced any documentary or otherwise sufficient evidence to support their claimed damages resulting from electrical problems during their residency at Laguna Run, their claims should be dismissed with prejudice insofar as they exclusively rely on unsupported, conclusory allegations.

## IV.    PLAINTIFFS' RECOVERY FOR BREACH OF CONTRACT SHOULD BE LIMITED TO NO MORE THAN THE RENT ACTUALLY PAID

The issue of available damages in a breach of contract action is a legal question appropriate for adjudication on summary judgment. *See Wade v. Clemco Industries Corp.*, No. Civ.A 16-502, 2017 WL 434425, at *4 (E.D. La. Feb. 1, 2017) (Fallon, J.). To the extent that Plaintiffs seek to recover breach of contract damages for ***more than what they actually paid in monthly rent***, the Court should limit the Plaintiffs' recovery to the amounts actually paid by Plaintiffs.

A breach of contract claim under Louisiana has three essential elements, "(1) 'the obligor undertook an obligation to perform,' (2) 'the obligor failed to perform the obligation,' and (3) 'the failure to perform resulted in damages to the obligee.'" *Helpful Hound, L.L.C. v. New Orleans Bldg. Corp.*, 331 F. Supp.3d 581, 602 (E.D. La. 2018) (Vance, J.) (quoting *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011)). "The plaintiff bears the burden of proof on each element." *Smitty's Supply, Inc. v. Hegna*, No. Civ.A 16-13396, 2019 WL 1084749, at *2 (E.D. La. Mar. 7, 2019) (Lemmon, J.). Notably, "[a] plaintiff alleging breach of contract under Louisiana law 'has the burden of proving damage and its amount.'" *CMP, LLC v. Ry. Spine Prods., LLC*, No. Civ.A 16-6850, 2017 WL 1250972, at *4 (E.D. La. Apr. 5, 2017) (Feldman, J.) (quoting *Arthur J. Gallagher & Co. v. Babcock*, 703 F.3d 284, 293-94 (5th Cir. 2012)). "[P]roof of damages is an essential element to a breach of contract claim." *CMP, LLC*, 2017 WL 1250972, at *4. Here, Plaintiffs seek to recover an unreasonable amount of damages as a matter of law.

Under Louisiana law, it is well established that an obligor is liable for the damages caused

by his failure to perform a conventional obligation. LA. CIV. CODE art. 1994. Damages are measured by the ***actual loss*** sustained by the obligee. LA. CIV. CODE art. 1995 (emphasis added). Indeed, where the obligee has not suffered damages, the obligee cannot recover. The Louisiana Supreme Court has stated that "recovery for damages upon the breach of a contract is limited to the loss a person has sustained or the profit of which he has been deprived." *Meador v. Toyota of Jefferson, Inc.*, 332 So. 2d 433, 434-35 (La. 1976). Here, the alleged ***actual loss*** sustained by the Plaintiffs is only the amount of rent paid by Plaintiffs themselves, irrespective of any amount paid *via* government assistance or other third parties, which amount, if any, is not recoverable against Defendants as a matter of law.

When contemplating damages for breach of contract, our courts embrace the principle of "expectation damages." *See In re Bankston*, 749 F.3d 399, 403 (5th Cir. 2014). Under this principle, "the general purpose of contract damages is not to punish breaching parties or enrich non-breaching parties, but rather to produce the same result as would have occurred if there was no breach." *Id.* Said another way, "the calculation of damages should place the non-breaching party 'in the same position he would have been in' had the contract been fulfilled." *Id.* (citing *Gibbs Const. Co., Inc. v. Thomas*, 500 So. 2d 764, 770 (La. 1987); Restatement (Second) of Contracts § 344 (1981)). Indeed, "great care must be exercised to ensure that the plaintiff is not actually placed in a *better* position than he would have attained had the contract been performed." *Barnco Int'l, Inc. v. Arkla, Inc.*, 28,157 (La. App. 2 Cir. 11/15/96); 684 So. 2d 986, 1000–01 (emphasis in original).

For example, in *Black Creek Contractors, LLC v. Managed Millwork, LLC*, the plaintiffs contracted with a company for the provision of countertops, and plaintiffs paid a deposit of $31,470.00 towards the total cost of $52,450.00. *Black Creek Contractors, LLC*, No. Civ.A 19-

00781, 2024 WL 1195513, at *1 (M.D. La. Mar. 20, 2024). The company failed to deliver the countertops and the plaintiffs contracted with other suppliers to acquire the countertops—ultimately paying $53,145.00. *Id.* The court contemplated the damages owed to the plaintiffs—specifically declining the magistrate judge's recommendation to award the plaintiffs $53,145.00 for the amount ultimately paid under the replacement contract and reimbursement for the $31,470.00 deposit. *Id.* at *2. The court reasoned that "an award of both sums would put Plaintiff in a better position than it would have been had Defendants performed as promised. This is not permitted under Louisiana law, and as such, the recommended award for contractual damages was reduced by the cost of the original contract." *Id.*

The *Black Creek* rationale applies here. Plaintiffs allege they are entitled to recover the full amount of their individual monthly rent despite many Plaintiffs offsetting a portion of the total rent *via* HANO/HUD housing vouchers. In line with Louisiana law on available breach of contract damages, Plaintiffs' recovery for breach of contract damages—specifically that element of the sought damages pertaining to rent reimbursement—should be limited to the amount a particular Plaintiff actually paid out-of-pocket towards monthly rent. To allow Plaintiffs to recover amounts paid through government assistance would provide an unexpected windfall. Allowing such an award would be contrary to the principles of Louisiana law expounded upon above. Indeed, such an award would enrich the nonbreaching party and would be contrary to Louisiana law. Instead, Plaintiffs' recovery should be limited to the amount they, personally, actually paid in rent. The Court should grant this Motion and limit Plaintiffs' breach of contract recovery, if any, accordingly.

