```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


  JOSHUA AKEEM, ET AL           *CIVIL ACTION NO.
                                *2:19-CV-13650-
                                *BWA-DMD
  VERSUS                        *AND CONSOLIDATED
                                *CASES
                                *
  DASMEN RESIDENTIAL,           *JUDGE BARRY W.
  LLC, ET AL                    *ASHE
                                *
                                *MAGISTRATE JUDGE
                                *DANA DOUGLAS
                                *
  *************************
```

[CERTIFIED TRANSCRIPT]

                30(b)(6) Deposition of DASMEN
RESIDENTIAL, LLC, through its corporate
representative SEAN LANDSBERG,
581 N. Franklin Turnkpike, Ramsey, New Jersey
07446, taken via Zoom videoconference on
Tuesday, the 30th day of May, 2023, at 10:08
a.m.


APPEARANCES:


        THE BAGNERIS FIRM, LLC
        (By: Suzette P. Bagneris, Esquire)
        (Stacy Yates, Paralegal)
        1929 Jackson Avenue
        New Orleans, Louisiana 70113
        (504) 810-3995
        sbagneris@bagnerislawfirm.com
           Attorney for Plaintiffs

EXHIBIT 6

```
 1   APPEARANCES (continued):

 2

 3
         GIEGER, LABORDE & LAPEROUSE, LLC
 4       (By: Nicholas S. Bergeron, Esquire)
         One Shell Square
 5       701 Poydras St.
         Suite 4800
 6       New Orleans, Louisiana 70139-4800
         (504) 561-0400
 7       nbergeron@glllaw.com
             Attorney for Defendant,
 8           Dasmen Residential Management,
             LLC, and Copper Creek, LLC
 9

10

11       DEUTSCH KERRIGAN, LLP
         (By: Jonathan M. Walsh, Esquire)
12       755 Magazine St.
         New Orleans, Louisiana 70130
13       (504) 581-5141
         jwalsh@deutschkerrigan.com
14           Attorneys for Defendants,
             Eastlake Development, LLC;
15           KFK Development, LLC; KFK Group,
             Inc.
16

17

18

19       LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
         (By: Jennifer Kretschmann, Esquire)
20       400 Poydras St.
         Suite 1300
21       New Orleans, Louisiana 70130
         (504) 267-2211
22       jennifer.kretschmann@lewisbrisbois.com
             Attorneys for Defendant,
23           Wilshire Insurance Company

24

25
```

```
 1   APPEARANCES (continued):

 2

 3

 4

 5

 6

 7
     Gilley DeLorimier
 8   Certified Legal Video Specialist
     Depo-Vue, Inc.
 9   (504) 828-8856
     depovueinc@gmail.com
10

11

12

13

14

15

16
     REPORTED BY:
17
         MARGARET MCKENZIE, CCR, RPR, CMR, CRR
18       Certified Court Reporter

19

20

21

22

23

24

25
```

```
                      I N D E X


EXAMINATION BY:
MS. BAGNERIS............................   7
MR. WALSH..............................241


EXHIBITS:
Exhibit 1...............................  14
Exhibit 2...............................  17
Exhibit 3...............................  26
Exhibit 4...............................  36
Exhibit 5...............................  80
Exhibit 6...............................  80
Exhibit 7...............................116
Exhibit 8...............................127
Exhibit 9...............................137
Exhibit 10..............................146
Exhibit 11..............................147
Exhibit 12..............................153
Exhibit 13..............................208
Exhibit 14..............................210
Exhibit 15..............................210
Exhibit 16..............................211
Exhibit 17..............................213
Exhibit 18..............................213
```

S T I P U L A T I O N

1  It is stipulated and agreed by and between counsel for the parties hereto that the deposition of the aforementioned witness is hereby being taken under the Federal Rules of Civil Procedure, for all purposes, in accordance with law;

That the formalities of reading and signing are specifically not waived; That the formalities of sealing, certification and filing are specifically waived;

That all objections, save those as to the form of the question and the responsiveness of the answer, are hereby reserved until such time as this deposition, or any part thereof, may be used or sought to be used in evidence.

\* \* \* \* \*

MARGARET MCKENZIE, Certified Court Reporter, in and for the Parish of Orleans, State of Louisiana, officiated in administering the oath to the witness.

