UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA AKEEM, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13650** |
| **DASMEN RESIDENTIAL, LLC, ET AL.** | **SECTION: "P" (4)** |

## ORDER

Before the Court is Plaintiffs' **Motion for Sanctions for Spoliation of Evidence (R. Doc. 451)**, seeking sanctions and relief for Defendants' alleged failure to disclose and for spoliation of material evidence. The Motion is Opposed R. Doc. 469.

Plaintiffs are the former residents of five apartment complexes, and this litigation arises from damages that Plaintiffs allegedly sustained due to the condition of Defendants' apartment complexes. *See* R. Doc. 263 at 3-4. Although the subject Motion is labeled as a Motion for Sanctions, Plaintiffs' Memorandum in Support requests that the Court compel the Defendants to produce full and complete responses to Plaintiffs' Interrogatories, Requests for Production of Documents, and 30(b)(6) Notice of Deposition within fifteen days or impose an adverse inference regarding the documents and information not produced by the Defendants' Corporate Representative. R. Doc. 451-1 at 20. Defendants oppose the request. R. Doc. 469.

Fifth Circuit jurisprudence is clear that a plaintiff asserting a claim for spoliation of evidence must allege that the defendant intentional destroyed evidence. *See Davidson v. Wal-Mart Louisiana, LLC*, No. 17-01664, 2019 WL 13218147, at *2-3 (W.D. La. Sept. 10, 2019) (Hayes, M.J.) (finding that the plaintiff had failed to plead the elements of spoliation because the plaintiff failed to provide facts upon which the court could infer that evidence was intentionally destroyed). Additionally, adverse inference is only appropriate where the claimant shows "bad faith" or "bad

conduct" by the spoliator. *See Gusman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (affirming trial court's denial of the defendants' motion for sanctions for spoliation of evidence on the basis that the defendants had failed to establish that the spoliator acted in bad faith). At no point in Plaintiffs' Motion do they allege that evidence has been destroyed or lost. *See* R. Doc. 451-1. Instead, Plaintiffs allege that the Defendants have simply not produced the requested evidence. *Id.* Therefore, the Court finds that Plaintiffs have failed to establish the elements of spoliation and denies their request to issue an adverse inference. Further, the failure to respond to a discovery request alone is not spoliation.

Furthermore, the subject Motion was filed on June 10, 2024, when the discovery deadline set by this Court was March 29, 2024. R. Doc. 376. Although the Court reopened the expert discovery deadline through August 8, 2024, the Court was clear that only expert discovery was reopened. R. Doc. 511. Plaintiffs do not address the issue of this untimely request to compel, nor assert good cause for seeking discovery beyond the discovery deadline. *See* R. Doc. 451-1. *See also Galliano Marine Service, LLC v. Schumacher*, No. 17-09868, 2018 WL 3970751, at 2 (E.D. La. Jun. 4, 2018) (Roby, M.J.) (denying motion to compel as untimely where the movant failed to demonstrate good cause for an extension of the discovery deadline). *See also Vann v. Gilbert*, 482 Fed.Appx. 876 (5th Cir. 2012) (affirming district court's denial of motion to compel where the motion was filed months after the discovery deadline). Further, this Motion is merely a cleverly disguised, untimely motion to compel. Therefore, the Court denies Plaintiffs' request to compel the Defendants to produce further responses to Plaintiffs' discovery as untimely.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Sanctions for Spoliation of Evidence (R. Doc. 451)** is **DENIED.**

New Orleans, Louisiana, this 30th day of July 2024.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**