## V.    PLAINTIFFS' CLAIMS AGAINST THE RH DEFENDANTS RELATING TO THE CARMEL BROOK APARTMENTS SHOULD BE DISMISSED WITH PREJUDICE

Finally, the claims of Plaintiffs—Flight I or otherwise—against RH Defendants relating

to their residency at the Carmel Brook Apartments should be dismissed with prejudice insofar as none of the RH Defendants ever owned or had custody of the Carmel Brook Apartments.[430]

As a threshold matter, to the extent Plaintiffs attempt to create a negligence cause of action out of a passive breach of contract claim, such is unsupported by Louisiana law. "Generally, where a person neglects to do what he is obligated under a contract, he has committed a passive breach of the contract." *Vintage Assets, Inc. v. Tennessee Gas Pipeline Co.*, L.L.C., No. Civ.A 16-713, 2017 WL 3601215, at *8 (E.D. La. Aug. 22, 2017) (Milazzo, J.). A passive breach of contract only warrants an action for breach of contract, whereas an active breach of contract will support a tort action in addition to the breach of contract claim. *Id*. Here, to the extent the Plaintiffs' negligence claims stem from a passive breach of contract, the negligence action does not exist by operation of law and should be dismissed with prejudice. Regardless, the Plaintiffs' claims for breach of contract against the RH Defendants must be dismissed for lack of privity of contract.

To state a plausible breach of contract claim under Louisiana law, a plaintiff must allege that (1) a contract existed between the parties; (2) defendant breached that contract, and (3) plaintiff suffered damages as a result. *See D.H Griffin Wrecking Company, Inc. v. 1031 Canal Development, LLC*, 463 F. Supp.3d 713, 727 (E.D. La. May 29, 2020) (Fallon, J.) (citing *Denham Homes, LLC v. Teche Fed. Bank*, 2014-1576 (La. App. 1 Cir. 9/18/15), 182 So. 3d 108, 119). ***Absent privity of contract, a cause of action cannot be asserted based on breach of contract***. *N. Clark, L.L.C. v. Chisesi*, 2016-0599 (La. App. 4 Cir. 12/7/16), 206 So. 3d 1013, 1020 (quoting *MR Pittman Grp., LLC v. Plaquemines Par. Gov't*, 2015-0396 (La. App. 4 Cir. 12/2/15), 182 So. 3d 291, 294)) (emphasis added); *see also K&B Louisiana Corp. v. Caffery-Saloom Retail, LLC*,

---

[430] Previously, the Court dismissed all breach of contract claims against Dasmen finding no privity of contract between all plaintiffs—from each of the five apartment complexes—and Dasmen. *See* R. Doc. 215. Thus, the claims addressed herein relating to the Carmel Brook plaintiffs are specific to the RH Defendants.

No. Civ.A 16-503, 2017 WL 778144 (W.D. La. Jan. 27, 2017) (holding that "no action for breach of contract may lie in the absence of privity of contract between the parties").

It is undisputed that, at all pertinent times, RH Chenault Creek, LLC owned the Carmel Brook Apartments.[431] Because RH Chenault Creek, LLC is not a named defendant[432] and, more importantly, because none of the RH Defendants have ever owned the Carmel Brook Apartments—and, thus, had no privity of contract or other special relationship with the Carmel Brook Plaintiffs—those Plaintiffs cannot prove an essential element of their claims against RH Defendants for damages allegedly sustained during their residency at the Carmel Brook Apartments. Accordingly, all claims of those Plaintiffs who are current or former tenants of the Carmel Brook Apartments asserted against RH Defendants should be dismissed with prejudice.

## CONCLUSION

For the above and foregoing reasons, the Court should grant this Motion and dismiss Plaintiffs' claims identified herein, with prejudice.

*SIGNATURE BLOCK ON NEXT PAGE*

---

[431] *See* R. Doc. 390 at 25, Amended Paragraph 12 (providing that the Triangle Defendants sold Carmel Brook to RH Chenault Creek, LLC).
[432] *See generally* R. Doc. 390 at 23, Amended Paragraph 6(B).

Respectfully submitted,

*/s/ Nicholas S. Bergeron*_____

ERNEST P. GIEGER, JR. (No. 6154)
EMILY E. EAGAN (No. 29166)
NICHOLAS S. BERGERON (No. 37585)
**GIEGER, LABORDE & LAPEROUSE, L.L.C.**
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:      (504) 561-0400
Facsimile:      (504) 561-1011
Email:            egieger@glllaw.com
                    eeagan@glllaw.com
                    nbergeron@glllaw.com

***Attorneys for RH East Lake, LLC, RH Lakewind East, LLC, RH Copper Creek, LLC, RH Windrun, LLC, Dasmen Residential Mgmt., LLC***

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on this 11th day of June, 2024.


*/s/ Nicholas S. Bergeron*_____

40