1  VIDEOGRAPHER:
2  We are now on the record.  This is
3  the 30(b)(6) Zoom deposition of
4  Dasmen Residential, LLC, through
5  its representative Sean Landsberg.
6  The deposition is being conducted
7  on May 30, 2023, at approximately
8  10:08 a.m.
9  Would counsel present please
10 introduce themselves and the party
11 they represent.
12 MR. BERGERON:
13 Nick Bergeron on behalf of Dasmen
14 Residential MGMT, LLC, and the RH
15 entities.
16 MS. BAGNERIS:
17 Suzette Bagneris representing the
18 plaintiffs.
19 MS. KRETSCHMANN:
20 Jennifer Kretschmann representing
21 Wilshire.
22 MR. WALSH:
23 And Jonathan Walsh for Eastlake.
24 MS. BAGNERIS:
25 Madam Court Reporter.

```
 1                  SEAN LANDSBERG,
 2   581 North Franklin Turnkpike, Ramsey, New
 3   Jersey 07446, after having been first duly
 4   sworn by the above-mentioned court reporter,
 5   did testify as follows:
 6   EXAMINATION BY MS. BAGNERIS:
 7        Q.   Good morning.  My name is Suzette
 8   Bagneris, and I'm joined by my paralegal
 9   Stacy Yates.  Along with my colleagues,
10   Walter Leger and Matt Landry of the Leger &
11   Shaw firm, we represent 250 households in
12   litigation brought on behalf of former
13   tenants and current tenants and occupants of
14   five apartment complexes in New Orleans,
15   namely, Lakewood Pointe, formerly known
16   as Hidden Lakes and Laguna Run; Lakewind
17   East, formerly known as Laguna Reserve;
18   Laguna Creek, formerly known as Copper Creek;
19   Carmel Brook, formerly known as Chenault
20   Creek; and Carmel Springs, formerly known as
21   Windrun.
22             This week we will be conducting the
23   deposition of a corporate representative of
24   Dasmen Residential as a former management
25   company of these apartment complexes between
```

1  the complex.
2     Q.   Okay.  Who was the person at Dasmen
3  who oversaw the property, operations, and
4  leasing of these subject complexes?  Was it
5  Christina Wrightly and Jeremy Baum, or is it
6  someone else?
7     A.   It was typically done by the
8  property managers, but on a higher level it
9  would have been done by the regional
10 managers.
11    Q.   Who would have the key
12 responsibility for property budgeting and
13 expenses when Dasmen oversees the management
14 of a property?
15    A.   Typically, the owners.
16    Q.   I'd like to talk with you for a
17 minute about the presale condition of the
18 apartment complexes and at what point did
19 Dasmen become involved.  So let's back up and
20 let me ask you that.
21         With respect to these five
22 properties that were sold to the RH entity in
23 December of 2017, when was Dasmen first
24 contacted to serve as the property manager
25 for those properties?  Was it before the sale

1   that?
2       Q.   How much was the owner cited for
3   these violations of the building code?
4       A.   How much money?
5       Q.   Yes.
6       A.   I don't know.
7       Q.   Who paid the fine, Dasmen or the
8   owner?
9       A.   I don't know who paid it.  If it
10  was paid, it would have been paid for by the
11  owners, though.  Whether we paid it from
12  their account or we paid it from their
13  account, it would have been their
14  responsibility to pay it.
15      Q.   Why would it have been their
16  responsibility to pay it if you're
17  responsible for keeping it up to code?
18           MR. BERGERON:
19                I object to the form.
20           THE WITNESS:
21                That's how it works.  They're
22                responsible for all expenses
23                associated with the property.
24  EXAMINATION BY MS. BAGNERIS:
25      Q.   Okay.  Let's go to the operating

**REPORTER'S CERTIFICATE**

I, MARGARET MCKENZIE, Certified Court Reporter, in and for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify that SEAN LANDSBERG, after having been first duly sworn by me upon authority of R.S. 37:2554, did testify as hereinabove set forth in the foregoing 248 pages; that this testimony was reported by me in the stenotype reporting method, was prepared and transcribed by me or under my personal direction and supervision, and is a true and correct transcript, to the best of my ability and understanding; that the transcript has been prepared in compliance with transcript format guidelines required by statute or by rules of the board; that I have acted in compliance with the prohibition on contractual relationships, as defined by Louisiana Code of Civil Procedure Article 1434, and in rules and advisory opinions of the board; that I am not related to counsel or to the parties herein, nor am I otherwise interested in the outcome of this matter.

*[Signature: Margaret McKenzie]*

**MARGARET MCKENZIE, CCR, RPR, RMR, CRR**
**CERTIFIED COURT REPORTER**

*[Seal: MARGARET MCKENZIE, CERTIFICATE # 91006, EXPIRES 12-31-23, CERTIFIED COURT REPORTER]*